JOHN H. GUIN, CSB 282725
john@guinlaw.com
LAW OFFICE OF JOHN H. GUIN, PLLC
421 W. Riverside Ave., Suite 461
Spokane, WA 99201
Telephone: (509) 747-5250
Facsimile: (509) 747-5251

*Attorney for Intervenor*
DONNA J. TAYLOR

# THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CROP USA INSURANCE AGENCY, INC., an Idaho corporation, *et al.*,<br><br>Defendants. | Case No.: CV13-5504 SJO (MAN)<br><br>**DECLARATION OF DONNA J. TAYLOR IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR**<br><br>Date:    February 9, 2015<br>Time:   10:00 a.m.<br>Ctrm:    1<br><br>Hon. S. James Otero |

I, Donna J. Taylor, declare:

1.  I am the intervenor in this action, over the age of eighteen and am competent to testify in court, including as to the matters set forth in this declaration. This declaration is based on my personal knowledge.

- 1 -

DECLARATION OF DONNA J. TAYLOR IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

2.     Attached as Exhibit 5 to the Corrected Declaration of Roderick C. Bond is a true and correct copy of my declaration dated August 21, 2014, which was filed in the Nez Perce County, District Court of Idaho, Case No. CV-14-01444. My testimony contained in Exhibit 5 remains true and correct today. Nevertheless, although I will repeat certain of my testimony below and I confirm that it has not changed since I signed my declaration on August 21, 2014, I will also provide some additional facts to this Court.

3.     I am the owner of 41,651.25 Series A Preferred Shares in AIA Services Corporation ("AIA Services"). As confirmed in Exhibit 1 to the Corrected Declaration of Roderick C. Bond filed in this action, each Series A Preferred Share has a stated value of $10 per share and AIA Services is further obligated to pay me interest as it elected to pay me over time. Under the terms of the written agreement between me and AIA Services, it was obligated to repurchase all of my shares on or before December 3, 2003, but it failed to do so. I have not received a single payment on my Series A Preferred Shares since May 30, 2008. The principal amount owed on my Series A Preferred Shares is over $416,512, plus accrued interest since May 30, 2008. I am also the holder of my deceased daughter Sara Taylor's 18,593 common shares in AIA Services by and through being the Personal Representative of her estate.

4.     The provisions and restrictions under Article Fourth of AIA Services'

DECLARATION OF DONNA J. TAYLOR IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

amended articles of incorporation may not be modified or altered without my consent. Those restrictions were adopted as a result of my divorce with my ex-husband, Reed Taylor, to protect me and ensure that I was paid (our divorce was finalized in the late 1980s and the 200,000 Series A Preferred Shares were issued to me then). In that divorce, Reed and I contributed millions of dollars of assets to AIA Services in exchange for additional common shares and 200,000 Series A Preferred Shares in AIA Services. The pertinent restrictions under AIA Services' amended articles of incorporation are attached as Exhibit 1 to the Corrected Declaration of Roderick C. Bond filed in this action.

5.   I have never been asked to consent, nor would I, to AIA Services and AIA Insurance's Guarantee of the $10 Million loan for CropUSA Insurance Agency, Inc. ("CropUSA Insurance Agency") and CropUSA Insurance Services LLC ("CropUSA Insurance Services"). I have not consented nor would I ever consent to allow AIA Services and AIA Insurance's Guarantee of the debt that CropUSA Insurance Agency and CropUSA Insurance Services owes to Gemcap Lending I, LLC by and through the "Security Agreement – Guarantee" dated October 1, 2012 ("Guarantee"). From the time that the Guarantee was entered into the present time, CropUSA Insurance Agency and CropUSA Insurance Services have not been subsidiaries of AIA Services or AIA Insurance. I was never asked to consent, nor would I, to any settlement in the instant lawsuit obligating AIA Services or AIA Insurance to pay anything, including, the

Case 2:13-cv-05504-SJO-MAN   Document 298-1   Filed 01/23/15   Page 4 of 65   Page ID #:6156

purported settlement (or term sheet) purportedly entered into requiring judgment to be entered against AIA Services and AIA Insurance.

6. I never received any notice of a shareholder meeting to approve AIA Services or AIA Insurance's guarantee of any loans for CropUSA Insurance Agency, Inc. or CropUSA Insurance Services LLC. I never consented or approved any guarantees, including and specifically the Guarantee that is the subject of this lawsuit (a copy of which is attached to the complaint) nor would I consent. My attorney has demanded that AIA Services' board and attorneys take action to invalidate the Guarantee between AIA Services and AIA Insurance in favor of Gemcap Lending I, LLC, but no action has been taken. The enforcement of this Guarantee will irreparably injure me in that the value of my Series A Preferred Shares will be worth nothing because there is no way AIA Services or AIA Insurance can pay the over $12,000,000 allegedly owed to Gemcap Lending I, LLC (although I am pursuing claims against individuals for the sums owed on my shares). I respectfully request that this Court have that Gguarantee declared illegal and unenforceable and take action through an injunction to protect AIA Services and AIA Insurance. I also request that this Court declare illegal and unenforceable as to AIA Services and AIA Insurance any term sheet, settlement in this lawsuit, settlement agreement, UCC Financing Statement and any other agreement or instrument related in any way to the Guarantee.

