```
 1  JOHN H. GUIN, CSB 282725
    john@guinlaw.com
 2  LAW OFFICE OF JOHN H. GUIN, PLLC
 3  421 W. Riverside Ave., Suite 461
    Spokane, WA 99201
 4  Telephone: (509) 747-5250
 5  Facsimile: (509) 747-5251
 6
    Attorney for Intervenor
 7  DONNA J. TAYLOR
 8
```

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company, | Case No.: CV13-5504 SJO (MAN) |
| Plaintiff, | |
| vs. | **DECLARATION OF RODERICK C. BOND IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR** |
| CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CROP USA INSURANCE SERVICES, LLC, an Idaho limited liability company; CROP, LLC, a limited liability company of unknown origin; AIA INSURANCE, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; R. JOHN TAYLOR a/k/a RAY JOHNSON TAYLOR a/k/a R. JOHNSON TAYLOR a/k/a RAYMOND J. TAYLOR, an Individual; REINSURANCE PARTNERS, LLC, an Idaho limited liability company; GREEN LEAF REINSURANCE PARTNERS, LLC, a | Date:    February 9, 2015<br>Time:   10:00 a.m.<br>Ctrm:   1<br><br>Hon. S. James Otero |

- 1 -

DECLARATION OF RODERICK BOND IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

Delaware limited liability company; WESKAN AGENCY, an Idaho assumed business name; PACIFIC EMPIRE RADIO CORPORATION, an Idaho corporation; RANDOLPH LAMBERJACK, an individual; JOLEE DUCLOS, an individual; BRYAN FREEMAN, an individual; HILLCRAFT AIRCRAFT COMPANY, an Idaho corporation; CGB DIVERSIFIED SERVICES, INC. d/b/a DIVERSIFIED CROP INSURANCE SERVICES, a Louisiana corporation; and GREENLEAF REINSURANCE COMPANY,

Defendants.

I, Roderick C. Bond, declare:

1. I am an attorney for Donna J. Taylor in a number of court actions (including in Idaho state court) involving her status as the sole Series A Preferred shareholder in AIA Services Corporation ("AIA Services"), over the age of eighteen and am competent to testify in court, including as to the matters set forth in this declaration. This declaration is based on my personal knowledge. I am familiar with and have personal knowledge of all of the documents attached to this declaration as they were obtained or produced to me through my role as an attorney in the various cases.

1. Attached as ***Exhibit 1*** are true and correct certified copies of AIA Services' Articles of Incorporation and all Amendments and Restatements thereto that I obtained

- 2 -

DECLARATION OF RODERICK BOND IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

from the Idaho Secretary of State for AIA Services from the time of its incorporation through the present time. I have provided copies of the applicable amended articles of incorporation contained in Exhibit 1 to Mr. Munding, counsel for AIA Services and AIA Insurance, and Mr. Bernstein, counsel for Gemcap Lending I, LLC ("Gemcap") and explained to them that the Security Agreement – Guarantee dated October 1, 2012 entered into by AIA Services and AIA Insurance, Inc. ("AIA Insurance"), which is attached as Exhibit 7 to the Second Amended Complaint in this lawsuit (the "Guarantee") violated AIA Services' amended articles of incorporation.

2. Attached as ***Exhibit 2*** is a true and correct copy of AIA Services' 2011-2010 Consolidated Financial Statements with notes thereto, AIA Services' 2012-2011 Consolidated Financial Statements, and AIA Services' 2013-2012 Consolidated Financial Statements. These documents were produced to me by AIA Services' counsel, Doug Siddoway.

3. Attached as ***Exhibit 3*** is a true and correct copy of Judge Brudie's Opinion and Order filed in *Donna Taylor v. AIA Services, et al.* consolidated cases in the District Court for the Second Judicial District of the State of Idaho, Nez Perce County (Case Nos. CV-08-01150 and CV-13-01075). I am the attorney for Donna Taylor in these cases and have personal knowledge of this Opinion and Order.

- 3 -

DECLARATION OF RODERICK BOND IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

    4.    AIA Insurance is a wholly-owned subsidiary of AIA Services.

    5.    I have reached out by email and telephone to the attorneys representing Gemcap, AIA Services and AIA Insurance numerous times demanding that AIA Services and AIA Insurance's Guarantee of the $10 Million be released and that the attorney for AIA Services and AIA Insurance should be seeking to have the Guarantee declared illegal. As indicated in Exhibit 1, the Series A Preferred Shareholder, Donna Taylor, has the exclusive right to be a member of the board of directors of AIA Services. Despite numerous demands to honor Donna Taylor's board designee since 2009, the insiders (including R. John Taylor) and their attorneys at AIA Services have refused to do so. On behalf of Donna J. Taylor and other shareholders, I have consistently objected to AIA Services' board of directors taking any action without Donna J. Taylor's designee being appointed and present at any meetings. Despite all of my requests and demands that the Guarantee be released, no action has been taken. Neither I nor any of my clients had knowledge of the Guarantee until well after it was allegedly entered into by AIA Services and AIA Insurance and not until after this lawsuit was filed.

    6.    Having received no commitment from Gemcap to recognize the defense of illegality and having received no commitment from the attorney representing AIA Services and AIA Insurance in this action to assert the defense of illegality, on July 21, 2014, Donna J. Taylor, together with two common shareholders (Dale Miesen and Paul Durant),

DECLARATION OF RODERICK BOND IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

commenced a lawsuit in the Second Judicial District of the State of Idaho, in the County of Nez Perce, seeking to declare the Guarantee illegal and unenforceable before the September 16, 2014 trial date in this action. Attached as ***Exhibit 4*** is a true and correct copy of the Verified Complaint for Declaratory Relief and Injunctive Relief filed in the District Court of Nez Perce County, State of Idaho.

7. Donna J. Taylor, Dale Miesen and Paul Durant filed a motion for summary judgment in the State of Idaho lawsuit and sought a declaration from the Idaho court on the issue of illegality prior to the scheduled trial date in this lawsuit. Attached as ***Exhibit 5*** is a true and correct copy of the Declaration of Donna J. Taylor in support of her motion for summary judgment in the Idaho action. Since the filing of Exhibit 6, Donna J. Taylor has not been paid a single penny nor has her board designee been appointed, as discussed in paragraph 5 above.

8. In response to Donna Taylor's motion for summary judgment in the Idaho action, Gemcap asked the Idaho court to refrain from making a decision on the illegality issue and to stay the Idaho action due to this pending lawsuit in California federal court. On September 18, 2014, the Idaho court verbally granted the request to stay the Idaho action due to this lawsuit. Attached as ***Exhibit 6*** is a true and correct copy of the Repository Report from the Idaho action, showing the minute entry of the Idaho court's decision to stay the Idaho action. No written order has been issued by the Idaho court at this time

- 5 -

DECLARATION OF RODERICK BOND IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR

because I objected to Gemcap's proposed order and the trial court has not further addressed the issue. In light of the Idaho court's decision to stay the Idaho action, the only forum in which Donna Taylor can raise the illegality defense in time to prevent judgment from being entered against AIA Services and AIA Insurance is by intervention in this lawsuit.

9.      Without waiving attorney-client privilege, I believed that Idaho was the proper venue to resolve the illegality issue because AIA Services and AIA Insurance are Idaho corporations, their place of business is in Idaho, their real property is located in Idaho, the UCC, Financing Statements filed by Gemcap were filed in Idaho, the corporations do not do business in Idaho, and the consent to California jurisdiction contained within Guarantee was illegal and unenforceable (as is the Guarantee itself). In addition, I am not licensed to practice law in California. Nevertheless, I have continued to monitor this lawsuit by and through reviewing the records contained on PACER. Despite sending various emailed to attorneys for AIA Services, AIA Insurance and Gemcap regarding the Guarantee violating AIA Services' amended articles of incorporation, I have not seen a single pleading, paper or disclosure advising this Court of the illegality of the Guarantee. Without waiving attorney-client privilege, it is safe for this Court to assume that Donna J. Taylor, like most everyday Americans, did not have the financial wherewithal to engage in costly litigation in California. Since I have worked both with and against John Guin in the past (and without waiving any attorney-client privilege), he agreed to represent

Donna J. Taylor in this lawsuit. If intervention is granted, I intend on moving this Court for permission to appear *pro hac vice*.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

January 8, 2015, Bellevue, Washington
Date and City and State Signed

Roderick C. Bond

- 7 -

DECLARATION OF RODERICK BOND IN SUPPORT OF MOTION TO INTERVENE BY INTERVENOR DONNA J. TAYLOR