RODERICK C. BOND, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
Tel: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiffs

FILED
2014 JUL 21 AM 10 23
PATTY O. WEEKS
CLERK OF THE DIST. COURT.
KATHY ROGERS
DEPUTY

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| PAUL D. DURANT, an individual; DALE L. MIESEN, an individual; DONNA J. TAYLOR, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>GEMCAP LENDING I, LLC, a Delaware limited liability company; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation and a 100% wholly owned subsidiary of AIA Services Corporation;<br><br>Defendants. | Case No.: **CV14-01444**<br><br>VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF<br><br>Category: A<br>Fee: $221.00 |

Plaintiffs Paul D. Durant, Dale L. Miesen, and Donna J. Taylor (collectively or in the alternative individually "Plaintiffs") submit this Complaint, pursuant to **I.C. § 10-1200**, *et seq.* and other applicable law, alleging as follows and, to the extent necessary, in the alternative as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Paul D. Durant ("Durant") is a resident of Lewiston, Nez Perce County, Idaho.

2. Plaintiff Dale L. Miesen ("Miesen") is a resident of Colleyville, Texas.

VERIFIED COMPLAINT - 1



3. Plaintiff Donna J. Taylor ("Donna Taylor") is a resident of Clarkston, Washington.

4. Defendant Gemcap Lending I, LLC ("Gemcap") is a Delaware limited liability company and it conducts business throughout the United States, including in Nez Perce County, Idaho with CropUSA Insurance Agency, Inc. and CropUSA Insurance Services, LLC, an Idaho corporation and Idaho limited liability company, respectively, both of which have principal places of business in Lewiston, Nez Perce County, Idaho.

5. Defendant AIA Services Corporation ("AIA Services") is an Idaho corporation with its principal place of business located in Lewiston, Nez Perce County, Idaho.

6. Defendant AIA Insurance ("AIA Insurance") is an Idaho corporation with its principal place of business located in Lewiston, Nez Perce County, Idaho. During all relevant times, AIA Insurance is a 100% wholly owned subsidiary of AIA Services.

7. Defendants AIA Services and AIA Insurance own real property in Lewiston, Idaho. The ownership of AIA Services and AIA Insurance's real property is at issue by and through their purported grant of security interests in all of their assets to Gemcap and/or by and through Gemcap's attempt to collect over the over $8.7 million, plus accrued interest, owed by CropUSA Insurance Agency, Inc. and CropUSA Insurance Services, LLC from AIA Services and AIA Insurance through their purported Guarantee of that indebtedness.

8. Jurisdiction and venue are appropriate in Nez Perce County District Court. *See e.g.*, I.C. § 5-401; I.C. § 5-404; I.C. § 5-514.

## II. FACTUAL BACKGROUND

9. Plaintiff Durant owns 7,360.50 common shares in AIA Services and he has held these shares for over 10 years.

10. Plaintiff Miesen owns at least 45,000 common shares in AIA Services and he has

VERIFIED COMPLAINT - 2

held these shares for over 10 years.

11. Plaintiff Donna Taylor owns 41,651.25 Series A Preferred Shares in defendant AIA Services (as confirmed by Judge Brudie in a recent partial summary judgment decision), with a principal value of $416,512, plus accrued interest since December 3, 2003. Donna Taylor has held these 41,651.25 Series A Preferred Shares since the shares were issued to her in or about late 1987.

12. On or about November 23, 2011, Gemcap entered into a Loan and Security Agreement with CropUSA Insurance Agency, Inc. and CropUSA Insurance Services, LLC (collectively "CropUSA"), neither of which were a wholly owned subsidiaries of AIA Services or AIA Insurance from 2011 through the present time, which such Loan and Security Agreement was subsequently amended on April 1, 2012, July 18, 2012, and February 4, 2013 (the original loan and all subsequent amendments are collectively referred to as the "Loan").

13. On October 1, 2012, Gemcap entered into a "Security Agreement – Guarantee" with AIA Services and AIA Insurance ("Guarantee"). A true and correct copy of the Guarantee is attached as *Exhibit A* and incorporated by reference in this complaint. When Gemcap entered into the Guaranty, it was aware that the Guarantee did not and could not provide any benefit to AIA Services or AIA Insurance. AIA Services and AIA Insurance received no consideration for entry into the Guaranty and most of the Loan's indebtedness was already owed as of October 1, 2012.

14. The Guarantee was signed by R. John Taylor, as the purported President of AIA Services and the purported President of AIA Insurance. Gemcap was aware, or should have been aware with the exercise of reasonable diligence, that R. John Taylor has no authority to execute the Guarantee on behalf of AIA Services or AIA Insurance.

15. On December 20, 2012, Gemcap filed a UCC financing statement with the Idaho Secretary of State stating that AIA Services and AIA Insurance had pledged "All of each of

VERIFIED COMPLAINT - 3

Debtor's right, title and interest, whether now existing or hereafter acquired, in and to all assets of such Debtor, wherever located, whether tangible or intangible, and the proceeds and products thereof" ("Financing Statement").

16. Under the terms of the Loan, CropUSA could borrow up to $10,000,000 and the borrowed funds must be used solely for CropUSA. Upon information and belief, CropUSA owed Gemcap $8,676,288.39, plus interest, attorneys' fees and costs, as of July 26, 2013.

17. Under the terms of the Loan, interest accrued at 18.5% per annum and 24% upon a default. Upon information and belief, Gemcap provided CropUSA and other parties a notice of default through a notice dated July 16, 2013. Upon information and belief, Gemcap provided a purported notice of default and demand for payment to AIA Services and AIA Insurance of the $8,676,288.39 owed by CropUSA through a notice dated July 29, 2013.

18. Upon information and belief, the Loan has a present balance due of over $10,300,000, plus attorneys' fees and costs and Gemcap filed suit in California federal court with no prospects that CropUSA will ever be able to pay the entire indebtedness.

19. Upon information and belief, prior to entering into the Loan with CropUSA, Gemcap conducted a litigation report on R. John Taylor and others. Gemcap and its counsel knew, or with reasonable diligence should have known, that the rightful owners of at least part of CropUSA Insurance Agency Inc.'s assets were in dispute, as confirmed by the derivative action filed against CropUSA Insurance Agency Inc. in 2010 and now pending in the United States District Court in Idaho (a lawsuit in which R. John Taylor is also a named defendant).

20. From December 29, 1987 through the present time, AIA Services' amended articles of incorporation provided that AIA Services was barred from guaranteeing any loans for any entity that was not a wholly owned subsidiary of AIA Services.

VERIFIED COMPLAINT - 4

21.  Under Idaho law, "All corporate powers shall be exercised by or under the authority of…its board of directors, subject to any limitation set forth in the articles of incorporation." **I.C. § 30-1-801(2).** Under Idaho law, "The articles of incorporation may set forth…Provisions not inconsistent with the law regarding…Managing the business and regulating the affairs of the corporation, Defining, *limiting and regulating the powers of the corporation, its board of directors, and shareholders*…" I.C. § 30-1-202(2)(b)(ii)-(iii) (emphasis added). Under Idaho law, "Every corporation incorporated under this chapter has the purpose of engaging in any lawful business *unless a more limited purpose is set forth in the articles of incorporation.*" **I.C. § 30-1-301(1)** (emphasis added). Under Idaho law, "*Unless its articles of incorporation provide otherwise*, every corporation…has the same powers as an individual to do all things necessary…to make contracts and guarantees…" **I.C. § 30-1-302(7)** (emphasis added).

22.  When Gemcap entered into the Guarantee with AIA Services and AIA Insurance, it knew, or should have known, that AIA Services' amended articles of incorporation filed on May 8, 1996, which are attached as ***Exhibit B*** and incorporated by reference into this complaint, provided that neither AIA Services nor its wholly owned subsidiary AIA Insurance could Guarantee the Loan for CropUSA (neither CropUSA Insurance Agency, Inc. nor CropUSA Insurance Services, LLC was a wholly owned subsidiary at the time of the Guarantee):

> [AIA Services] will not, and will not permit any of its Subsidiaries to, directly or indirectly, create, incur, assume, guaranty or otherwise become or remain directly liable with respect to, any Indebtedness.

(Exhibit B, p. 4, § 4.2.9(c).) The Guarantee separately violated the "Transactions with Shareholders and Affiliates" covenant of AIA Services' amended articles of incorporation because the Guarantee because no reasonable director or officer would have authorized the entry into the Guarantee. AIA Services and AIA Insurance's Guarantee violates and is barred by AIA Services'

VERIFIED COMPLAINT - 5

amended articles of incorporation and thus violated Idaho law, including **I.C. § 30-1-801(2); I.C. § 30-1-202(2)(b)(ii)-(iii); I.C. § 30-1-302(7)**. "An illegal contract is one that rests on illegal consideration consisting of any act or forbearance which is contrary to law or public policy." *Farrell v. Whiteman*, 146 Idaho 604, 609, 200 P.3d 1153, 1158 (2008). As a result, the Guarantee is illegal as a matter of law, as is any document, instrument or agreement executed in furtherance of that illegal Guarantee.

23.   From the time that R. John Taylor executed the Guarantee on October 1, 2012 through the present time, he, Connie Taylor Henderson and James Beck were the purported directors of AIA Services and AIA Insurance (collectively "Boards of Directors"). The Boards of Directors knew that AIA Services and AIA Insurance were barred from entering into the Guarantee and pledging any security or property to Gemcap to secure CropUSA's obligations under the Loan. The Boards of Directors had no authority to authorize R. John Taylor to enter into the Guarantee on behalf of AIA Services or AIA Insurance. Despite demands upon the Boards of Directors to take action against Gemcap to invalidate the Guarantee, they have refused to do so, which further supports the Boards of Directors untenable positions.

24.   Gemcap was aware, or should have been aware upon the exercise of reasonable due diligence, that AIA Services and AIA Insurance could not lawfully enter into the Guarantee. Gemcap did not accept the Guarantee in good faith and it is not entitled to assert any defenses which may normally be available to a good faith lender.

25.   Plaintiffs did not consent to AIA Services and AIA Insurance entering into the Guarantee or the pledge of assets and granting of security interests to Gemcap under the Guarantee nor did they consent to the Loan. The Guarantee was not entered into for normal business purposes.

26.   No authorization was sought or obtained from AIA Services common or preferred

VERIFIED COMPLAINT - 6

shareholders for the Guarantee. Upon information and belief, no authorization was sought or obtained from AIA Insurance's sole shareholder, AIA Services, nor could such authorization have been obtained because AIA Services was barred from doing so.

27. Under the law, the "directors of a corporation may bind a corporation only when they act at a legal meeting of the board" and a "meeting held without notice to some or any of the directors and in their absence is illegal, and action taken at such a meeting, although by a majority of the directors, is invalid." *Stone v. American Lacquer Solvents Co.*, 345 A.2d 174, 176-77 (Pa. 1975); *Marine Services Unlimited, Inc. v. Rakes*, 918 S.W.2d 132, 134 (Ark. 1996); 14B AM. JUR. 2D CORPORATIONS § 1258; 18B AM. JUR. 2D CORPORATIONS § 1264.

28. Under AIA Services' amended articles of incorporation, plaintiff Donna Taylor had the sole right to designate one person to the board of directors of AIA Services. Gemcap knew, or should have known, that plaintiff Donna Taylor's designee was required to be a member of the board of directors of AIA Services and that her right was not being honored as reflected by the annual reports filed with the Idaho Secretary of State and the various lawsuits pending in federal and state court in Idaho. Neither Plaintiff Donna Taylor, nor her recent designee to AIA Services' board of directors, plaintiff Durant, has received any notices of any board meetings to authorize the Guarantee or the Loan, any document or instrument pertaining to the Guarantee or the Loan, or any of the security interests or property pledged under the Guarantee.

29. Upon information and belief, Gemcap, AIA Services and AIA Insurance knew, or should have known with the exercise of reasonable due diligence, that no resolution was obtained from the Boards of Directors of AIA Services or AIA Insurance to authorize the Guarantee nor could such authorization be obtained, including, without limitation, because the Guarantee did not and could not be reasonably be believed to benefit AIA Services and AIA Insurance.

VERIFIED COMPLAINT - 7

30. Even if authorized by the law and organizational documents, the Guarantee could not be approved by the Boards of Directors because they all had irreconcilable conflicts of interest by way of their ownership in CropUSA and other entities unlawfully derived from AIA Services and AIA Insurance and by having participated or acquiesced in unlawful acts and malfeasance.

31. Gemcap, AIA Services and AIA Insurance knew, or should have known with the exercise of reasonable due diligence, that the Guarantee separately violated AIA Services' Restated Bylaws, including, Section 4.14, Director Conflicts of Interest, Section 6.2, Loans, and Section 14.1, Certain Corporate Loans and Guarantees.

32. Gemcap, AIA Services and AIA Insurance knew, or should have known with the exercise of reasonable due diligence, that the Guarantee separately violated AIA Insurance's Bylaws, including Section 4.14, Director Conflicts of Interest, Section 6.2, Loans, and Section 14.1, Certain Corporate Loans and Guarantees.

33. Despite numerous demands by the Plaintiffs and their counsel over ninety days ago, Gemcap has refused to release AIA Services and AIA Insurance from the Guarantee and AIA Services and AIA Insurance have failed to take any action to comply with their amended articles of incorporation and to have the Guarantee declared illegal, void and unenforceable.

34. If AIA Services and/or AIA Insurance is obligated under the Guarantee, AIA Services and/or AIA Insurance will be irreparably harmed because neither corporation has the funds or assets to satisfy the over $8.7 million, plus accrued interest, owed to Gemcap. If AIA Services and/or AIA Insurance is obligated under the Guarantee, AIA Services and/or AIA Insurance would both likely be forced into bankruptcy protection. The payment of any sums, or the transfer of any real or personal property, by AIA Services or AIA Insurance under the Guarantee would cause them irreparable harm because their respective businesses generate little

VERIFIED COMPLAINT - 8

revenues and such revenues continue to decline. The enforcement of the Guarantee will separately irreparably impact the value of the Plaintiffs' common and preferred shares in AIA Services and their rights to share equally or preferentially in the assets of AIA Services and its subsidiary.

### III. FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

35. Plaintiffs re-allege and incorporate each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

36. The Guarantee, together with any related agreements and instruments pertaining to AIA Services and AIA Insurance, violates AIA Services and AIA Insurance's amended articles of incorporation, bylaws and/or the law, and are thus unlawful, illegal, void and/or unenforceable.

37. Plaintiffs request a declaratory judgment that: (i) the Guarantee (Exhibit A), together with any subsequent modifications, instruments, deeds of trust, and agreements relating thereto, are unlawful, illegal, void and unenforceable; (ii) the Financing Statement, together with any amendments or subsequent financing statements, filed with the Idaho Secretary of State and any other state are unlawful, illegal, void and unenforceable; (iii) any security interests, deeds of trust, mortgages and any other instrument or right granted by AIA Services and AIA Insurance in favor of Gemcap are unlawful, illegal, void and unenforceable; (iv) any real property, property or funds paid to Gemcap, directly or indirectly, through funds or assets derived from AIA Services and AIA Insurance must be returned to AIA Services and AIA Insurance by and through depositing those funds, deeds and/or instruments with this Court; (v) any forbearance agreements and/or settlement agreements pertaining to Gemcap and AIA Services and/or AIA Insurance are unlawful, illegal, void and unenforceable; (vi) Gemcap is barred from seeking, through a court of law or any other means, recovery and/or payment of any money, assets, property and/or real property directly or indirectly from AIA Services and AIA Insurance on the Guarantee and any related agreements

VERIFIED COMPLAINT - 9

or instruments; (vii) AIA Services and AIA Insurance must expressly comply with all terms, conditions and restrictions under their respective amended articles of incorporation, bylaws and Idaho Code (including the Idaho Business Corporation Act); and (viii) such other declaratory relief reasonably contemplated by this complaint and/or as Plaintiffs may request at or before trial.

38. Plaintiffs further request a temporary restraining order, preliminary injunction, and permanent injunction against Gemcap, AIA Services and/or AIA Insurance for any one or more of the declaratory relief items listed above or any part of them, for any such relief reasonably contemplated by this complaint and/or any such relief as may be requested at or before trial.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For a declaratory judgment against Gemcap, AIA Services and AIA Insurance for the declaratory relief requested above and any further declaratory relief requested at or before trial;

2. For a temporary restraining order, preliminary injunction and permanent injunction consistent with the relief requested above and any further temporary restraining order, preliminary injunction and/or permanent injunction as may be requested before or at trial;

3. For an award of attorneys' fees and costs incurred in this action pursuant to Idaho Law, including, without limitation, I.C. § 12-120(3) and I.C. § 12-121; and

4. For such other relief that the Plaintiffs may request at or before trial and/or such relief as the Court deems just and equitable.

DATED this 21st day of July, 2014.

RODERICK BOND LAW OFFICE, PLLC

By: _____
Roderick C. Bond
Attorney for Plaintiffs

VERIFIED COMPLAINT - 10

## VERIFICATION

STATE OF IDAHO           )
                         ) ss.
COUNTY OF NEZ PERCE      )

I, Paul D. Durant, being first duly sworn on oath, deposes and says:

I am one of the Plaintiffs in the above-entitled action. I have read the contents of this Complaint, know the contents of this Complaint and exhibits attached thereto, and believe that the facts in set forth in this Complaint and exhibits attached thereto are true and accurate to the best of my knowledge and belief.

_____
Paul D. Durant

SUBSCRIBED AND SWORN to before me this 21st day of July, 2014.

_____
Notary Public for Idaho
Residing at: _Culdesac, Idaho_
My commission expires: _7/11/19_

VERIFIED COMPLAINT - 11

## VERIFICATION

STATE OF TEXAS            )
                          ) ss.
COUNTY OF TARRANT         )

I, Dale L. Miesen, being first duly sworn on oath, deposes and says:

I am one of the Plaintiffs in the above-entitled action. I have read the contents of this Complaint, know the contents of this Complaint and exhibits attached thereto, and believe that the facts in set forth in this Complaint and exhibits attached thereto are true and accurate to the best of my knowledge and belief.

_____
Dale L. Miesen

SUBSCRIBED AND SWORN to before me this 21st day of July, 2014.

Teri C. Hyman
Commission Expires
09-08-15

_____
Notary Public for Texas
Residing at: Hurst, Texas
My commission expires: 9-8-15

VERIFIED COMPLAINT - 12

## VERIFICATION

STATE OF IDAHO        )
                      ) ss.
COUNTY OF NEZ PERCE   )

I, Donna J. Taylor, being first duly sworn on oath, deposes and says:

I am one of the Plaintiffs in the above-entitled action. I have read the contents of this Complaint, know the contents of this Complaint and exhibits attached thereto, and believe that the facts in set forth in this Complaint and exhibits attached thereto are true and accurate to the best of my knowledge and belief.

_____
Donna J. Taylor

SUBSCRIBED AND SWORN to before me this 21st day of July, 2014.

_____
Notary Public for Idaho
Residing at: Culdesac, Idaho
My commission expires: 7/11/19

VERIFIED COMPLAINT - 13