RODERICK C. BOND, ISB NO. 8082
RODERICK BOND LAW OFFICE, PLLC
601 108th Ave. NE, Suite 1900
Bellevue, WA 98004
Telephone: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiffs

UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE L. MIESEN, an individual; DONNA J. TAYLOR, an individual and the Personal representative of the Estate of Sarah Taylor; WHO ARE SHAREHOLDERS BRINGING THIS ACTION ON BEHALF OF AND/OR IN THE RIGHT OF AIA SERVICES CORPORATION AND ITS WHOLLY OWNED SUBSIDIARY AIA INSURANCE, INC.;<br><br>Plaintiff,<br><br>v.<br><br>CONNIE TAYLOR HENDERSON, an individual; JOLEE DUCLOS, an individual; HAWLEY TROXELL ENNIS & HAWLEY LLP, an Idaho limited liability partnership; GARY D. BABBITT, an individual; D. JOHN ASHBY, an individual; RICHARD A. RILEY, an individual; MICHAEL W. CASHMAN SR., an individual; JAMES BECK, an individual; R. JOHN TAYLOR, an individual; CROP USA INSURANCE AGENCY, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC.; an Idaho corporation,<br><br>Defendants. | Civil No. 1:10-cv-00404-CWD<br><br>DECLARATION OF RODERICK C. BOND |

DECLARATION OF RODERICK C. BOND - 1

Case 1:10-cv-00404-DCN-CWD   Document 153   Filed 08/12/16   Page 2 of 5

I, Roderick C. Bond, declare:

1. I am the attorney for the Plaintiffs Dale Miesen and Donna Taylor in this lawsuit. I am over the age of eighteen and competent to testify in court, including as to matters in this Declaration. This Declaration is based on my personal knowledge. I have either obtained the documents attached to this Declaration based on my role as attorney in a case or I personally paid for copies of the documents on PACER and downloaded them to my computer.

2. I was never contacted by any of GemCap's attorneys or any other party to meet and confer prior to the motion for protective order. No meet and confer took place as required by Rule 26(c) and the Local Rules.

3. Attached as *Exhibit 1* are true and correct certified copies of AIA Services Corporation ("AIA Services")'s original and amended articles of incorporation through the date indicated. I obtained Exhibit 1 from the Idaho Secretary of State. After I obtained Exhibit 1 and my clients prevailed in the reverse stock split lawsuit filed by AIA Services (at John Taylor and certain of the other defendants' direction), John Taylor filed another amendment revoking the amendment filed on July 17, 2012. The operative amended articles at issue for the motions before this Court are the 1996 amended articles of incorporation, which are contained within Exhibit 1.

4. Attached as *Exhibit 2* is a true and correct copy of the Declaration of Richard Ellis dated September 3, 2014, which was filed in *Durant, et al. v. GemCap Lending I, LLC, et al.*, Nez Perce County District Court Case No. CV 14-01444.

5. Attached as *Exhibit 3* is certified copy of a Joint Response to Plaintiff's Motion for Summary Judgment dated May 9, 2014, which was filed in the Nez Perce County District Court Consolidated Case Nos. CV-08-01150 and CV-13-0001075. I am Donna Taylor's counsel in those lawsuits.

DECLARATION OF RODERICK C. BOND - 2

Case 1:10-cv-00404-DCN-CWD   Document 153   Filed 08/12/16   Page 3 of 5

6. Attached as *Exhibit 4* is a true and correct copy of the First Amended Complaint for: 1. Breach of Contract; 2. Breach of Implied Covenant of Food Faith and Fair Dealing; and 3. Judgment Holder Direct Action filed in *Gemcap Lending I, LLC v. Scottsdale Indemnity Company*, which was filed on January 26, 2016 in the U.S. District Court, Central District of California. I obtained a copy of this document from PACER.

7. Attached as *Exhibit 5* is a true and correct copy of the Second Amended Complaint for: (1) Professional Malpractice; (2) Intentional Misrepresentation; (3) Negligent Misrepresentation; and (4) Concealment filed in *Gemcap Lending I, LLC v. Quarles & Brady, LLP, et al.*, which was filed on March 18, 2015 in U.S. District Court for the Central District of California, Western Division, under Case No. 2:14-cv-07937-RSWL-E. I obtained a copy of this document from PACER.

8. Attached to my declaration in Dkt. 128, p. 21-57, is a true and correct copy of the Settlement Agreement dated effective September 15, 2014 ("Settlement Agreement"). I obtained a copy of the Settlement Agreement on December 14, 2015, which was the first date that either me or my shareholder clients had seen the Settlement Agreement, despite repeated demands. Attached is a true and correct copy of the Settlement Agreement that was attached to Randall Danskin's Answer and Cross-Claims Against Gemcap Lending I, LLC and AIA Insurance, Inc. dated December 8, 2015. I have never agreed to be bound by any confidentiality provision contained in the Settlement Agreement nor would I under the circumstances since me and my clients are maintaining that it is illegal. I have distributed the Settlement Agreement to over fifteen different people and I have no control over any persons over who those individuals may also provide the Settlement Agreement. I have also discussed the terms of the Settlement Agreement with many individuals.

DECLARATION OF RODERICK C. BOND - 3

9. GemCap argues that I improperly filed the Settlement Agreement. While the Ninth Circuit Court of Appeals temporarily sealed the Settlement Agreement, the Commissioner did so only because it was referring the matter to the panel for a determination. Notably, neither GemCap nor any other party to which any of my clients are a lawsuit has sought and obtained a protective order restricting my ability to distribute the Settlement Agreement or otherwise utilize it as I deem appropriate for my clients' interests. If GemCap really believed that there was information that was truly protectable under the stringent requirements, it would have most certainly filed a motion for protective order seeking to keep me from distributing the Settlement Agreement. However, it has not done so and I have distributed the Settlement Agreement to numerous parties, expert witnesses and attorneys. I have also spoken with other parties battling GemCap and John Taylor in other lawsuits.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF IDAHO THAT THE FOREGOING IS TRUE AND CORRECT.

| | |
|---|---|
| *August 11, 2016, Bellevue, Washington* | /s/ *Roderick C. Bond* |
| Date and City and State Signed | Roderick C. Bond |

DECLARATION OF RODERICK C. BOND - 4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of August, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James D LaRue:   jdl@elamburke.com, sd@elamburke.com

Jeffrey A Thomson:   jat@elamburke.com, nlp@elamburke.com

Loren C Ipsen:   lci@elamburke.com, nlp@elamburke.com

Shawnee S Perdue:   sperdue@wielandperdue.com, admin@wielandperdue.com, tmooney@wielandperdue.com

Steven P Wieland:   swieland@wielandperdue.com, admin@wielandperdue.com, tmooney@wielandperdue.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:  Via first class mail, postage prepaid addressed as follows:

    AIA Services Corporation
    P.O. Box 538
    Lewiston, ID  83501

    AIA Insurance, Inc.
    P.O. Box 538
    Lewiston, ID  830501

                                        /s/ Roderick C. Bond
                                          Roderick C. Bond

DECLARATION OF RODERICK C. BOND - 5