

# Roderick Bond
## Law Office, PLLC

June 13, 2016

*VIA U.S. Mail and Facsimile (208) 799-9172*

Board of Directors
AIA Services Corporation
P.O. Box 538
Lewiston, ID 83501

Board of Directors
AIA Insurance, Inc.
P.O. Box 538
Lewiston, ID 83501

Re:    *Shareholder Derivative Demand*

Dear Purported Boards of Directors:

As you are well aware, Dale Miesen, Jerry Legg and Donna Taylor (individually and as Personal Representative of the Estate of Sara Taylor) have all been shareholders of AIA Services Corporation since well before 1995, and this firm represents them for purposes of this shareholder derivative demand ("derivative demand").

As you know, there have been, and continues to be, extensive malfeasance, torts and illegal conduct occurring at AIA Services Corporation and AIA Insurance, Inc., and the unlawfully covering up of the foregoing acts, omissions and torts. Consequently, this letter is yet another derivative demand being provided in accordance with Idaho Code, including I.C. §§ 30-1-742 and 30-29-742 (to the extent that the former may apply to certain acts, omissions and/or torts). However, despite my prior requests to inspect documents and records on behalf of the below named shareholders in accordance with Idaho Code, you have refused to allow such inspections to take place or otherwise provide responsive documents. As a result, this derivative demand was delayed and is based only on the most recent information obtained to date.

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 2

For purposes of this derivative demand, the following terms shall apply: (a) "AIA" means AIA Services Corporation and its wholly owned subsidiary AIA Insurance; (b) "CropUSA" means CropUSA Insurance Agency, Inc. and CropUSA Insurance Services, LLC; (c) "John" means R. John Taylor and his spouse as to any property transferred to such spouse, together with any entities partially or wholly owned by him (including Green Leaf RE, Reinsurance Partners, Weskan Agency, Pacific Empire Holdings, Sound Insurance and other entities); (d) "Connie" means Connie Taylor, Connie Taylor Henderson, and Connie Wright Henderson and her spouse as to any property transferred to such spouse; (e) "Beck" means James Beck and his spouse as to any property transferred to such spouse; (f) "Cashman" means Michael W. Cashman, Sr. and his spouse as to any property transferred to such spouse; (g) "Duclos" means JoLee K. Duclos and her spouse as to any property transferred to such spouse; (h) "Hawley Troxell" means Hawley Troxell Ennis & Hawley LLP and the applicable present and former attorneys at Hawley Troxell (including, without limitation, D. John Ashby, Gary Babbitt and Richard A. Riley); (i) "Pacific Empire Radio" means Pacific Empire Radio Corporation; (j) "GemCap" means GemCap Lending I, LLC, together with all of its applicable officer(s) and agents; (k) "Combined Defendants" means all of the foregoing parties except as to AIA (but includes attorneys, law firms and agents of AIA), but "Combined Defendants may include or not include Hawley Troxell and/or Pacific Empire Radio to the extent applicable based on certain facts and circumstances and/or when such facts and circumstance ocurred; and (l) "Controlling AIA Defendants" means John, Connie, Beck, Cashman and Duclos. For each of the foregoing terms which define more than one party, each such term shall also mean any one or more of the defined parties for purposes of demanding in the alternative.

Dale Miesen, Jerry Legg and Donna Taylor hereby demand that all possible claims and legal action be immediately taken in a court of law on behalf of AIA as follows (including claims which may be contemplated and/or related in any way to the following):[1]

1. Pursue all possible claims and defenses, and seek the maximum damages, against the Combined Defendants, including, without limitation, all possible tort claims (including, without limitation, aiding and abetting in the commission of torts against AIA), contract claims, declaratory relief, injunctive relief and punitive damages based on all acts, omissions, concealments, and failure to disclose. Without limiting the foregoing and so there is no confusion (even though you are well aware of the facts, lawsuits and legal issues as having full access to information at AIA and the most of the Combined Defendants), more specific examples are included below and demand is hereby made to take action against those parties and any of the other Combined Defendants to recover damages based on any of such specific examples.

---

[1] This derivative demand shall also be construed as being provided by any and/or all of the other innocent minority common and preferred shareholders of AIA Services Corporation. The undersigned apologizes for any spelling or grammatical errors, but he wanted to get this derivative demand submitted to AIA as soon as possible.

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 3

2. Pursue all possible claims and defenses against the Combined Defendants relating in any way to all loans, guarantees, settlement agreements and any other agreements or instruments involving GemCap and AIA (including, without limitation, the loans, guarantees, security agreements, settlements, agreements and all other instruments which are the subject matter of the lawsuit *Gemcap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.*, in the U.S. District Court, Central District of California, Case No. CV 13-05504 SJO (MANx) ("California Lawsuit"). As you know, AIA was barred from guaranteeing any loans for CropUSA or entering into any settlement agreements under AIA Services' amended articles of incorporation and restated bylaws and all agreements and guarantees were not properly authorized by AIA's board of directors (i.e., Donna Taylor's board designee did not authorize the guarantees and settlements). In addition, AIA received no consideration for entering into the guarantees, security agreements or settlement agreements. As a result, demand is further made to assert all possible claims and defenses in any pending and future lawsuits to have the guarantees, instruments, all settlement agreements and judgments declared illegal, ultra-vires acts, void or voidable and thus unenforceable and to pursue all related claims against GemCap, the Controlling AIA Defendants, and any other responsible parties or parties who have aided and abetted or assisted in such acts and/or omissions.

3. Pursue all possible claims and defenses against GemCap and the other Combined Defendants to recover all property, real property and/or funds transferred or paid to it directly or indirectly from AIA (including, without limitation, the transfer of AIA Services' interest in the mortgage and real property known as the Lewis/Clark Plaza located at 111 Main Street in Lewiston, Idaho), together with all damages, attorneys' fees and costs paid or incurred by AIA based on the foregoing.

4. Pursue all possible claims and defenses against GemCap, and to the extent necessary any of the other Combined Defendants, to extricate AIA from all settlement agreements entered into with GemCap and have such agreements declared illegal and/or unenforceable as to AIA, including, without limitation, the written Settlement Agreement which was filed by Doug Siddoway in Nez Perce County District Court dated effective September 15, 2014, together with all Assignments Agreements, related agreements, related instruments and judgments relating in any way to that Settlement Agreement and any prior or subsequent settlement agreements (including amendments or modifications thereto) in the California Lawsuit.

5. Pursue all possible claims and defenses against GemCap, and to the extent necessary any of the other Combined Defendants, to vacate any judgments entered in favor of GemCap against AIA, including, without limitation the judgments entered in the California Lawsuit and any subsequently entered foreign judgments (including, upon belief, the foreign judgment recently entered against AIA Insurance in Nez Perce County District Court). Included in this demand is also the demand to assert that there was no jurisdiction over AIA in the California Lawsuit and thus the judgments should be voided.

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 4

6. Pursue all possible claims and defenses against GemCap for aiding and abetting John, Connie, Beck, Cashman, CropUSA, Pacific Empire Radio any other parties in committing torts against AIA (including assisting in breaches of fiduciary duties, fraud and other torts and covering up such breaches and torts). GemCap was aware of the malfeasance occurring at AIA when it first entered into the loans and guarantees with CropUSA and AIA, that AIA was being used improperly by the Controlling AIA Defendants to fund and/or support entities partially or wholly owned by them, and GemCap became more aware of these facts as time went on, yet GemCap continued to assist the foregoing parties committing and covering up torts against AIA (including, without limitation, breaches of fiduciary duties and fraud).

7. Pursue all possible claims against the Combined Defendants for their torts committed against AIA (including, without limitation, breaches of fiduciary duties, fraud and any other claims contemplated or related to any of the facts or issues disclosed in this letter) and the aiding and abetting of torts committed against AIA by one or more of the Combined Defendants (including, without limitation, assisting in the commission of the torts or covering up the torts).

8. Pursue all possible claims against Controlling AIA Defendants requiring them to disgorge all compensation, consulting fees, fees, salary, benefits or any other type of payments made to them directly or indirectly from AIA (including, based on being faithless fiduciaries and/or receiving such compensation without proper authorization from AIA) and to require them to repay any funds, expenses, fees, reimbursements, and costs incurred by AIA or paid by AIA for their benefit in any legal action or matter and to obtain damage judgments for such payments and compensation. Included in this demand is disgorgement or damages for all salary, bonuses, benefits and other compensation paid to John, Beck, Connie, Cashman and Duclos from being an officer, director or other agent of AIA and all attorneys' fees, expenses and costs paid on their behalf. This demand includes the $5,000 per quarter paid to Connie and Beck to purportedly serve on AIA's Board of Directors and all compensation paid to John and Duclos for purportedly being officers and/or directors of AIA.

9. Pursue all possible claims against GemCap and the other responsible Combined Defendants (including the Controlling AIA Defendants) for all of the attorneys' fees, costs, expenses and damages proximately caused directly or indirectly from GemCap's loans to CropUSA and AIA's guarantees of those loans, including, without limitation, all attorneys' fees, costs and expensed incurred or paid directly or indirectly by AIA for the California Lawsuit and any other lawsuit. But for GemCap agreeing to improperly make the loans and improperly agree to accept AIA's guarantees, none of the lawsuits would have occurred.

10. Pursue all possible claims and defenses against GemCap that it was not a good faith lender, had unclean hands, and/or is not entitled to any relief against AIA.

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 5

11. Pursue all possible claims against Hawley Troxell requiring it to disgorge all compensation received or paid to Hawley Troxell directly or indirectly from AIA based on Hawley Troxell's conflicts of interest, breached fiduciary duties (including the duties of loyalty) and related malpractice, including, without limitation, all subsequent payments made by AIA to Hawley Troxell.

12. Pursue all possible claims against Pacific Empire Radio for all sums owed by it to AIA, including, without limitation, the over $1,400,000 owed as disclosed in 2015) and all amounts which have been subsequently improperly lent to Pacific Empire Radio.

13. Pursue all possible claims against the Controlling AIA Defendants for allowing any funds to be lent to Pacific Empire Radio in the first place (including without limitation, for the breaches of fiduciary duties by them as present or former officers and/or directors of AIA and the aiding and abetting in assisting and/or covering up of the improper loans to Pacific Empire Radio). As you are fully aware, these loans violated AIA's amended articles of incorporation, AIA's bylaws, constituted conflicts of interest, provided no benefit to AIA and were made when AIA was not meeting its obligations to others.

14. Pursue all possible claims against Pacific Empire Radio, the Controlling AIA Defendants and any other parties relating to any agreements and subordination agreements improperly entered into between AIA, Pacific Empire Radio and any other party, as such agreements were not authorized by AIA and were not in AIA's best interests.

15. Pursue all possible claims against the Controlling AIA Defendants for allowing John to operate AIA for his benefit and/or to assist AIA in funding and the operation of entities partially or wholly owned by the Controlling AIA Defendants without AIA receiving any benefit, proper compensation, without full disclosure to AIA, in violation of applicable conflicts of interest (including under AIA Services' amended articles of incorporation and bylaws) and without obtaining proper authorization from AIA or its innocent minority shareholders.

16. Pursue all possible claims against the Controlling AIA Defendants and any other responsible party for all damages relating to all payments made directly or indirectly from AIA to the attorneys and law firms of Hawley Troxell, Crumb & Munding, Gordon & Reese, Risley Law Office PLLC, Randall Blake and Cox, Clark and Feeney, Quarles & Brady, Randall Danskin, David Gittins, Connie Taylor (and her law firms Clark and Feeney and Henderson Law Firm) and any other law firm (including for declaratory relief that no further sums are owed by AIA to any of the foregoing and that any fee agreements or conflict waivers are void), as such payments should never have been made, were never authorized by AIA, were not properly incurred or necessary for AIA, were never authorized by AIA's shareholders after full disclosure was made, and involved the attorneys and law firms taking action or performing work not in the best interests of AIA and/or in violation

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 6

of the duty of loyalty owed to AIA. Demand is further made to pursue all possible claims, including, without limitation, for the disgorgement of all fees, costs and expenses paid or discharge of any debts allegedly owed, to any of the foregoing attorneys, law firms and/or attorneys working at such law firms to the extent that they represented AIA based on conflicts of interest, breached fiduciary duties (including the duty of loyalty), and malpractice. To the extent that any of the forgoing law firm and attorneys did not represent AIA, then demand is made to pursue all possible claims against the Controlling AIA Defendants for all sums paid and/or owed to such attorneys and law firms by AIA. In addition, demand is made to assert all possible claims against the foregoing parties for participating and/or allowing AIA to be improperly utilized to fund the defense and prosecution of lawsuits which were not in AIA's best interests, but were instead pursued based on the interests of the Controlling AIA Defendants.

17. Pursue all possible claims against the Controlling AIA Defendants, and to the extent necessary AIA or any other Combined Defendant to ensure that AIA is not bound or obligated by any act or omission of the Controlling AIA Defendants or AIA, for not honoring Donna Taylor's unqualified appointment of a designee to AIA Services' Board of Directors (Patrick Moran and Paul Durant) and for declaratory relief that all such actions purportedly taken by the Board of Directors of AIA Services without the consent or approval of Donna Taylor's designee (who would have been the only director without a conflict of interest) were the unauthorized acts of AIA, ultra-vires and void. Such acts and omissions, include, without limitation, all guarantees and settlements with GemCap, all loans to Pacific Empire Radio, all conflict waivers or other agreements with attorneys and law firms, all board resolutions (including any resolutions provided to GemCap), and all other acts of the purported Board of Directors of AIA Services.

18. Pursue all possible claims against the Controlling AIA Defendants, CropUSA and any other of the Combined Defendants or responsible parties for all payments made to any and all vendors, creditors, consultants, agents, customers or other parties owed money by CropUSA, by the Controlling AIA Defendants, any entity partially or wholly owned by any one of the Controlling AIA Defendants, or paid at the direction of any one or more of the Controlling AIA Defendants, including, without limitation, the more recent hundreds of thousands of dollars in payments AIA made to certain agents and customers of CropUSA in 2013 and any previously or subsequently paid for CropUSA and any other entity.

19. Pursue all possible claims against the Combined Defendants for taking action violating AIA's amended articles of incorporation, violating AIA's bylaws, violating statutory and common law, and committing torts against AIA, together with aiding and abetting others (including other Combined Defendants) in covering up the torts committed against AIA. Examples of the torts and the covering up of those torts are contained with the proposed Second Amended Complaint recently filed in the federal derivative lawsuit by Dale Miesen and Donna Taylor—the facts and torts alleged in that Second Amended Complaint have continued since prior demands.

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 7

20. Pursue all possible claims against the Combined Defendants for failing to properly allocate costs, labor, expenses and other items between AIA and other entities, including, CropUSA, and by allowing such issues to take place in the first place, including, without limitation, based on the conflicts of interest and restrictions under AIA's amended articles of incorporation, bylaws and the undivided duties of loyalty owed by the Controlling AIA Defendants to AIA, among others, and for continuing to conceal and cover up all such issues and related issues.

21. Pursue all possible claims against the Controlling AIA Defendants for all damages, fees and costs incurred or paid by AIA for attempting to effectuate a reverse stock split to eliminate the minority common shareholders of AIA Services in violation of AIA Services' amended articles of incorporation, bylaws and Idaho Code, including, without limitation, the hundreds of thousands of dollars of attorneys' fees and costs paid to Randall Danskin for the improper reverse stock split and to purportedly represent AIA in the subsequent lawsuit against certain of AIA Services' shareholders. Demand is further made to pursue all possible claims against Doug Siddoway (and any other responsible attorney) and Randall Danskin, including, for breach fiduciary duties, conflicts of interest, and disgorgement of all attorneys' fees and costs paid to them and to have declared unlawful or uncollectable any attorneys' fees and costs allegedly owed to them by AIA, including, without limitation, based on their malpractice, breaches of duty of loyalty owed to AIA, conflicts of interest, for aiding and abetting the Controlling AIA Defendants in the commission of torts (including in that lawsuit and others), and taking action in violation of their undivided fiduciary duties of loyalty owed to AIA. To be clear, full and complete disgorgement should be sought and obtained for all fees, costs and expenses paid directly or indirectly by AIA (or by GemCap) to Randall Danskin for all work that it and its attorneys have directly or indirectly performed for AIA and for concealing from AIA the conflicts of interest, breaches of fiduciary duties and malpractice committed by Randall Danskin against AIA—Mr. Siddoway and Randall Danskin placed their interests in earning fees ahead of AIA's interests, are faithless fiduciaries and are not entitled to retain any compensation relating to AIA.

22. Pursue all possible claims against John Munding and Crumb & Munding (or such other firm Mr. Munding is operating through) for malpractice, breach of fiduciary duties and to disgorge all attorneys' fees, costs and expenses paid to them directly or indirectly by AIA for the California Lawsuit as Mr. Munding intentionally violated his duties owed to AIA, including, without limitation, his duties of loyalty owed to AIA and by taking direction and action benefitting other defendants (including John's) and placing their interests in front of AIA and by representing CropUSA, AIA and other parties when there were conflicts of interest in doing so and Mr. Munding knew that he could not properly represent AIA's interests and when he had no intention of doing so. Demand is further made to pursue all possible claims against Mr. Munding and Crumb & Munding for improperly failing to assert that the guarantees and settlement agreements entered into by AIA were not

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 8

authorized and were thus illegal or ultra-vires and by allowing AIA to enter into them in the first place. Mr. Munding places his interests in earning fees ahead of AIA's interests.

23. Pursue all possible claims against the Controlling Defendants, the applicable Combined Defendants and any other parties or entities to recover all sums paid directly or indirectly on behalf of any such parties (including the Controlling Defendants) by AIA, including, without limitation, loan payments (including loans paid for John and others), consulting fees (including for past and present employees and/or purported consultants for CropUSA, Sound Insurance, Weskan, AIA (to the extent unnecessary) and other entities or parties, and wages or benefits paid for the foregoing), expenses, costs, litigation expenses, commission refunds, credit card payments (made for John and others) cell phone bills, insurance payments, CropUSA commissions to agents (which was hundreds of thousands of dollars), telephone costs, advances (including to John, Weskan Agency, and others), tax payments, and other payments. As you are aware, the foregoing are easily determined by reviewing AIA's check registers and by ascertaining from John, Duclos or others regarding items not listed in the check registers, including, such information which has never been disclosed to AIA's minority shareholders or their attorneys and all subsequent ones to this demand.

24. Pursue all possible claims against the Controlling Defendants for wasting AIA's assets and funds and paying excessive compensation to any and/or all of them, including, without limitation, for the purpose of concealing and aiding and abetting in the covering up of torts committed against AIA.

25. Pursue all possible claims against the Controlling Defendants for allowing other entities partially or wholly owned by them, including CropUSA, to compete against AIA in violation of John's Executive Officer's Agreement and the undivided duty of loyalty owed to AIA by them as majority shareholders, directors, and/or officers of AIA.

26. Pursue all possible claims against John for representing AIA in any lawsuit, including, without limitation, the lawsuit that Dale Miesen, Donna Taylor and Paul Durant filed against GemCap and AIA to have the illegal guarantees and settlement agreements, which were the subject matter of the California Lawsuit, voided, including, without limitation, claims for intentional breaches of fiduciary duty and intentional malpractice for failing to represent the interests of AIA and by breaching the duty of loyalty owed to AIA.

27. Pursue all possible claims against the Combined Defendants for all damages and relief proximately caused from their acts and/or omissions in leading to the decimation of AIA and its present financial condition.

28. Pursue all possible claims against the Controlling AIA Defendants for any and all damages, tax liabilities, interest, penalties and any other source of damages causes by their acts, omissions and/or torts against AIA.

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 9

29. Pursue all possible claims requiring an accounting of all funds, assets, labor, expenses, costs and the allocation of such items between or among other individuals and parties (including the Controlling AIA Defendants and any entities partially or wholly owned by any one or more them).

30. To the extent necessary, pursue all possible claims and defenses for equitable subordination, indemnification (including equitable indemnification) and all related claims and defenses against the Combined Defendants in any pending or future lawsuit.

31. Pursue all possible claims and relief to obtain an accounting from Trustmark of all payments made to AIA and the subsequent use of such funds.

32. Pursue all possible claims seeking all necessary declaratory relief to make AIA whole and its innocence minority common and preferred shareholders whole (to the extent that shares have been cancelled or redeemed).

33. Pursue all possible claims requiring Donna Taylor's designee to be appointed to the Board of Directors of AIA Services and to require that the board of directors comply with AIA's amended articles of incorporation, AIA's bylaws, statutory and common law and to ensure full disclosure is made to AIA.

34. Pursue all possible claims that CropUSA and other entities (including Pacific Empire Radio) are the alter-ego of the Controlling AIA Defendants and thus they are individually liable for all damages.

35. To the extent John or others of the Controlling AIA Defendants have transferred real or personal property to their present or former spouses or any other party, pursue all possible claims to recover such property for the benefit of AIA and to help satisfy any judgment(s) which may be entered in favor of AIA.

36. Pursue all possible claims to prevent any of the Controlling AIA Defendants from being directors or officers of AIA.

37. Pursue all possible claims to seek declaratory judgment requiring AIA's officers, directors and shareholders to comply with AIA's amended articles of incorporation, AIA's bylaws and statutory and common law.

38. Pursue all possible claims against David Riley and his law firm (including Riley Law Offices) for malpractice and breaching his fiduciary duties owed to AIA, including, without limitation, requiring the repayment of all sums paid to them directly or indirectly from AIA, for disgorgement of all attorneys' fees, costs and expenses paid to them when they breached their fiduciary duties owed to AIA (including the undivided duty of loyalty),

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 10

> engaged in impermissible conflicts of interest (representing the interests of the Controlling AIA Defendants over the interest of AIA), aided and abetted the Controlling AIA Defendants, and for all other damages (including, without limitation, allowing property owned by AIA to be transferred to others (including GemCap) and/or utilized by the Controlling AIA Defendants).

39. Pursue all possible claims against the Combined Defendants and any and all of the parties listed above for concealing from AIA the facts, conflicts and failing to disclose all necessary facts and claims.

40. Pursue all possible claims against John and Connie relative to litigation expenses and costs paid for other lawsuits (including the lawsuit against John and Connie in Ada County), including fees and costs paid to Connie (or her firm) and/or on behalf of her or John.

41. Pursue all possible claims against the Combined Defendants, which have not been specifically stated above, to recover all damages and money owed and/or traced directly or indirectly to AIA and/or otherwise derived from its labor, office space, trade secrets, funds, commissions, agency force, loans, guarantees, lines of credit and/or any other asset.

42. Pursue all possible claims of prejudgment interest for all sums and damages owed to AIA in the maximum amount permitted under the law.

43. Pursue all possible claims against any of the Combined Defendants or any other parties identified above to recover any attorneys' fees and costs incurred in any lawsuit or litigation directly or indirectly involving AIA.

44. To the extent that the conduct and claims discussed above continues after this derivative demand, to pursue all possible claims based on all future action based upon the same or similar acts, omissions, conduct, claims and damages.

Please note that to the extent that any of the above demands overlap or are duplicative with prior demands or may include acts and claims which occurred after one of the prior demands, Dale Miesen, Jerry Legg and Donna Taylor are not waiving any claims for such prior demands or conceding that you have the right to now address those demands nor are they waiving the right to seek relief based on irreparable harm to AIA. To the contrary, Dale Miesen and Donna Taylor are already asserting, or seeking to assert, many claims on behalf of AIA.

In addition, please note that time is of the essence on many of the above claims and to the extent that AIA is harmed based on your failure to promptly act or promptly reject this derivative demand, you and any others (including other Controlling AIA Defendants) will be held liable. The torts, facts and issues are well known to you and you are in control of the facts and documents. Thus, you bear the risk of dragging out this demand and failing to take action on behalf of AIA.

Board of Directors of AIA Services Corporation
Board of Directors of AIA Insurance, Inc.
June 13, 2016
Page - 11

Sincerely,

RODERICK BOND LAW OFFICE, PLLC

By: Roderick C. Bond

cc: Dale Miesen
    Donna Taylor
    Jerry Legg
    Steve Wielend
    Shawnee Perdue