**EXHIBIT 2**

**TO**

**DECLARATION OF ALYSON A. FOSTER**

1  JOHN D. MUNDING (BAR NO. 156262)
2  munding@crumb-munding.com
   CRUMB & MUNDING, P.S.
3  1610 W. Riverside Ave.
   Spokane, WA 99201
4  Tel. (509) 624-6464

5
6  Attorney of record for defendants CROP
   USA INSURANCE AGENCY, INC.,
7  CROPUSA INSURANCE SERVICES LLC,
   AIA INSURANCE INC., AIA SERVICES
8  CORPORATION, R. JOHN TAYLOR,
   REINSURANCE PARTNERS, LLC, GREEN
9  LEAF REINSURANCE PARTNERS, LLC,
10 AND SOUND INSURANCE AGENCY

11
12              **UNITED STATES DISTRICT COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14
15 GEMCAP LENDING I, LLC, a Delaware    | Case No. cv-13-05504-SJO (MANx)
   limited liability company,
16
17              Plaintiff,
                                        | **ANSWER TO SECOND AMENDED**
18      v.                              | **COMPLAINT AND AFFIRMATIVE**
                                        | **DEFENSES**
19 CROP USA INSURANCE AGENCY,
20 INC., an Idaho corporation; CROPUSA
   INSURANCE SERVICES, LLC, an
21 Idaho limited liability company; CROP
   USA, LLC, a limited liability company of
22 unknown origin; AIA INSURANCE,
23 INC., an Idaho corporation; AIA
   SERVICES CORPORATION, an Idaho
24 corporation; R. JOHN TAYLOR a/k/a
25 RAY JOHNSON TAYLOR a/k/a
26 RAYMOND J. TAYLOR, an individual;

**FOSTER DEC. EX. 2 pg. 1**

1  REINSURANCE PARTNERS, LLC, an
2  Idaho limited liability company; GREEN
   LEAF REINSURANCE PARTNERS,
3  LLC, a Delaware limited liability
   company; WESKAN AGENCY, LLC, a
4  Kansas limited liability company;
5  SOUND INSURANCE AGENCY, an
   Idaho assumed business name; PACIFIC
6  EMPIRE RADIO CORPORATION, an
7  Idaho Corporation; RANDOLPH
   LAMBERJACK, an individual; JOLEE
8  DUCLOS, an individual; BRYAN
9  FREEMAN, an individual; and
   HILLCREST AIRCRAFT COMPANY,
10 an Idaho corporation; CGB
11 DIVERSIFIED SERVICES, INC. dba
   DIVERSIFIED CROP INSURANCE
12 SERVICES, a Louisiana Corporation; and
13 GREEN LEAF RE INSURANCE
   COMPANY,
14
15          Defendants.
16
17
18       Defendants Crop USA Insurance Agency Inc., Crop USA Insurance Services

19 LLC, AIA Insurance Inc., AIA Services Corporation, R. John Taylor, Reinsurance

20 Partners, LLC, Green Leaf Reinsurance Partners, LLC, and Sound Insurance Agency

21
22 (an Idaho assumed business name)  (collectively the "Defendants") answer Plaintiff's

23 Second Amended Complaint as follows:
24
25
26

FOSTER DEC. EX. 2 pg. 2

1.      Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 1 and therefore deny the same.

2.      Admit in part; deny in part. The names of the Defendant identified in this paragraph are Ray Johnson Taylor a/k/a R. John Taylor a/k/a R. Johnson Taylor. Defendants admit the remaining allegations in paragraph 2.

3.      The allegations of paragraph 3 are directed to Randolph Lamberjack.  To the extent a response is required, Defendants admit the allegations in paragraph 3 that Defendant Randolph Lamberjack is domiciled in and is a resident of Indiana.

4.      Defendants admit the allegations of paragraph 4.

5.      Defendants admit the allegations of paragraph 5.

6.      Admit in part; deny in part. Defendants admit only that Crop USA Insurance Agency, Inc. is an Idaho corporation with its principal place of business in Lewiston, Idaho, and is a citizen of Idaho, but deny the remaining allegations of paragraph 6.

7.      Admit in part; deny in part.  Defendants admit only that Crop USA Insurance Services, LLC is an Idaho limited liability company with its principal place of business in Lewiston, Idaho, is a citizen of Idaho, and that its sole members are

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 3

Randolph Lamberjack and R. John Taylor.  Defendants deny the remaining allegations of paragraph 7.

8.     Admit in part; deny in part. Defendants admit only that AIA Insurance, Inc. is an Idaho corporation with its principal place of business in Lewiston, Idaho, and is a citizen of Idaho, but deny the remaining allegations of paragraph 8.

9.     Defendants deny the allegations of paragraph 9.

10.     Admit in part; deny in part. Defendants admit only that Reinsurance Partners, LLC is an Idaho limited liability company with its principal place of business in Lewiston, Idaho, and is a citizen of Idaho, but deny the remaining allegations of paragraph 10.

11.     Admit in part; deny in part. Defendants admit only that Green Leaf Reinsurance Partners, LLC is a Delaware limited liability company with its principal place of business in Lewiston, Idaho, but deny the remaining allegations of paragraph 11.

12.     Admit in part; deny in part. Defendants admit that Green Leaf RE Insurance Company is a Montana corporation, but deny the remaining allegations of paragraph 12.

FOSTER DEC. EX. 2 pg. 4

13.     Admit in part; deny in part. Defendants admit only that Weskan Agency, LLC is a Kansas limited liability company, and that Taylor and Lamberjack are its sole members, but deny the remaining allegations of paragraph 13.

14.     Defendants deny the allegations of paragraph 14.

15.     Admit in part; deny in part. Defendants admit only that Pacific Empire Radio Corporation is an Idaho corporation with its principal place of business in Lewiston, Idaho, and is a citizen of Idaho, and but deny the remaining allegations of paragraph 15.

16.     Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 16 and therefore deny the same.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 19 and therefore deny the same.

20.     Defendants admit the allegations of paragraph 20.

21.     Admit in part; deny in part. Defendants admit that the documents evidencing and relating to the loan contain certain express provisions, which

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

**FOSTER DEC. EX. 2 pg. 5**

documents and provisions speak for themselves, but deny the remaining allegations of paragraph 21.

22.    Defendants admit the allegations of paragraph 22.

23.    Defendants admit that GemCap is a commercial lender but do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations of paragraph 23 and therefore deny the same.

24.    Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 24 and therefore deny the same.

25.    Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 25 and therefore deny the same.

26.    The allegations contained in paragraph 26 as to the manner in which crop insurance is regulated state a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of paragraph 26.

27.    Admit in part; deny in part. Defendants admit only that Crop is an agent for Diversified to the extent set forth in the Sales Agent – Company Agreement dated

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 6

July 21, 2011, which document speaks for itself. Defendants deny the remaining allegations of paragraph 27.

28.    Admit in part; deny in part. Defendants admit only that R. John Taylor explained Crop USA Insurance Agency, Inc.'s business, its cash flow, requirements and sources of revenue, and the peculiarities of the crop insurance system to Plaintiff, but deny the remaining allegations of paragraph 28. Defendants specifically deny the allegation that Taylor approached Plaintiff for funding and the allegation that Taylor defrauded Plaintiff.

29.    Admit in part; deny in part. Defendants admit only that Plaintiff agreed to provide a revolving loan facility to Crop USA Insurance Agency, Inc. and Crop USA Insurance Services, LLC (hereinafter and collectively referred to as "Crop") in the initial principal amount of $5,000,000 and that such facility was later increased to $10,000,000, but deny the remaining allegations of paragraph 29.

30.    Admit in part; deny in part. Defendants admit that the document identified in paragraph 30 is a true and correct copy of the Amended and Restated Loan Agreement dated February 4, 2013, which speaks for itself, but deny that said document memorializes the full and complete agreement between Plaintiff and the other parties thereto.   A true copy of the Loan Agreement should include The Borrower's Disclosure Schedule per § 1.11.

FOSTER DEC. EX. 2 pg. 7

31.     Admit in part; deny in part. Defendants admit that the maximum revolving loan facility to Crop was in the principal amount of $10,000,000, but deny the remaining allegations of paragraph 31, including the inference that the provisions of the loan facility referred to therein were not amended or modified by Plaintiff's and Crop's course of dealing, or that earlier defaults alleged in the Complaint were not expressly and irrevocably waived by Plaintiff. The loan documents speak for themselves.

32.     Admit in part; deny in part.  Defendants admit only that the revolving loan facility was collateralized by the property and assets of the Crop Entities referred to in the Loan Agreement, but deny the remaining allegations of paragraph 32, including the inference that Plaintiff's collateral position was not later modified or amended by Plaintiff's and the Crop Entities' course of dealing or by an earlier, express amendment to the Loan Agreement.

33.     Admit in part; deny in part.  Defendants admit to the allegations of paragraph 33 only to the extent the information in the allegations is contained in the documents referenced in this paragraph, which documents speak for themselves.

34.     Admit in part; deny in part.  Defendants admit the allegations of paragraph 34 save and except the allegations that there was no uncertainty as to the

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 8

scope of Plaintiff's security rights or whether those rights impaired the Crop Entities' obligations to CGB Diversified Services, Inc., which allegations Defendants deny.

35.    Admit in part; deny in part. Defendants admit the allegations in paragraph 35 to the extent the allegations in this paragraph are contained in the referenced documents. Defendants deny the remaining two (2) sentences of paragraph 35.

36.    Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of GemCap's intent in paragraph 36 and therefore deny the same.

37.    Defendants admit the allegations of paragraph 37 to the extent these allegations are based on the loan documents.  Such controlling documents speak for themselves.

38.    Defendants admit the allegations of paragraph 38 to the extent these allegations are based on the loan documents.  Such controlling documents speak for themselves.

39.    Defendants admit the allegations of paragraph 39.

40.    Defendants admit the allegations of paragraph 40.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 9

41.     Admit in part; deny in part.  Defendants admit to the allegations of paragraph 41 only to the extent the allegations accurately quote from the loan documents, but deny the remaining allegations of paragraph 41.

42.     Defendants deny the Allegations of Paragraph 42.

43.     Defendants admit the allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Admit in part; deny in part. Defendants admit only that Taylor and Lamberjack are members of Weskan.   The managing member is John Taylor. Defendants deny the remaining allegations of paragraph 45.

46.      Defendants deny the allegations of paragraph 46.

47.     Admit in part; deny in part. Defendants admit the allegations of paragraph 47 save and except the allegation that the Crop Entities have breached the provisions cited therein, which allegation Defendants deny.  Defendants further deny that Bryan Freeman was the Chief Financial Officer.

48.      Defendants admit the allegations of paragraph 48 only to the extent these allegations are based on the loan documents.  Such controlling documents speak for themselves.

FOSTER DEC. EX. 2 pg. 10

Case 2:19-cv-00070-RMP-KMN FGC No. 2-1 filed 09/13/18 PageID.444 Page 12
Case 2:14-cv-05904-MWF-VBK Document 114 Filed 11/13/19 Page Page 28 of D
#:1587

49.     Defendants admit the allegations of paragraph 49 only to the extent these allegations are based on the loan documents.  Such controlling documents speak for themselves.

50.     Defendants admit the allegations of paragraph 50 only to the extent these allegations are based on the loan documents.  Such controlling documents speak for themselves.

51.     Defendants admit that a UCC-1 financing statement was filed, which document speaks for itself.

52.     Admit in part; deny in part. Defendants admit the allegations of paragraph 52 to the extent that the Pledge Agreement is a true and correct copy, and speaks for itself, but deny the remaining allegations of paragraph 52.

53.     Defendants admit to the allegations of paragraph 53 only to the extent the alleged information is contained in the Pledge Agreement, which document speaks for itself.

54.     Defendants admit to the allegations of paragraph 54 only to the extent the alleged information is contained in the Pledge Agreement, which document speaks for itself.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 11

55. Admit in part; deny in part. Defendants admit that John Taylor entered into a Stock Pledge Agreement dated June 27, 2013, which document speaks for itself with respect to collateral, but deny the remaining allegations of paragraph 55.

56. Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 56 and therefore deny the same.

57. Admit in part; deny in part. Defendants admit that GemCap and Crop entered into an amendment to the Loan Agreement dated October 1, 2012, which document speaks for itself. Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations of paragraph 57 and therefore deny the same.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Admit in part; deny in part. Defendants admit only that Plaintiff has issued a notice of default and a demand for acceleration under the revolving credit facility, but deny the remaining allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

FOSTER DEC. EX. 2 pg. 12

64.    Defendants deny the allegations of paragraph 64.

65.    Defendants deny the allegations of paragraph 65.

66.    Defendants deny the allegations of paragraph 66.

67.    Defendants deny the allegations of paragraph 67.

68.    Defendants deny the allegations of paragraph 68.

69.    Admit in part; deny in part. Defendants admit that Taylor, Lamberjack, Freeman, and Duclos are shareholders of Crop Agency, but deny the remaining allegations of paragraph 69.

70.    Admit in part; deny in part. Defendants admit that Taylor is President, Freeman is Vice President, and Duclos is Vice President and Secretary of Crop Agency, but deny the remaining allegations of paragraph 70 and, specifically, deny the allegation that Freeman is the Chief Financial Officer.

71.    Defendants deny the allegations of paragraph 71.

72.    Defendants deny the allegations of paragraph 72.

73.    Defendants deny the allegations of paragraph 73.

74.    Defendants admit the allegations of paragraph 74.

75.    Defendants admit the allegations of paragraph 75.

76.    Defendants deny the allegations of paragraph 76.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 13

77.     Admit in part; deny in part. Defendants admit that Taylor is a shareholder of AIA Services and that Taylor, Freeman, and Duclos are officers of AIA Services, but deny the remaining allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Admit in part; deny in part. Defendants admit that Taylor, Freeman, and Duclos are officers, but deny the remaining allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Admit in part; deny in part. Defendants admit the allegations of paragraph 81 to the extent that Taylor and Lamberjack are shareholders, but deny the remaining allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.      Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Admit in part; deny in part. Defendants admit that Taylor pledged his stock interest in PERC, but deny the remaining allegations of paragraph 85.

86.     Defendants admit that Taylor and Lamberjack have a membership interest in Weskan, but deny the remaining allegations of paragraph 86.

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 14

89.    Defendants deny the allegations of paragraph 89.

90.    Admit in part; deny in part. Defendants admit that Green Leaf Partners is owned by Reinsurance Partners.  Taylor has sole membership interest in Reinsurance Partners.  Defendants deny the remaining allegations of paragraph 90.

91.    Defendants deny the allegations of paragraph 91.

92.    Admit in part; deny in part.  Defendants admit the allegations of paragraph 92 to the extent that the Irrevocable Order and Direction to Pay is a true and correct copy, and speaks for itself, but deny the remaining allegations of paragraph 92.

93.    Defendants admit the allegations of paragraph 93.

94.    Defendants deny the allegations of paragraph 94.

95.    Defendants admit the allegations of paragraph 95.

96.    Defendants deny the allegations of paragraph 96.

97.    Defendants deny the allegations of paragraph 97.

98.    Defendants admit the allegations of paragraph 98.

99.    Defendants deny that Sound has the same bank account or accounts as Crop. Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations of paragraph 99 and therefore deny the same.

100.   Defendants deny the allegations of paragraph 100.

FOSTER DEC. EX. 2 pg. 15

101.   Defendants deny the allegations of paragraph 101.

102.   Defendants reincorporate their responses to paragraphs 1 through 101 as if fully set forth herein.

103.   Defendants admit the allegations of paragraph 103.

104.   Defendants deny the allegations of paragraph 104.

105.   Defendants deny the allegations of paragraph 105

106.   Defendants deny the allegations of paragraph 106.

107.   Defendants deny the allegations of paragraph 107.

108.   Defendants reincorporate their responses to paragraphs 1 through 107 as if fully set forth herein.

109.   The allegations in the first and second sentence of paragraph 109 state conclusions of law to which no response is required.  Defendants deny the remaining allegation in paragraph 109.

110.   Defendants deny the allegations of paragraph 110.

111.   Defendants deny the allegations of paragraph 111.

112.   Defendants deny the allegations of paragraph 112.

113.   Defendants deny the allegations of paragraph 113.

114.   Defendants deny the allegations of paragraph 114.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 16

| | |
|---|---|
| 1 | 115. Defendants reincorporate their responses to paragraphs 1 through 114 as |
| 2 | if fully set forth herein. |
| 3 | 116. Defendants admit the allegations of paragraph 116 to the extent the |
| 4 | |
| 5 | alleged information is contained in the Loan Agreement, which documents speak for |
| 6 | themselves. |

115.   Defendants reincorporate their responses to paragraphs 1 through 114 as if fully set forth herein.

116.   Defendants admit the allegations of paragraph 116 to the extent the alleged information is contained in the Loan Agreement, which documents speak for themselves.

117.   Defendants admit the allegations of paragraph 117 to the extent the alleged information is contained in the Loan Agreement, which documents speak for themselves.

118.   Defendants admit the allegations of paragraph 118.

119.   Defendants admit the allegations of paragraph 119 to the extent the alleged information is contained in the Loan Agreement, which documents speak for themselves.

120.    Defendants deny the allegations of paragraph 120.

121.   Defendants admit the allegations of paragraph 121 to the extent that this paragraph alleges information contained in the AIA Security Agreement, which document speaks for itself.

122.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 122 that GemCap's

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 17

interest in the AIA collateral was perfected by a UCC Financing Statement and therefore deny the same. The document referenced in paragraph 122 speaks for itself.

123.    Defendants admit the allegations of paragraph 123.

124.    The terms of the AIA Security Agreement referenced in paragraph 124 speaks for itself. Defendants deny the allegations with respect to California law as such allegations are legal conclusions.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants reincorporate their responses to paragraphs 1 through 125 as if fully set forth herein.

127.    Defendants admit the allegations of paragraph 127 to the extent that Taylor signed the Taylor Guarantee, which guaranteed the loan from GemCap to Crop under certain conditions, but deny the remaining allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128 as they call for a legal conclusion as to "full force and effect."

129.    Defendants deny the allegations of paragraph 129.

130.    Defendants deny the allegations of paragraph 130.

131.    Defendants deny the allegations of paragraph 131.

132.    Defendants deny the allegations of paragraph 132.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 18

133.   Defendants reincorporate their responses to paragraphs 1 through 132 as if fully set forth herein.

134.   Admit in part; deny in part.   Defendants admit to the AIA Guarantee, which document speaks for itself, but deny the remaining allegations and inferences of paragraph 134 that exceed the scope of this document.

135.   Defendants deny the allegations of paragraph 135 to the extent they call for a legal conclusion as to "full force and effect."

136.   Defendants deny the allegations of paragraph 136.

137.   Defendants deny the allegations of paragraph 137.

138.   Defendants deny the allegations of paragraph 138.

139.   Defendants deny the allegations of paragraph 139.

140.   Defendants reincorporate their responses to paragraphs 1 through 139 as if fully set forth herein.

141.   Defendants deny the allegations of paragraph 141.

142.   Defendants deny the allegations of paragraph 142.

143.   Defendants deny the allegations of paragraph 143.

144.   Defendants deny the allegations of paragraph 144.

145.   Defendants deny the allegations of paragraph 145.

146.   Defendants deny the allegations of paragraph 146.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 19

147.   Defendants deny the allegations of paragraph 147.

148.   Defendants reincorporate their responses to paragraphs 1 through 147 as if fully set forth herein.

149.   Defendants deny the allegations of paragraph 149.

150.   Defendants deny the allegations of paragraph 150.

151.   Defendants deny the allegations of paragraph 151.

152.   Defendants reincorporate their responses to paragraphs 1 through 151 as if fully set forth herein.

153.   Defendants admit the allegations of paragraph 153.

154.   Admit in part; deny in part. Defendants admit that GemCap entered into a Loan Agreement with Crop, which loan documents speak for themselves.  Defendants deny the remaining allegations and inferences of paragraph 154.

155.   Defendants admit a letter was provided to Diversified, which letter speaks for itself, but deny the remaining allegations of paragraph 155.

156.   Admit in part; deny in part.  Defendants admit the allegations of paragraph 156 to the extent that the notice identified in paragraph 156 was signed. Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 156 that GemCap had a first right security interest and therefore deny the same.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 20

157.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 157 and therefore deny the same.

158.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 158 and therefore deny the same.

159.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 159 and therefore deny the same.

160.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 160 and therefore deny the same.

161.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 161 and therefore deny the same.

162.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 162 and therefore deny the same.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

**FOSTER DEC. EX. 2 pg. 21**

163.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 163 and therefore deny the same.

164.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 164 and therefore deny the same.

165.   Defendants reincorporate their responses to paragraphs 1 through 164 as if fully set forth herein.

166.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 166 and therefore deny the same.

167.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 167 and therefore deny the same.

168.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 168 and therefore deny the same.

169.   Admit in part; deny in part. Defendants admit that GemCap was granted access to the Crop Insurance Advantage web portal, only.  Defendants do not have

Answer to Second Amended Complaint and Affirmative Defenses

FOSTER DEC. EX. 2 pg. 22

sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations of paragraph 169 and therefore deny the same.

170.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 170 and therefore deny the same.

171.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 171 and therefore deny the same.

172.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 172 and therefore deny the same.

173.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 173 and therefore deny the same.

174.   Defendants reincorporate their responses to paragraphs 1 through 173 as if fully set forth herein.

175.   Admit in part; deny in part. Defendants admit to the allegations of paragraph 175 to the extent that the Loan Agreement speaks for itself, but deny the remaining allegations of paragraph 175.

FOSTER DEC. EX. 2 pg. 23

176.   Defendants deny the allegations of paragraph 176.

177.   Defendants deny the allegations of paragraph 177.

178.   Defendants deny the allegations of paragraph 178.

179.   Defendants deny the allegations of paragraph 179.

180.   Defendants reincorporate their responses to paragraphs 1 through 179 as if fully set forth herein.

181.   Defendants deny the allegations of paragraph 181 to the extent it requires a response to information contained in the referenced documents. The Crop Agency Agreement, Notice of Pledge Commissions, and the Notice Regarding Payment of Commissions speak for themselves.

182.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 182 and therefore deny the same.

183.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 183 and therefore deny the same.

184.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 184 as to GemCap's desires and therefore deny the same.

ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

FOSTER DEC. EX. 2 pg. 24

185.   Defendants do not have sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of paragraph 185 and therefore deny the same.

186.   Defendants reincorporate their responses to paragraphs 1 through 185 as if fully set forth herein.

187.   The allegations of paragraph 187 are statements of law to which no response is required. The California Business and Professions Code speaks for itself.

188.   Defendants deny the allegations of paragraph 188.

189.   Defendants deny the allegations of paragraph 189.

190.   The allegations of paragraph 190 are statements of law to which no response is required. The California Business and Professions Code speaks for itself.

191.   Defendants deny the allegations of paragraph 191.

## AFFIRMATIVE DEFENSES

Defendants assert the following by way of affirmative defense:

### First Affirmative Defense

1.   Plaintiff's claims are barred in whole or in part because they fail to state a claim upon which relief can be granted as to some or all Defendants.

### Second Affirmative Defense

FOSTER DEC. EX. 2 pg. 25

2.     Plaintiff's claims are barred in whole or in part because certain of the Defendants have not been served with process.

### Third Affirmative Defense

3.     Plaintiff's claims are barred in whole or in part because this Court lacks subject matter jurisdiction over some or all of the Defendants.

### Fourth Affirmative Defense

4.     Plaintiff's claims are barred in whole or in part because this Court lacks personal jurisdiction over some or all of the Defendants.

### Fifth Affirmative Defense

5.     Plaintiff's claims are barred in whole or in part because Plaintiff's Complaint fails to plead with requisite particularity the acts and conduct upon which Plaintiff's claims are predicated, including fraud.

### Sixth Affirmative Defense

6.     Plaintiff's claims are barred in whole or in part because Plaintiff's claims are barred by substantive unconscionability or its violation of the duty of good faith and fair dealing with Defendants.

### Seventh Affirmative Defense

7.     Plaintiff's claims are barred in whole or in part because Plaintiff's claims are barred by the doctrines of waiver, license, acquiescence, or estoppel. Without

FOSTER DEC. EX. 2 pg. 26

limiting the generality of the foregoing, Plaintiff expressly waived the defaults alleged in its Complaint pursuant to an amendment to the Loan Agreement dated October 5, 2012 or pursuant to its receipt and acceptance of monthly Loan Agreement Schedules that set forth the Crop Entities proposed uses of borrowed funds with particularity.

## Eighth Affirmative Defense

8.    Plaintiff's claims are barred in whole or in part because Plaintiff's damages, if any, were caused by its own acts, conduct and omissions.

## Ninth Affirmative Defense

9.    Plaintiff's claims are barred in whole or in part because Plaintiff's claims are barred by its unclean hands.

## Tenth Affirmative Defense

10.    Plaintiff's claims are barred in whole or in part because Plaintiff has expressly or impliedly acquiesced in or consented to the conduct alleged in its Complaint.

## Eleventh Affirmative Defense

11.    Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages.

FOSTER DEC. EX. 2 pg. 27

Case 2:19-cv-00270-RMP ECF No. 9-2 filed 09/18/19 PageID.461 Page 29
Case 2:14-cv-00046-RMP Document 114 filed 11/14/19 Page 29 PageID #:1584
#1584

DATED this 14th day of November, 2013.

CRUMB & MUNDING, P.S.

*/s/ John D. Munding*
JOHN D. MUNDING (BAR NO. 156262)
munding@crumb-munding.com
CRUMB & MUNDING, P.S.
1610 W. Riverside Ave.
Spokane, WA  99201
Tel. (509) 624-6464

Attorney of record for defendants CROP
USA INSURANCE AGENCY, INC.,
CROPUSA INSURANCE SERVICES LLC,
AIA INSURANCE INC., AIA SERVICES
CORPORATION, R. JOHN TAYLOR,
REINSURANCE PARTNERS, LLC, GREEN
LEAF REINSURANCE PARTNERS, LLC,
AND SOUND INSURANCE AGENCY

FOSTER DEC. EX. 2 pg. 28