**EXHIBIT 3**

**TO**

**DECLARATION OF ALYSON A. FOSTER**

JOHN D. MUNDING (BAR NO. 156262)
CRUMB & MUNDING, P.S.
1610 W. Riverside Ave.
Spokane, WA 99201
Telephone: (509) 624-6464
john@mundinglaw.com

Attorney of record for Defendants CROP
USA INSURANCE AGENCY, INC.,
CROPUSA INSURANCE SERVICES, LLC,
AIA INSURANCE INC, AIA SERVICES
CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CROPUSA INSURANCE SERVICES, LLC, an Idaho limited liability company; AIA INSURANCE INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation<br><br>                    Defendants | Case No. CV 13-05504 SJO (MANx)<br><br>**DEFENDANTS', CROP USA INSURANCE AGENCY, INC.; CROPUSA INSURANCE SERVICES, LLC; AIA INSURANCE INC.; AIA SERVICES CORPORATION, MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO CIVIL LOCAL RULE 16-4**<br><br>Pretrial Conference: September 8, 2014<br>Trial Date: September 16, 2014 |

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................ 1

II.  CLAIMS AND DEFENSES [L.R. 16-4.1] ...................................... 2

    A.   Summary of GemCap Lending I, LLC's Claims [L.R. 16-4(a), (b)] ............ 2

    B.   Elements Required to Establish GemCap's Claims ....................................... 3

        1. Claim 1: Breach of Contract ........................................................ 3

        2. Claim 2: Breach of Implied Covenant of Good Faith and Fair Dealing .... 3

        3. Claim 3: Breach of Contract ........................................................ 4

        4. Claim 4: Fraud.............................................................................. 4

        5. Claim 5: Money Had Money Received........................................ 5

        6. Claim 6: Violation of California Business and Professions Code Section 17200 ............................................................................. 5

    C.   Brief Description of Key Evidence in Opposition to Each of GemCap's Claims [L.R. 16-4.1(c)] ................................................................ 6

        1. Evidence in Opposition to Claim of Breach of Contract Against Crop Entities.......................................................................... 6

        2. Evidence in Opposition to Claim of Breach of Implied Covenant of Good Faith and Fair Dealing .................................... 6

        3. Evidence in Opposition to Claim of Breach of Contract Against AIA Defendants.................................................................. 7

        4. Evidence in Opposition to Claim of Fraud ................................. 7

        5. Evidence in Opposition to Claim of Money Had Money Received .......... 7

        6. Evidence in Opposition to Claim of Violation of California Business and Professions Code § 17200 ................................................. 8

    D.   Summary of Affirmative Defenses Defendants Plan to Pursue [L.R. 16-4.1(d), (e)] ............................................................................ 8

    E.   Elements Required to Establish Defendants' Affirmative Defenses ........... 9

        1. Elements of First Affirmative Defense (Failure to State a Claim for Relief)........................................................................... 9

        2. Elements of Second Affirmative Defense (Waiver) ................... 9

        3. Elements of Third Affirmative Defense (Estoppel)................... 10

4. Elements of Fourth Affirmative Defense (Unclean Hands)..................... 10

5. Elements of Fifth Affirmative Defense (Failure to Mitigate)................. 10

6. Elements of Sixth Affirmative Defense (Innocent Intent)...................... 10

7. Elements of Seventh Affirmative Defense (Prevention of Performance) 10

8. Elements of Eighth Affirmative Defense (No Misrepresentation) .......... 11

9. Elements of Ninth Affirmative Defense (Damages Caused by Plaintiff) ................................................................................................................... 11

F.  Brief Description of Key Evidence Relied on in Support of Each Affirmative Defense................................................................................... 11

1. Evidence in Support of the First Affirmative Defense (Failure to State a Claim)...................................................................................................... 11

2. Evidence in Support of the Second Affirmative Defense (Waiver) ........ 11

3. Evidence in Support of the Third Affirmative Defense (Estoppel) ......... 12

4. Evidence in Support of the Fourth Affirmative Defense (Unclean Hands) ................................................................................................................... 12

5. Evidence in Support of the Fifth Affirmative Defense (Failure to Mitigate) ................................................................................................... 12

6. Evidence in Support of the Sixth Affirmative Defense (Innocent Intent) 13

7. Evidence in Support of the Seventh Affirmative Defense (Prevention of Performance) ............................................................................................ 13

8. Evidence in Support of the Eighth Affirmative Defense (No Misrepresentation)................................................................................... 14

9. Evidence in Support of the Ninth Affirmative Defense (Damages Caused By Plaintiff)............................................................................................... 14

G.  Anticipated Evidentiary Issues [L.R. 16-4.1(h)]........................................ 14

H.  Issues of Law................................................................................................ 14

I.  Bifurcation................................................................................................... 14

J.  Jury Trial ..................................................................................................... 15

K.  Attorneys' Fees ........................................................................................... 15

L.  Abandonment of Issues ............................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Acoustics, Inc. v. Trepte Const. Co.*,
    14 Cal. App. 3d 887, 913 (1992) ...................................................... 3, 4

*Smith v. City & County of San Francisco*,
    225 Cal. App. 3d 38, 49 (1990) ........................................................ 4

*Chase Inv. Servs. Corp. v. Law Offices of Jon Divens & Associates, LLC*,
    748 F. Supp. 2d 1145, 1175 (C.D. Cal. 2010), aff'd 491 F. App'x. 793 (9th
    Cir. 2012) .......................................................................................... 5

*Sounders v. Superior Court*,
    33 Cal. Rptr. 2d 438, 441 (Cal Ct. App. 1994) ................................. 5

*A&M Records v. Napster, Inc.*,
    239 F. 3d 1004 (9th Cir. 2001) ......................................................... 9

*Lentz v. McMahon*,
    49 Cal. 3d. 393, 399 (1989) .............................................................. 10

*Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.,*
    890 F. 2d 165, 173 (9th Cir. 1989) ................................................... 10

*Sias v. City Demonstration Agency*,
    588 F.2d 692 (9th Cir. 1978) ............................................................ 10

**Rules and Regulations**

Local Rule 16-4 ............................................................... 1, 2, 6, 8, 14

California Business and Professions Code § 17200 ................... 1, 3, 5, 8, 15

**Statutes**

28 U.S.C. § 1332 ................................................................................ 2

**Other Authorities**

Judicial Council of California Civil Jury Instructions, CACI No. 300 (2014) 3, Judicial

Council of California Civil Jury Instructions, CACI No. 303 (2014)........................ 3, 4

Judicial Council of California Civil Jury Instructions, CACI No. 325 (2014) .............. 4

Judicial Council of California Civil Jury Instructions, CACI No. 1900 (2014) ............ 5

Judicial Council of California Civil Jury Instructions, CACI No. 358 (2014) ...... 10

Pursuant to Local Rule 16-4 and the Court's Orders, Defendants CROP USA INSURANCE AGENCY, INC., CROPUSA INSURANCE SERVICES, LLC, AIA INSURANCE INC, and AIA SERVICES CORPORATION (collectively "Defendants") respectfully submit the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties with regards to the Plaintiff's claims, regarding the trial scheduled to commence on September 16, 2014.

## I.   INTRODUCTION

This is an action brought by GemCap Lending I, LLC ("GemCap") against defendants Crop USA Insurance Agency and Crop USA Insurance Services ("Crop Entities") arising from an alleged breach of the Amended and Restated Loan and Security Agreement dated February 4, 2013 ("Amended Agreement").

GemCap does not allege the Crop Entities went into default as a result of missed payments under the Amended Agreement. Instead, GemCap alleges that: (1) Crop Entities misrepresented commissions receivable on the Borrowing Based Certificates; (2) used loan proceeds for impermissible purposes; and (3) misrepresented finances in obtaining the loan.

GemCap brings this action premised on the foregoing allegations, making claims against the Crop Entities for breach of contract, breach of good faith and fair dealing, fraud, money had and money received, and violations of the California Business and Professions Code § 17200.

GemCap has also asserted claims against AIA Insurance, Inc. and AIA Services Corporation, ("AIA Defendants"), who secured a guarantee on the Amended Agreement. In addition to the claim of breach of the guarantee, GemCap asserts claims against AIA Defendants for fraud, money had and money received, and violations of California Business & Professions Code § 17200.

As described below and as will be demonstrated at trial, this is nothing more than a dispute between a hard money lender who became concerned about collateral securing a loan, and a borrower that was prevented from repaying its financial obligations by the lender's own actions, including acceleration and on a subsequent injunction that financially paralyzed a viable business, thereby preventing financial performance of the loan obligations.

## II.    CLAIMS AND DEFENSES [L.R. 16-4.1]

This is a civil action concerning a dispute with regards to the Amended and Restated Loan and Security Agreement, and the corresponding Guaranty, between the Plaintiff and Defendants. Jurisdiction has been asserted under 28 U.S.C. § 1332(a)(1) and (c)(1).

### A. <u>Summary of GemCap Lending I, LLC's Claims [L.R. 16-4(a), (b)]</u>

The following is a summary of claims being asserted by GemCap against Defendants Crop USA Insurance Agency, Crop USA Insurance Services, AIA Insurance, Inc. and AIA Services Corporation.

Claim 1: Breach of Contract; GemCap alleges that Defendants, Crop USA Insurance Agency and Crop USA Insurance Services breached the Amended and Restated Loan and Security Agreement.

Claim 2: Breach of Implied Covenant of Good Faith and Fair Dealing; GemCap alleges that Defendants, Crop USA Insurance Agency and Crop USA Insurance Services breached the implied covenant of good faith and fair dealing relative to the Amended and Restated Loan and Security Agreement.

Claim 3: Breach of Contract; GemCap alleges that Defendants, AIA Insurance, Inc. and AIA Services Corporation, Inc. breached Amended and Restated Loan and Security Agreement – Guaranty.

Claim 4: Fraud; GemCap alleges that Defendants, Crop USA Insurance Agency, Crop USA Insurance Services, AIA Insurance, Inc., and AIA Services

Corporation, Inc. intentionally misrepresented facts material to the Amended and Restated Loan and Security Agreement.

Claim 5: Money Had, Money Received; GemCap alleges that each Defendant has wrongfully received money intended to benefit GemCap.

Claim 6: Violation of California Business and Professions Code § 17200; GemCap alleges that Defendants, Crop USA Insurance Agency, Crop USA Insurance Services, AIA Insurance, Inc., and AIA Services Corporation, Inc. engaged in unfair business practices in violation of California Business and Professions Code § 17200.

## B. Elements Required to Establish GemCap's Claims

### 1. Claim 1: Breach of Contract

The Plaintiff must establish the following elements in order to recover damages on the breach of contract claim: (1) that the Plaintiff and Defendants Crop Entities entered into the above named contract for a credit facility for the Crop Entities; (2) that the Plaintiff did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from doing something; (3) that all the conditions required by the contract for the Crop Entities' performance has occurred or were excused; (4) that the Crop Entities failed to do something that the contract required them to do or that the Crop Entities did something that the contract prohibited them from doing; and (5) that the Plaintiff was harmed by the Crop Entities' breach of this contract.

Source: Judicial Council of California Civil Jury Instructions: CACI No. 300, 303 (2014 edition); *See also Acoustics, Inc. v. Trepte Const. Co.* 14 Cal. App. 3d 887, 913 (1992).

### 2. Claim 2: Breach of Implied Covenant of Good Faith and Fair Dealing

The Plaintiff must prove all of the following elements in order to prove a

breach of implied covenant of good faith and fair dealing: (1) that the Plaintiff and Defendants, Crop Entities, entered into a contract, the Amended Agreement; (2) that the Plaintiff did all, or substantially all of the significant things that the contract required it to do or that it was excused from having to do those things; (3) that all the conditions required for the Defendants Crop Entities' performance has occurred or were excused; (4) that the Defendants Crop Entities unfairly interfered with the Plaintiff's right to receive the benefits of the contract; and (5) that the Plaintiff was harmed by the Defendants Crop Entities' conduct.

Source: CACI No. 325; *See also Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990).

### 3. Claim 3: Breach of Contract

The Plaintiff must establish the following elements in order to recover damages on the breach of contract claim against each AIA Defendant: (1) that the Plaintiff and the AIA Defendants entered into a contract securing a guarantee in favor of GemCap with regards to the Amended Agreement; (2) that the Plaintiff did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from doing something; (3) that all the conditions required by the contract for the AIA Defendants' performance has occurred or were excused; (4) that the AIA Defendants failed to do something that the contract required them to do or that the AIA Defendants did something that the contract prohibited them from doing; and (5) that the Plaintiff was harmed by the AIA Defendants' breach of this contract.

Source: CACI No. 300, 303; *See also Acoustics, Inc. v. Trepte Const. Co.*, 14 Cal. App. 3d 887, 913 (1992).

### 4. Claim 4: Fraud

The Plaintiff must establish all of the following elements in order to prove the fraud claim against each of the Defendants: (1) that the Defendants represented

to the Plaintiff that a fact was true; (2) that the Defendants' representation was false; (3) that the Defendants knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth: (4) that the Defendants intended that the Plaintiff rely on the representation; (5) that the Plaintiff reasonably relied the Defendants' representation; that the Plaintiff was harmed; and that the Plaintiff's reliance on the Defendants' representation was a substantial factor in causing its harm.

Source: CACI No. 1900; *See also Engalle v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997).

### 5. Claim 5: Money Had Money Received

To establish a claim of money had and received as to each Defendant, Plaintiff must prove all of the following elements: (1) Each Defendant received money that was intended to be used for the benefit of the Plaintiff; (2) that the money was not used for the benefit of the Plaintiff, and (3) each Defendant has not given the money to the Plaintiff.

Source: CACI No. 370; *See also Chase Inv. Servs. Corp. v. Law Offices of Jon Divens & Associates, LLC*, 748 F. Supp. 2d 1145, 1175 (C.D. Cal. 2010), aff'd 491 F. App'x. 793 (9th Cir. 2012).

### 6. Claim 6: Violation of California Business and Professions Code Section 17200

The Plaintiff must establish that each Defendant engaged in business acts or practices that were "unlawful, unfair, or fraudulent."

The Plaintiff must demonstrate that the alleged acts of each Defendant were prohibited by section 17200, and are practices forbidden by law, civil or criminal, whether federal, state, or municipal, statutory, regulatory, or court-made.

Source: Cal Bus. & Profs. Code § 17200. *See also Sounders v. Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Cal Ct. App. 1994).

Case 2:19-cv-00070-RMP Document 9-4 filed 00/13/18 Page ID 173 Page 12
Case 2:19-cv-00074-SMJ-MKD Document 231-4 filed 03/28/19 Page Page 22 #454
#454

## C. Brief Description of Key Evidence in Opposition to Each of GemCap's Claims [L.R. 16-4.1(c)]

### 1. Evidence in Opposition to Claim of Breach of Contract Against Crop Entities

The key evidence Crop Entities will rely on in opposition to Plaintiff's claim of breach of contract is as follows:

    a. Testimony from GemCap's witnesses;

    b. Testimony from Crop Entities' witnesses;

    c. Loan documents, Restated Loan documents

    d. Notices of default

    e. Borrowing Based Certificates and documents

    f. Crop USA financial documents and bank statements

    g. Injunction and temporary restraining order

The fact that a contract was entered into is not disputed. Evidence detailed above will be relied upon in defense of each remaining element of Plaintiff's breach of contract claim, including GemCap failed to advance funds as required, Crop Entities performed all material provisions of the Amended Agreement, and that Plaintiffs did not suffer harm as a result of the alleged defaults.

### 2. Evidence in Opposition to Claim of Breach of Implied Covenant of Good Faith and Fair Dealing

The key evidence Crop Entities will rely on in opposition to Plaintiff's claim of breach of implied covenant of good faith and fair dealing is the same listed in the above section (II)(C)(1).

Defendants will utilize the same evidence to demonstrate that the Crop Entities did not interfere with Plaintiff's right to receive the benefit of the contract. Furthermore, the foregoing financial information will demonstrate that Plaintiff was not harmed by Crop Entities' conduct.

### 3. Evidence in Opposition to Claim of Breach of Contract Against AIA Defendants

The key evidence Crop Entities will rely on in opposition to Plaintiff's claim of breach of contract against the AIA Defendants is the same listed in the above section (II)(C)(1).

### 4. Evidence in Opposition to Claim of Fraud

There is no evidence to support a claim of fraud against Defendants Crop Entities or AIA. The key evidence the Defendants will rely on in opposition to the Plaintiff's fraud claims are as follows:

    a.  Alleged False Misrepresentation. In defense of this element of Plaintiff's fraud claim each Defendant will rely on the actual documents presented and relied upon by the Plaintiff, including loan documents, financial documents, and correspondence. Furthermore, each Defendant will rely on their designated witnesses.

    b.  Reliance on Representation. As to Plaintiff's reliance of each Defendants' representations, Defendants will rely on the Plaintiff's loan documents, financial documents, and testimony of Plaintiff's witnesses to defeat this claim.

### 5. Evidence in Opposition to Claim of Money Had Money Received

The key evidence the Defendants will rely on in opposition to the Plaintiff's claim of money had money received is as follows:

    c.  Bank records/financial records for each Defendant

    d.  Restated Loan documents

    e.  Guarantees

    f.  Borrowing Based Certificates

g.  Prior Waiver

h.  Testimony from each witness identified by each Defendant

i.  Testimony of witnesses identified by GemCap

The evidence will provide a defense to Plaintiff's claim that each Defendant wrongfully received money and that loan proceeds received by Crop Entities were in fact utilized as working capital.

### 6. Evidence in Opposition to Claim of Violation of California Business and Professions Code § 17200

There is no evidence to support a claim of violation of the California Business and Profession Code § 17200 against Defendants Crop Entities or AIA. The key evidence the Defendants will rely on in opposition to the Plaintiff's fraud claims is the same as listed in the above section (II)(C)(1),(4).

### D. Summary of Affirmative Defenses Defendants Plan to Pursue [L.R. 16-4.1(d), (e)]

The Defendants intend to pursue the following affirmative defenses:

- First Affirmative Defense (Failure to State a Claim for Relief): Plaintiff's claims are barred in whole or in part because they fail to state a claim upon which relief can be granted.

- Second Affirmative Defense (Waiver): Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

- Third Affirmative Defense (Estoppel): Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

- Fourth Affirmative Defense (Unclean Hands): Plaintiff's claims are barred in whole or in part by unclean hands.

- Fifth Affirmative Defense (Failure to Mitigate Damages): Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

Case 2:18-cv-00978-RMP-ECS No. 9-4 filed 09/18/18 PageID.476 Page 15
Case 3:19-cv-05914-RMP Document 23 filed 03/18/19 Page 223 of #1937
#1937

- Sixth Affirmative Defense (Innocent Intent): Plaintiff's claims are barred in whole or in part because the Defendants' conduct was, at all times, conducted in good faith and with non-willful intent.

- Seventh Affirmative Defense (Prevention of Performance): Plaintiff's claims are barred in whole or in part because Plaintiff's prevented Defendants from performing their obligations under the Agreement.

- Eighth Affirmative Defense (No Misrepresentation): Plaintiff's claims are barred in whole or in part because the Defendants made no false representations with knowledge of their falsity, of past or existing material facts, nor did the Defendants conceal any material facts from the Plaintiff, nor did the Defendants intend to induce the Plaintiff's reliance on any such representations.

- Ninth Affirmative Defense (Damages Caused by Plaintiff): Plaintiff's claims are barred in whole or in part because the damages, if any, resulted from the Plaintiff's own conduct, acts, and omissions.

### E. Elements Required to Establish Defendants' Affirmative Defenses

#### 1. Elements of First Affirmative Defense (Failure to State a Claim for Relief):

This defense does not have specific elements of its own, rather it turns on the failure of the Plaintiff's Second Amended Complaint to state the elements of its own claims, which are outlined above.

#### 2. Elements of Second Affirmative Defense (Waiver):

The Defendants bear the burden to establish the Plaintiff's intentional relinquishment of a right with knowledge of its existence and the intent to relinquish it. *See A&M Records v. Napster, Inc.*, 239 F. 3d 1004 (9th Cir. 2001).

### 3.  Elements of Third Affirmative Defense (Estoppel):

Four elements must be established to support this defense: (1) the party estopped must be apprised of the facts; (2) they must intend that their conduct shall be acted upon, or must so act that the party asserting estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) they must rely upon the conduct to their detriment and harm. *See Lentz v. McMahon*, 49 Cal. 3d. 393, 399 (1989).

### 4.  Elements of Fourth Affirmative Defense (Unclean Hands):

It must be established that that: (1) the GemCap violated conscience, good faith or other equitable principles in prior conduct or dirtied its hands in acquiring the right presently asserted; and (2) the Plaintiff's conduct must directly relate to the transaction concerning which the complaint is made. *See Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.,* 890 F. 2d 165, 173 (9th Cir. 1989).

### 5.  Elements of Fifth Affirmative Defense (Failure to Mitigate Damages):

The Defendants bear the burden to establish: (1) that the damages suffered by GemCap could have been avoided with reasonable efforts and expenditures; and (2) that GemCap failed to use reasonable care in avoiding the damages. *See Sias v. City Demonstration Agency*, 588 F.2d 692 (9th Cir. 1978); CACI No. 358.

### 6.  Elements of Sixth Affirmative Defense (Innocent Intent):

This defense does not have specific elements of its own, rather it will turn on the Defendants' specific conduct.

### 7.  Elements of Seventh Affirmative Defense (Prevention of Performance):

This defense does not have specific elements of its own, rather it turns on

the Plaintiff's specific conduct that prevented the Defendants from performing and completing their part of the contract.

### 8. Elements of Eighth Affirmative Defense (No Misrepresentation):

This defense does not have specific elements of its own, rather it turns on the Defendants' specific conduct.

### 9. Elements of Ninth Affirmative Defense (Damages Caused by Plaintiff):

This defense does not have specific elements of its own, rather it turns on the Plaintiff's specific conduct, which is outlined below, which was the cause of damages, if any.

### F. Brief Description of Key Evidence Relied on in Support of Each Affirmative Defense

### 1. Evidence in Support of the First Affirmative Defense (Failure to State a Claim):

The key evidence the Defendants will rely on in support of this defense is largely the same lack of evidence the Plaintiff does not have to establish the elements of each of its claims, as set out in the above Section II. Defendants will rely on the same key evidence identified in these proceeding sections to establish this defense.

### 2. Evidence in Support of the Second Affirmative Defense (Waiver):

The key evidence the Defendants will rely on to support this defense is both the testimony of Plaintiff's witnesses and Defendants' witnesses. Defendants will rely on the documenting evidence, and the lack thereof, as provided by the Plaintiff, concerning restrictions of use of the loan proceeds. Defendants will also

rely on the Amended Agreement documents, prior waiver, and related communications between the parties.

### 3. Evidence in Support of the Third Affirmative Defense (Estoppel):

The key evidence the Defendants will rely on to support this defense is both the testimony of the Plaintiff's witnesses and the Defendants' witnesses. To support the elements of facts presented and the reliance thereon, each Defendant will rely on the loan documents, financial documents, borrowing based certificates, restated loan documents, financial records, prior waiver, and withholding of advance requests by the Plaintiff.

### 4. Evidence in Support of the Fourth Affirmative Defense (Unclean Hands):

In order to support this defense of unclean hands against the Plaintiff, the Defendants will present key evidence that shows it did not breach the Amended Agreement or Guarantee. Instead, the loan documents, borrowing based certificates, and related financial documents will demonstrate that the Crop Entities were performing within the material terms and conditions of the Amended Agreement. It was Plaintiff's conduct that caused a material breach and prevented the Crop Entities' performance of their financial obligations.

In support of this defense and corresponding elements, each Defendant will rely on both testimony of Plaintiff's witnesses and Defendants' witnesses. As well as, loan documents, financial records, notices of default and acceleration, prior waiver, the temporary restraining order and injunction.

### 5. Evidence in Support of the Fifth Affirmative Defense (Failure to Mitigate):

The key evidence the Defendants will rely on in support of this defense is largely the same evidence identified in the proceeding section for the breach of

Case 2:19-cv-00278-RMP Document 3-4 filed 08/18/19 PageID.180 Page 19
Case 3:19-cv-05074-RJB-JRC Document 132 Filed 08/28/19 Page 229 of 481
#451

contract claims. The Defendants will rely on the testimony of Plaintiff's own witnesses, regarding the lack of monetary default by Crop Entities, and the irreversible economic default caused by the Plaintiff's actions. Key documentary evidence will be relied on related to the: Amended Agreement, relevant financial documents, Borrowing Based Certificates, and the injunction and TRO.

### 6. Evidence in Support of the Sixth Affirmative Defense (Innocent Intent):

The key evidence the Defendants will rely on in support of this defense is the same as stated in the above section (II)(F)(4). More specifically, Defendants will rely on the documenting evidence, and the lack thereof, as provided by the Plaintiff, concerning restrictions of use of the loan proceeds. Defendants will also rely on the Amended Agreement documents, prior waiver, and related communications between the parties.

### 7. Evidence in Support of the Seventh Affirmative Defense (Prevention of Performance):

The key evidence the Defendants will rely on in support of this defense is the same as stated in the above section (II)(F)(4). More specifically, the Defendants will present key evidence that shows it did not breach the Amended Agreement or Guarantee. Instead, the loan documents, borrowing based certificates, and related financial documents will demonstrate that the Crop Entities were performing within the material terms and conditions of the Amended Agreement. It was Plaintiff's conduct that caused a material breach and prevented the Crop Entities' performance of their financial obligations.

In support of this defense and corresponding elements, each Defendant will rely on both testimony of Plaintiff's witnesses and Defendants' witnesses. As well as, loan documents, financial records, notices of default and acceleration, prior waiver, the temporary restraining order and injunction.

**8. Evidence in Support of the Eighth Affirmative Defense (No
Misrepresentation):**

The key evidence the Defendants will rely on in support of this defense is
the same as stated in the above section (II)(F)(4). More specifically, the
Defendants will rely on the testimony of Plaintiff's own witnesses, regarding the
lack of monetary default by Crop Entities, and the irreversible economic default
caused by the Plaintiff's actions. Key documentary evidence will be relied on
related to the: Amended Agreement, relevant financial documents, Borrowing
Based Certificates, and the injunction and TRO.

**9. Evidence in Support of the Ninth Affirmative Defense
(Damages Caused By Plaintiff):**

The key evidence the Defendants will rely on in support of this defense is
the same as stated in the above section (II)(F)(4).

**G. <u>Anticipated Evidentiary Issues</u> [LR 16-4.1(h)]**

The Defendants Crop Entities and AIA did not file any Motions in Limine
to preclude evidence. Plaintiff did not identify any "expert" witnesses, and
identified at pre-trial the witnesses and admission of certain documents it intends
to present at trial. The testimony of certain witnesses may be challenged and
objectionable to the extent they are without proper foundation, based on hearsay,
or other evidentiary grounds.

**H. <u>Issues of Law</u>**

No issues of law have been presented at this point. Issues presented will
be determined by the trier of fact.

**I. <u>Bifurcation</u>**

The parties have yet to discuss bifurcation of the issues, but the
Defendants intend to come forward with evidence showing that the issue regarding

Case 2:19-cv-00070-RMP    ECF No. 9-4    filed 09/13/19    PageID.482    Page 21
Case 2:14-cv-00340-JLQ-CMK    Document 231-4    filed 08/18/14    Page 22 of Page ID
#463

the alleged violations of the California Business and Professions Code § 17200 should be litigated separately, if at all.

### J. **Jury Trial**

The Plaintiffs timely demanded a jury trial.

### K. **Attorneys' Fees**

Defendants intend to seek costs and attorneys' fees if they prevail on any of the above claims in this litigation.

### L. **Abandonment of Issues**

Defendants do not intend to pursue certain affirmative defenses, which have been excluded from the above descriptions, including the affirmative defenses of license, consent, and acquiescence.


DATED: August 18, 2014                         CRUMB & MUNDING, P.S.

*/s/John D. Munding*

JOHN D. MUNDING Attorney for Defendants CROP USA INSURANCE AGENCY, INC., CROPUSA INSURANCE SERVICES, LLC, AIA INSURANCE INC, AIA SERVICES CORPORATION


P:files\Crop USA v. Gemcap\Word documents\Draft 1. Contentions of fact and law

Case 2:19-cv-00270-RMP ECF No. 9-4 filed 10/18/19 PageID.483 Page 22
Case 2:14-cv-00340-RMP Document 232 filed 08/18/19 PageID.222 Page 4 D
#4384

# CERTIFICATE OF SERVICE

I, John D. Munding, certify that on August 1, 2014, copies of the foregoing were served on all interested parties listed on the attached service list via electronic transmission.

CRUMB & MUNDING, P.S.

*/s/John D. Munding*

JOHN D. MUNDING Attorney for Defendants CROP USA INSURANCE AGENCY, INC., CROPUSA INSURANCE SERVICES, LLC, AIA INSURANCE INC, AIA SERVICES CORPORATION

## SERVICE LIST

| | |
|---|---|
| Sanford L. Michelman<br>William E. Adams<br>Jordan R. Bernstein<br>Michelman & Robinson, LLP 15760<br>Ventura Boulevard, 5th Floor<br>Encino, CA 9436 | Attorneys for Plaintiff GemCap<br>Lending I, LLC<br><br>Via Email: wadams@mrllp.com;<br>jbernstein@mrllp.com;<br>smichelman@mrllp.com |
| Michele B. Friend<br>Sean Kneafsey<br>Kneafsey & Friend, LLP<br>800 Wilshire Boulevard, Ste. 710<br>Los Angeles, CA 90017 | Attorneys for Defendant Randolph<br>Lamberjack<br><br>Via Email:<br>mfriend@kneafseyfriend.com;<br>skneafsey@kneafseyfriend.com |
| Clinton J. McCord<br>Edwards Wildman Palmer, LLP<br>1901 Avenue of the Stars, Ste. 1700<br>Los Angeles, CA 90067 | Attorneys for Defendant CGB<br>Diversified Services, Inc.<br><br>Via Email:<br>cmccord@edwardswilman.com |
| Kal K. Shah<br>Edwards Wildman Palmer, LLP<br>225 W. Wacker Dr.<br>Chicago, IL 60606 | Attorneys for Defendant CGB<br>Diversified Services, Inc.<br><br>Via Email:<br>kshah@edwardswildman.com |