- 4 -

DECLARATION OF DONNA J. TAYLOR IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

7.  On December 28, 2009, I appointed attorney Patrick Moran to be my designee on the board of directors of AIA Services. My appointment of Mr. Moran was never honored, despite the clear and unequivocal terms of my right under AIA Services' amended articles of incorporation. No notices or any board meetings were ever provided to me or Mr. Moran from December 28, 2009 through July 15, 2012 and, thus, Mr. Moran never attended any board meetings (nor was he asked). On July 15, 2012, I appointed Paul D. Durant as my designee to the board of directors of AIA Services. Attached as *Exhibit A* is a true and correct copy of the Appointment of Director and Consent in Lieu of Meeting Vote dated July 15, 2012. I was with my attorney when Exhibit A was hand delivered to AIA Services. Despite repeated demands upon the attorneys representing AIA Services to honor my appointment to the board of AIA Services, Mr. Durant's appointment to the board of directors has never been honored. Despite John Taylor, Connie Taylor Henderson and the other insiders' refusal to honor my appointments to the board of AIA Services (it appears that Connie Henderson recently resigned from the board), I maintain Mr. Durant is a director and that no meetings or director action could be taken without his consent.

8.  In 2010, Dale Miesen and I (another shareholder in AIA Services) filed a derivative lawsuit in the United States District Court in Idaho. A true and correct copy of the first amended complaint filed in that lawsuit is attached as *Exhibit B* (the exhibits are

not attached but can be found on Pacer). As seen in Exhibit A, I have alleged significant corporate malfeasance (including a different illegal guarantee) in that complaint. As that complaint was easily found and available on PACER, it is difficult, if not impossible, for me to believe that representatives of Gemcap Lending I, LLC were not aware of the illegal conduct and malfeasance that had occurred before it improperly entered into any guarantees with AIA Services or AIA Insurance. That action was stayed at the request of R. John Taylor and others, but I have appealed the stay to the Ninth Circuit Court of Appeals. I note that R. John Taylor attempts to imply that I or other past or present shareholders have done something wrong by filing lawsuits when it is he, his ex-wife Connie Taylor Henderson and others who have failed to comply with the law and AIA Services' governing documents (including AIA Services' amended articles of incorporation). In those lawsuits, the malfeasance has not been denied or disproved by the defendants with <u>any</u> facts or expert testimony.

9. I would also note that R. John Taylor omitted from Exhibit A to his declaration the lawsuit that he commenced on behalf of AIA Services while the Idaho federal court action was pending wherein he attempted to effectuate a reverse stock split to eliminate 13 other shareholders in AIA Services (we all objected to the reverse stock split and my interest was through my deceased daughter's common shares as I am the personal representative of her estate). Judge Kerrick dismissed that lawsuit and awarded

DECLARATION OF DONNA J. TAYLOR IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

us attorneys' fees and costs. Attached as ***Exhibit C*** is a true and correct copy of Judge Kerrick's decision dated April 29, 2013. The fact that R. John Taylor omitted this lawsuit from his spreadsheet in Exhibit A to his declaration simply confirms that he and his attorneys are not afraid to conceal facts from this Court, as they have done with the Guarantee.

10. As to the parties' arguments in the instant lawsuit that my intervention is too late, my attorney, Roderick Bond, has consistently objected to the Guarantee to the attorney in the instant lawsuit. I had no knowledge of the Guarantee until after the instant lawsuit was filed. After numerous attempts by my attorney, Roderick Bond, to get the attorneys representing Gemcap Lending I, LLC, AIA Services and AIA Insurance to release AIA Services and AIA Insurance from the Guarantee and advise this Court of the facts, the attorneys refused to do either. As a result, Dale Miesen, Paul Durant and I filed suit in Nez Perce County District Court in Idaho to have the Guarantee declared illegal (a true and correct copy of the complaint is attached as Exhibit 4 to the Corrected Declaration of Roderick C. Bond), but the district court stayed the case at the request of Gemcap Lending, I and R. John Taylor (who purportedly acted as the attorney for AIA Services and AIA Insurance in that lawsuit). Despite numerous requests by my attorney, I have never been provided with a copy of the "Term Sheet" or any other agreement purportedly executed by AIA Services and AIA Insurance to settle this lawsuit.

- 7 -

DECLARATION OF DONNA J. TAYLOR IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

1 | I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

January 22, 2015, Lewiston, Idaho
Date and City and State Signed

*/s/ Donna J. Taylor*
Donna J. Taylor

- 8 -

DECLARATION OF DONNA J. TAYLOR IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR