**EXHIBIT 11**

**TO**

**DECLARATION OF ALYSON A. FOSTER**

RODERICK C. BOND, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
Tel: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiff

FILED

2014 FEB 28 AM 7 01

PATTY O. WEEKS
CLERK OF THE DIST. COURT

DEPUTY

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

DONNA J. TAYLOR,

　　　　　　　　Plaintiff,

　　v.

AIA SERVICES CORPORATION, an Idaho
corporation; R. JOHN TAYLOR; CONNIE
TAYLOR HENDERSON; JAMES BECK;
and MICHAEL W. CASHMAN, SR.,

　　　　　　　　Defendants.

Case No.: CV-2013-0001075

PLAINTIFF DONNA J. TAYLOR'S
MOTION TO AMEND AND SUPPLEMENT
COMPLAINT

Plaintiff Donna J. Taylor, by and through her attorney, moves the Court as follows:

## I. **ARGUMENT**

Donna Taylor moves the Court to file her First Amended Complaint, in the form attached

as Exhibit A, to reflect additional claims and additional facts.

"[A] party may amend a pleading only by leave of the court...and leave shall be freely

given when justice so requires..." I.R.C.P. 15(a). In addition, a party may move to supplement a

"pleading setting forth transactions or occurrences or events which have happened since the date

PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT - 1

om: Roderick Bond    Case 2:18-cv-00270-RMP - ECF No. 9-12    filed 09/18/18    PageID.569    Page 3
Case 1:10-cv-00404-DCN-CWD    Document 446-12    Filed 09/17/18    Page 3 of 25
of 25

of the pleading sough to be supplemented…" I.R.C.P. 15(d). "Great liberty should be shown in allowing amendments to pleadings in furtherance of justice between parties." *Smith v. Shinn*, 82 Idaho 141, 149, 350 P.2d 348 (1960).

Here, there have been several developments since the filing of Donna Taylor's original complaint and AIA Services and the Individual Defendants have refused to honor the representations and obligations made to her. As set forth in the proposed amended complaint, Donna Taylor also seeks to clarify additional matters, claims and relief. For example, Donna Taylor recently discovered through a lawsuit in California that AIA Services has unlawfully lent Pacific Empire Radio Corporation over $1,400,000. *See* Exhibit A. In that same lawsuit, Donna Taylor discovered that John Taylor and the Individual Defendants, with the knowledge of their attorneys, unlawfully guaranteed a $10,000,000 loan for CropUSA Insurance Agency, Inc. and CropUSA Insurance Services, LLC and pledged all of AIA Services' assets to that lender. *Id.* In that lawsuit, the lender, Gemcap Lending I, LLC is asserting claims against John Taylor and others for fraud, conversion, breach of contract and the recovery of over $8,700,000 owe on that loan. *Id.*

Thus, this Court should allow her to file her First Amended Complaint in the form attached hereto as Exhibit A, as justice requires.

## II. **CONCLUSION**

For the reasons stated above, the Court should grant Donna Taylor's motion to amend and supplement complaint and allow her to file her First Amended Complaint.

DATED this 27th day of February, 2014.

RODERICK BOND LAW OFFICE, PLLC

By: _____
    Roderick C. Bond
    Attorney for Donna J. Taylor

PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT - 2

<u>CERTIFICATE OF SERVICE</u>

      I, Roderick C. Bond, declare that, on the date indicated below, I served a true and correct copy of the foregoing upon the following parties via the method(s) indicated below:

<u>Via</u>:

Douglas J. Siddoway
Randall Danskin
1500 Bank of America Financial Center
601 West Riverside Avenue
Spokane, WA  99201-0626

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
(**X**) Facsimile
(**X**) Email (pdf attachment)


David R. Risley
Risley Law Office, PLLC
1443 Idaho St.
Lewiston, ID 83501

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
(**X**) Facsimile
(**X**) Email (pdf attachment)


      Signed this 27th day of February, 2014, at Bellevue, Washington.

_____
Roderick C. Bond

I, Patty O. Weeks, Clerk of the above entitled Court do hereby certify the foregoing to be a full, true and correct copy of the original _motion_ in the above entitled cause as the same now appears on file and of record in my office. WITNESS my hand and official seal this 7-27-17.
PATTY O. WEEKS, Clerk

By _____ Deputy

PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT - 3

RODERICK C. BOND, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
Tel: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiff

FILED
2014 FEB 28 AM 7 01
PATTY O. WEEKS
CLERK OF THE DIST. COURT
DEPUTY

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| DONNA J. TAYLOR,<br><br>                Plaintiff,<br><br>       v.<br><br>AIA SERVICES CORPORATION, an Idaho<br>corporation; R. JOHN TAYLOR; CONNIE<br>TAYLOR HENDERSON; JAMES BECK;<br>and MICHAEL W. CASHMAN, SR.,<br><br>                Defendants. | Case No.: CV-2013-0001075<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Donna J. Taylor, by and through her attorney of record, submits this amended

complaint alleging collectively or in the alternative as follows:

## I.  PARTIES, JURISDICTION, VENUE AND FACTS

1.  Plaintiff Donna J. Taylor ("Donna Taylor") is a resident of Clarkston, Washington.

2.  Defendant AIA Services Corporation ("AIA Services") is a closely held Idaho

corporation with its principal offices located in Lewiston, Nez Perce County, Idaho.

3.  Defendant R. John Taylor ("John Taylor") is an individual residing in Lewiston,

Nez Perce County, Idaho. John Taylor has been a member of the board of directors of AIA Services

FIRST AMENDED COMPLAINT - 1

Exhibit - A

FOSTER DEC. EX. 11 pg. 4

om: Roderick Bond Case 2:18-cv-00370-RMP EOF No. 9-12 Filed 09/18/18 Page ID 572 Page 6
Case 3:10-cv-00404-DCN-CWD Document 440-12 Filed 09/17/18 Page 6 of 25
of 25

since it was founded. As an attorney and board member of AIA Services, John Taylor is well aware of the fiduciary duties that he owes AIA Services and its shareholders, including Donna Taylor.

4.      Defendant Connie Taylor Henderson ("Connie Taylor") is an individual residing in Vancouver, Clark County, Washington. As an attorney and board member of AIA Services, Connie Taylor is well aware of the fiduciary duties that she AIA Services and its shareholders, including Donna Taylor.

5.      Defendant James Beck ("Beck") is an individual residing in Minnesota, who transacts business in Idaho.

6.      Defendant Michael W. Cashman, Sr. ("Cashman") is an individual residing in Minnesota, who transacts business in Idaho.

7.      Cashman, Beck, Connie Taylor and John Taylor are collectively referred to in this amended complaint as the "Individual Defendants". When Donna Taylor refers to the foregoing "Individual Defendants" in this amended complaint, she is alleging collectively and/or in the alternative, i.e., one, or more, or all of the "Individual Defendants".

8.      Damages in this action exceed $10,000 and the defendants conduct business and/or reside in Nez Perce County, Idaho. Jurisdiction and venue are appropriate in Nez Perce County District Court. See e.g., I.C. § 5-404; I.C. § 5-514.

9.      This is not a derivative action. Donna Taylor is asserting the direct claims and requested relief in this lawsuit only as the sole Series A Preferred Shareholder of AIA Services. Donna Taylor is not pursuing any claims or relief in her capacity as the Personal Representative of the Estate of Sara J. Taylor or the common shares in AIA Services in that estate. This case involves the collection of sums owed to Donna Taylor through the commercial transaction to repurchase her Series A Preferred Shares in AIA Services and torts relate to that commercial

FIRST AMENDED COMPLAINT - 2

**Exhibit - A**

transaction.

10.     On December 14, 1987, Reed and Donna Taylor executed the Property Settlement Agreement for their divorce. Under the terms of that Agreement, Reed and Donna Taylor contributed their controlling interest in AIA Insurance, Inc., and other entities, to AIA Services in exchange for 200,000 Series A Preferred Shares and 5,963 additional common shares in AIA Services. Under the terms of Reed and Donna Taylor's Property Settlement Agreement, the 200,000 Series A Preferred Shares were transferred to Donna Taylor to provide her with the substantial considering to settle their divorce and to prevent AIA Services, AIA Insurance and related entities from being liquidated.

11.     On December 29, 1987, AIA Services' Amended Articles of Incorporation were filed with the Idaho Secretary of State, which included provisions to protect the rights and interests of the Series A Preferred Shareholders (which was and only has been Donna Taylor) and to impose restrictions upon AIA Services.

12.     On December 2, 1993 and pursuant to the provisions of AIA Services' Amended Articles of Incorporation, Donna Taylor exercised her right to require her Series A Preferred Shares to be repurchased by AIA Service. However, AIA Services exercised its right to repurchase Donna Taylor's Series A Preferred Shares over time at the price of $10 per share over the period of 15 years with interest to accrue at the prime interest rate minus one and one-half percent (prime -1.5%).

13.     At all material times, Donna Taylor has been a minority shareholder of AIA Services. From August 1995 through the present time, John Taylor and Connie Taylor have been the majority shareholders of AIA Services.

FIRST AMENDED COMPLAINT - 3

**Exhibit - A**

14.     During 1994 and 1995, John Taylor, Connie Taylor, Beck and Cashman sought to obtain operational and financial control over AIA Services and its subsidiaries by having it repurchase Reed Taylor's controlling common shares. In order to have AIA Services repurchase Reed Taylor's common shares, Donna Taylor's consent was required because her Series A Preferred Shares held priority over Reed Taylor's common shares. Thus, AIA Services, by and through John Taylor, sought and obtained Donna Taylor's consent by agreeing to accelerate the repurchase of her Series A Preferred Shares and by representing to her that her interest rate would be increased.

15.     On January 11, 1995, AIA Services agreed to accelerate the purchase of Donna Taylor's Series A Preferred Shares by purchasing them over 10 years, with an upward adjustment to the interest rate of prime interest rate plus one-quarter percent (prime plus .25%). That January 11, 1995 Letter Agreement was authorized by, and AIA Services was authorized to use capital surplus to purchase Donna Taylor's Series A Preferred Shares as provided in I.C. § 30-1-6.

16.     On March 22, 1995, Richard Riley, on behalf of AIA Services, represented that Donna Taylor's Series A Preferred Shares would accrue interest at the rate of prime plus one-quarter percent ((prime plus .25%) and that he shares would be repurchased on a ten-year amortization schedule, or 107 more payments commencing on February 1, 1995. Richard Riley, on behalf of AIA Services, confirmed that under the terms of the January 11, 1995 Agreement Donna Taylor's Series A Preferred Shares were required to be purchased no later than on or before December 1, 2003.

17.     On June 30, 1995, AIA Services, John Taylor, Beck, Cashman and Companaro entered into an Investment Agreement and they also entered into a Shareholder Voting agreement, and both of these agreements were to effectuate them taking financial and operational control of

FIRST AMENDED COMPLAINT - 4

**Exhibit - A**

AIA Services and approving the repurchase of Reed Taylor and Donna Taylor's shares. On July 18, 1995 and August 10, 1995, respectively, AIA Services and Donna Taylor agreed to other modified terms, although none of the modifications changed the ten-year amortization period or interest rate agreed to in the January 11, 1995 Agreement.

18.     Almost one year later, on July 1, 1996, Donna Taylor and AIA Services executed the Series A Preferred Shareholder Agreement. The Series A Preferred Shareholder Agreement was drafted by AIA Services' counsel, Richard A. Riley. Donna Taylor was not represented by counsel at that time. Under the terms of that Agreement, AIA Services confirmed that it would continue to purchase Donna Taylor's Series A Preferred Shares in accordance with the January 11, 1995 Agreement and AIA Services further agreed to accelerate payments to Donna Taylor through the Series A Preferred Shareholder Agreement by paying her an additional $100,000 every six months after Reed Taylor's $1.5 million down payment note was paid (which was paid in full in 2001), but she never received a single additional $100,000 payment as required.

19.     On February 21, 2008, John Taylor testified that Donna Taylor was owed $443,478.47 in principal on her Series A Preferred Shares. On June 24, 2008, John Taylor wrote to Donna Taylor advising her that payments would be suspended to her. John Taylor admitted that the payments were suspended in retaliation for her filing a lawsuit against him for a personal guarantee of over $100,000 of the sums owed to her.

20.     Despite Donna Taylor allowing AIA Services, John Taylor and Connie Taylor almost five years to pay her since the last payment, Donna Taylor has not received a payment since May 30, 2008. On February 11, 2013, Donna Taylor wrote to AIA Services demanding payment in full, providing notice of acceleration and advising that she would not consent to the purchase of any common shares. Donna Taylor received no response to that letter and no payments were made

FIRST AMENDED COMPLAINT - 5

**Exhibit - A**

om: Roderick Bond

by AIA Services.

21.     The amount due to her as of June 6, 2013 is <u>at least</u> $492,346.54, plus other accrued and/or compounded interest and excluding any other damages. The amount owed is governed by and confirmed through the unambiguous Series A Preferred Shareholder Agreement, and, to the extent that Agreement is successfully challenged, Donna Taylor's contractual rights revert back to previously executed Agreements, including the January 11, 1995 Agreement and March 22, 1995 Agreement.

22.     AIA Services and the Individual Defendants are expected to assert that the Agreements that they engineered and approved requiring the purchase of Donna Taylor's shares were illegal because the purchase of Reed Taylor's shares was illegal (the purchase that the Individual Defendants engineered and effectuated through AIA Services) and that Donna Taylor's rights revert back to the Amended Articles of Incorporation. Under this theory, AIA Services has already asserted that Donna Taylor is owed at least approximately $82,000. Thus, there is no dispute that Donna Taylor is owed a significant sum of money under any theory.

23.     Despite numerous demands for payment, AIA Services and the Individual Defendants have refused to pay her the sums owed to purchase her remaining Series A Shares as required.

24.     Despite having not paid Donna Taylor, AIA Services and the Individual Defendants have conspired to transfer millions of dollars from AIA Services for their benefit. For example, in recent years AIA Services has loaned Pacific Empire Radio Corporation (an entity partially owned and controlled by John Taylor and Connie Taylor) over $700,000 when such loans were barred by AIA Services' Amended Articles of Incorporation and engaged in other acts discussed below.

FIRST AMENDED COMPLAINT - 6

**Exhibit - A**

Case 2:18-cv-00372-BMC-N-FCS No 8-12    filed 09/18/18 ppPageID 577  1 Page 11
of 25
orn: Roderick Bond    Case 2:18-cv-00404-DCN-CWD Document 440-12 Filed 04/17/19 Page 41 of 25

25.     AIA Services and the Individual Defendants have intentionally and blatantly
refused to complete the purchase of Donna Taylor's Series A Preferred Shares as required. AIA
Services and the Individual Defendants have intentionally and blatantly acted in bad faith,
vexatiously, maliciously, and in complete disregard for Donna Taylor's contractual rights and the
provisions under AIA Services' Articles of Incorporation which were enacted to protect her.

26.     From 1995 through the present time, John Taylor and Connie Taylor were majority
shareholders of AIA Services' common shares.

27.     From 1995 through the present time, John Taylor has been President and a director
of AIA Services. As an officer and direct of AIA Services, John Taylor owes elevated fiduciary
duties to Donna Taylor. John Taylor is a shareholder or part owner of at least one Idaho entity that
has been the recipient of funds, assets and trade secrets which were unlawfully derived from AIA
Services and/or its subsidiaries.

28.     From 2007 to the present time, Connie Taylor has been a member of the board of
directors of AIA Services. Connie Taylor is a co-owner of shares in AIA Services with John
Taylor. Connie Taylor is a shareholder or part owner of at least one Idaho entity that has been the
recipient of funds, assets and trade secrets which were unlawfully derived from AIA Services
and/or its subsidiaries.

29.     From 2007 through the present time, Beck has been a member of the board of
directors of AIA Services. Beck was previously on the board of AIA Services for several years
starting in 1995. Beck is or has purported to have been a shareholder of AIA Services from at least
1995 through 2012. Beck is a shareholder or part owner of at least one Idaho entity that has been
the recipient of funds, assets and trade secrets which were unlawfully derived from AIA Services.

FIRST AMENDED COMPLAINT - 7

**Exhibit - A**
**FOSTER DEC. EX. 11 pg. 10**

From: Roderick Bond   Case 2:18-cv-00970-RMP - ECF No. 8-12   filed 09/18/18   PageID.578   Page 12
Case 2:10-cv-00404-DCN-CWD   Document 440-12   Filed 08/17/18   Page 12 of 25
of 25

30.     Cashman was previously on the board of AIA Services for several years starting in 1995. Cashman is or has purported to have been a shareholder of AIA Services from at least 1995 through 2012. Cashman is a shareholder or part owner of at least one Idaho entity that has been the recipient of funds, assets and trade secrets which were unlawfully derived from AIA Services.

31.     While they were shareholders and/or directors of AIA Services, John Taylor, Connie Taylor, Beck and Cashman owned interests in other entities that received money, loans, services, trade secrets and other assets from AIA Services in violation of their fiduciary duties and in violation of AIA Services' Amended Articles of Incorporation and Bylaws.

32.     During times in which Beck, Cashman and/or Connie Taylor were not members of the board of directors, they were involved with, acquiesced, or aided in, making decisions for AIA Services and/or acquiesced in decisions made by others, including John Taylor.

33.     From 1995 through the present time, the Individual Defendants have unlawfully operated AIA Services for their benefit, failed to comply with AIA Services' Restated Bylaws, failed to comply with AIA Services' Amended Articles of Incorporation, failed to conduct annual shareholder meetings, failed to provide full disclosure to shareholders and have operated AIA Service in complete disregard of its corporate structure.

34.     In 1995, the Individual Defendants desired to redeem Reed Taylor's shares to obtain control of AIA and bring in a new management team to shift AIA Services' focus to selling other products. To carry out this new plan, the Individual Defendants sought to purchase Reed Taylor's shares in AIA Services through a leveraged stock redemption.

35.     The Individual Defendants entered into a voting agreement to ensure that they maintained control over AIA Services.

FIRST AMENDED COMPLAINT - 8

**Exhibit - A**

36.     In a 1995, John Taylor and Connie Taylor (both attorneys licensed to practice law from 1995 through the present time) became the majority shareholders in AIA Services.

37.     Since obtaining operational and financial control of AIA Services in 1995, the Individual Defendants have engaged in the following unlawful acts in disregard of AIA Services' corporate structure, its Amended Articles of Incorporation, Restated Bylaws and proper and lawful corporate governance: (a) ownership of CropUSA Insurance Agency, Inc. ("CropUSA") was transferred from AIA Services; (b) AIA Services subsidized CropUSA and other entities; (c) none of John Taylor's compensation was allocated to CropUSA; (d) there was over $500,000 of identified expenses paid by AIA Services that were never allocated or billed to CropUSA; (e) CropUSA was capitalized with over $1.5 Million cash from AIA Services in just one of many transfers of assets; (f) AIA Services guaranteed a $15 Million loan for CropUSA for no consideration; (g) CropUSA's sale of $10 Million in assets that were derived from AIA Services; (h) AIA Services purchased over $400,000 of shares in Pacific Empire Radio Corp. ("PERC") and then transferred those shares to John Taylor and Connie Taylor; (i) AIA Services transferred a $95,000 receivable owed by PERC to CropUSA; (k) AIA Services has loaned PERC over $1,400,000 in recent years in violation of AIA Services' amended articles of incorporation; (l) AIA Services has provided labor and services at no cost for other entities owned by the Individual Defendants; (m) AIA Services has paid millions of dollars in excessive compensation to John Taylor and Connie Taylor in exchange for receiving nothing in return; (n) AIA Services was illegally paying millions of dollars to present and former common shareholders to purchase their shares and/or make payments on those purchases; (o) John Taylor and Connie Taylor purchased a parking lot, using AIA's line-of-credit, and promptly increased the $5,000 yearly rent paid by AIA Services to $15,000 per year; (p) AIA Services purchased vehicles from John Taylor; (q) attempt

FIRST AMENDED COMPLAINT - 9

FOSTER DEC. EX. 11 pg. 12

Exhibit - A

to effectuate a reverse stock split and termination of the ESOP to eliminate those shareholders in violation of AIA Services' Amended Articles of Incorporation; (r) engaged in other acts and/or omissions that were illegal, unlawful and/or violated AIA Services' Articles of Incorporation and Restated Bylaws; and (s) had AIA Services and/or AIA Insurance improperly pay hundreds of thousands of dollars in attorneys' fees and costs litigating over illegal and/or unlawful conduct or transactions caused by the Individual Defendants when the Individual Defendants should have been required to pay all such fees and costs for themselves and the AIA corporations.

38.     Many of the acts and omissions set forth in the foregoing paragraph occurred during times in which AIA Services was not current on its obligations to Donna Taylor.

39.     On October 1, 2012, AIA Services and its wholly owned subsidiary AIA Insurance, Inc., and with the full knowledge of the Individual Defendants, guaranteed a $10,000,000 loan for CropUSA Insurance Agency, Inc. and CropUSA Insurance Services, LLC and pledged all of AIA Services and AIA Insurance's assets, without disclosing this guarantee to Donna Taylor or obtaining approval from her. The foregoing loan guarantee constitutes an illegal and unlawful guarantee in violation of AIA Services' Amended Articles of Incorporation, Restated Bylaws and applicable common law and fiduciary duties. At this time, the foregoing loan is in default with an outstanding balance of over $8,500,000 with interest accruing at 24% per annum. The foregoing loan guarantee was signed by John Taylor with the full knowledge of the Individual Defendants and/or the Individual Defendants should have known about this loan guarantee. The foregoing loan guarantee violated AIA Services' amended articles of incorporation, restate bylaws and the law and constitutes an illegal guarantee.

40.     On July 30, 2013, Gemcap Lending I, LLC filed a lawsuit against CropUSA, AIA Services, AIA Insurance, John Taylor and others in the United States District Court in the Central

FIRST AMENDED COMPLAINT - 10

**Exhibit - A**

**FOSTER DEC. EX. 11 pg. 13**

District of California, Western Division, under Case No. CV 13-05504 SJO for breach of contract, conversion, fraud and other claims, and the Second Amended Complaint in that lawsuit and the attached exhibits are incorporated by reference herein (they are readily available on Pacer).

41.     In John Taylor's recent deposition held in the Gemcap Lending I, LLC case, he admitted that AIA Services had lent approximately $1,400,000 to Pacific Empire Radio Corporation. These loans violated AIA Services' Amended Articles of Incorporation and should have been paid to Donna Taylor to satisfy the obligations owed to her for her Series A Preferred Shares.

42.     The Individual Defendants have knowledge of all of the acts and omissions in this complaint or should have with reasonable diligence had knowledge of all of the acts and omissions in this complaint.

43.     By their own admissions, the Individual Defendants have operated AIA Services for their own benefit with complete disregard for AIA Services' corporate structure and the interests of the Series A Preferred Shareholder.

44.     After taking millions of dollars from AIA Services, the Individual Defendants now seek to deprive Donna Taylor of the sums rightfully owed to her. The Individual Defendants have operated AIA Services and its subsidiaries illegal, unlawfully and in violation of the governance documents (including the articles of incorporation and bylaws), as set forth and/or discussed in this complaint. Under the circumstances of this case, the Individual Defendants should be liable for all sums owed by AIA Services under the doctrines of alter-ego and piercing the corporate veil.

45.     However, even if AIA Services and the Individual Defendants are successful in reducing the amount owed to Donna Taylor, the Individual Defendants are liable for the difference based upon their breach of fiduciary duties, aiding and abetting breach of fiduciary duties, fraud,

FIRST AMENDED COMPLAINT - 11

**Exhibit - A**

aiding and abetting fraud, and/or unjust enrichment for improperly operating AIA Services to deprive Donna Taylor of the sums rightfully owed to her. To this day, the Individual Defendants could have and should have taken all necessary corporate acts to comply with AIA Services' obligations to Donna Taylor.

46.   Donna Taylor has incurred attorneys' fees and costs in this and other matters, and she is entitled to recover those attorneys' fees and costs here because they all relate to the enforcement of her rights based on, or derived from, claims and torts pertaining to a commercial transaction to repurchase Donna Taylor's Series A Preferred Shares and provide express rights and protections for her benefit under AIA Services' Amended Articles of Incorporation. Since the Individual Defendants were involved with, and benefitted from, that commercial transaction to repurchase Donna Taylor's Series, they too are personally obligated to pay Donna Taylor's attorneys' fees, expert witness fees, expenses and costs.

## II.   <u>FIRST CAUSE OF ACTION – BREACH OF CONTRACT</u>
### (Against AIA Services Only)

47.   Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

48.   AIA Services owed Donna Taylor contractual obligations under the Series A Preferred Shareholder Agreement and/or the previously executed Agreements (including the January 11, 1995 Agreement) and/or AIA Services' Amended Articles of Incorporation to repurchase and/or redeem Donna Taylor Series A Preferred Shares in AIA Services and make certain payments to her and other obligations. AIA Services has breached its contractual obligations owed to Donna Taylor, including, without limitation, the obligations to timely pay her and to repurchase and/or redeem her shares.

FIRST AMENDED COMPLAINT - 12

**Exhibit - A**

49.     AIA Services, Beck, Cashman, John Taylor and Connie Taylor were and are required to comply with AIA Services' Amended Articles of Incorporation and owe Donna Taylor contractual obligations to comply with the Amended Articles of Incorporation; and they have breached those contractual obligations by, among other things, loaning money to other parties, attempting to or taking corporate action in violation of AIA Services' in violation of those Articles and failing to appoint Donna Taylor's designee to the Board of AIA Services.

50.     As a direct and/or proximate result of foregoing breaches, Donna Taylor has been damaged, and, is therefore entitled to judgment and/or relief on this claim in an amount to be proven at or before trial. Donna Taylor also requests specific performance and/or injunctive relief of AIA Services' obligations.

51.     AIA Services, by and through the Individual Defendants, have intentionally, maliciously and vexatiously failed to pay Donna Taylor as required or otherwise repurchase her Series A Preferred Shares as required, while they have intentionally, maliciously and vexactiously utilized AIA Services' funds that should have been paid to Donna Taylor for other inappropriate and/or unlawful purposes and/or loans. Such conduct has been repeated over and over again over the years.

### III. SECOND OF ACTION – BREACH OF FIDUCIARY DUTIES

52.     Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

53.     Beck, Cashman, John Taylor and/or Connie Taylor, individually and as agents of AIA Services, owe and/or owed fiduciary duties to Donna Taylor, which include, but are not limited to, the duty of loyalty, the duty of care, the duty to deal in good faith, the duty to disclose, the duty to not cover up malfeasance and torts and other common law and statutory duties. Beck,

FIRST AMENDED COMPLAINT - 13

Exhibit - A

FOSTER DEC. EX. 11 pg. 16

om: Roderick Bond   Case 2:18-cv-00370-BMC   ECF No. 8-12   filed 09/18/18   PageID.584   Page 18
Case 2:19-cv-00405-DCN-CWD   Document 480-12   Filed 09/17/18   Page 18 of 25
of 25

Cashman, John Taylor and/or Connie Taylor, individually and as agents of AIA Services, have breached their fiduciary duties owed to Donna Taylor.

54. As a direct and/or proximate result of Beck, Cashman, John Taylor and/or Connie Taylor's acts and/or omissions, Donna Taylor has been damaged, and, is therefore entitled to judgment and/or relief on this claim in an amount to be proven at or before trial.

## IV. THIRD CAUSE OF ACTION – AIDING AND ABETTING BREACH OF FIDUCIARY DUTIES
### (Against Individual Defendants Only)

55. Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

56. Beck, Cashman, John Taylor and/or Connie Taylor have intentionally aided, assisted, covered up, intentionally failed to disclose, and encouraged the Individual Defendants and/or other parties in breaching their fiduciary duties owed to Donna Taylor. Beck, Cashman, John Taylor and/or Connie Taylor's acts and/or omissions constitute aiding and abetting in the breach of fiduciary duties of other parties, including one or more of the Individual Defendants.

57. As a direct and/or proximate result of Beck, Cashman, John Taylor and/or Connie Taylor's acts and/or omissions, Donna Taylor has been damaged, and, is therefore entitled to judgment and/or relief on this claim in an amount to be proven at or before trial.

## V. FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT

58. Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

59. AIA Services was conferred a benefit from Donna Taylor by not being liquidated as a result of her divorce with Reed Taylor. Beck, Cashman, John Taylor and Connie Taylor have been conferred the benefit by Donna Taylor of obtaining operational and financial control over

FIRST AMENDED COMPLAINT - 14

**Exhibit - A**

Case 2:18-cv-00070-RMP – ECF No. 8-12 – filed 09/18/18 – PageID.585 – Page 19
Case 2:18-cv-00405-DCN – GWD – Document 440-12 – Filed 09/17/18 – Page 19 of 25
of 25
om: Roderick Bond

AIA Services. Through that conferred benefit, Beck, Cashman, John Taylor and Connie Taylor have looted AIA Services to their benefit and to the detriment of Donna Taylor and failed to pay her and/or repurchase her shares as required. It would be unjust to allow Beck, Cashman, John Taylor and Connie Taylor to retain the benefits without justly compensating Donna Taylor. As a result, Beck, Cashman, John Taylor and Connie Taylor liable to Donna Taylor under the theory of unjust enrichment.

60.     As a direct and/or proximate result of the acts and/or omissions of Beck, Cashman, John Taylor and Connie Taylor, they have been unjustly enriched and Donna Taylor has been damaged, and, is therefore entitled to judgment and/or relief on this claim in an amount to be proven at or before trial.

## VI. FIFTH CAUSE OF ACTION – DECLARATORY RELIEF/SPECIFIC PERFORMANCE

61.     Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this complaint necessary to support this cause of action.

62.     Donna Taylor requests a declaratory judgment and/or specific performance against the defendants, to the extent necessary, to grant her the relief requested in this complaint (including, without limitation, a declaratory judgment ordering the defendants to comply with AIA Services' Bylaws, Amended Articles of Incorporation (and to rescind/revoke/void unlawfully filed Amendments thereto and any stock purchases made in violation of the Amended Articles of Incorporation), contractual obligations, and/or compel the purchase of Donna Taylor's remaining Series A Preferred Shares) and/or such relief as may be requested at or before trial.

63.     If and to the extent that any Agreement set forth in this complaint is found to be illegal and/or unenforceable in full or in part, then Donna Taylor may request that such agreement be enforced based upon any one or more of the exceptions to the illegality doctrine, including,

FIRST AMENDED COMPLAINT - 15

**Exhibit - A**

severance, justifiably ignorance, unintended beneficiary, fraud and based upon her being a minority shareholder. In the alternative, Donna Taylor may request that one or more the Agreements not be enforced.

## VII. <u>SIXTH CAUSE OF ACTION – FRAUD/CONSTRUCTION FRAUD</u>

64.     Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

65.     At all relevant times, Donna Taylor had a fiduciary relationship with AIA Services, its attorney Richard Riley, its officer John Taylor and John Taylor individually. Consequently, to prove constructive fraud, Donna Taylor need not plead or prove that the foregoing parties had knowledge of the falsity of any statements or omissions, or their intent that Donna Taylor rely on any statements or omissions.

66.     AIA Services, through its attorney Richard A. Riley and officer John Taylor, and/or John Taylor individually represented to Donna Taylor on numerous occasions: (a) that the sums owed to her for her Series A Preferred Shares accrued interest at the rate of prime plus one quarter percent (prime plus 1/4%) interest, which was an increase from the interest rate under AIA Services' amended articles of incorporation; (b) there were no restrictions to AIA Services obligations to pay her as set forth in the various Letter Agreements and Series A Preferred Shareholder Agreement; (c) that the terms of her stock repurchase had been modified to reflect the terms in the Letter Agreements and/or Series A Preferred Shareholder Agreement; (d) that she would be paid $100,000 every six months after the expiration of the six month period after the payment of Reed Taylor's $1.5 Million Down Payment Note; (e) Donna Taylor's consent was required for the repurchase of Reed Taylor's shares because she had priority, not because AIA Services was relying on the subordination as a defense; (f) misrepresented the number of shares

FIRST AMENDED COMPLAINT - 16

Exhibit - A

FOSTER DEC. EX. 11 pg. 19

repurchased and held by Donna Taylor in AIA Services' financial statements; and (g) other representations set forth in this complaint or asserted at or before trial as discovery is proceeding.

67.    AIA Services, its attorney Richard Riley, its officer John Taylor and/or the Individual Defendants omitted material facts from Donna Taylor relating to the repurchase of her Series A Preferred Shares, including: (a) the payments to her for her Series A Preferred Shares were subject to any restrictions under AIA Services' amended articles of incorporation; (b) that AIA Services or the Individual Defendants could seek to recalculate the payments previously made to her under a lower interest rate and retroactively repurchase more shares than were actually purchased of her Series A Preferred Shares; (c) the legality and AIA Services' obligations to Reed Taylor for the redemption of his shares was only legal based on the subordination of certain of his obligation to Donna Taylor's repurchase obligations; and (d) other omissions of material fact set forth in this complaint or asserted at or before trial as discovery is proceeding.

68.    AIA Services and/or the Individual Defendants have misrepresented and/or omitted material facts in AIA Services' financial statements regarding the unlawful acts described in this complaint and other malfeasance described in this complaint.

69.    Donna Taylor relied on the above representations and/or had no knowledge of the omitted material facts set forth above. The above representations were false and/or never disclosed to Donna Taylor. AIA Services and/or the Individual Defendants intended on Donna Taylor relying on their misrepresentations and/or omissions of material fact. The above representations and omitted facts were material to Donna Taylor. Donna Taylor was ignorant to the falsity of the foregoing representations and/or omissions of material fact and she had no knowledge whatsoever as to their falsity. Donna Taylor relied upon the foregoing representations and justifiably relied upon them

FIRST AMENDED COMPLAINT - 17

**Exhibit - A**

70.     As a direct and/or proximate result of the misrepresentations, acts and/or omissions of AIA Services, its attorney Richard Riley, its officer John Taylor and John Taylor individually, Donna Taylor has been damaged, and, is therefore entitled to judgment and/or relief on this claim in an amount to be proven at or before trial.

71.     In addition, if it is proven that any agreement is illegal or unenforceable, then Donna Taylor also requests that any such agreement be enforced based on the fraud exception to the illegality doctrine to the extent that she may request at or before trial.

## VIII.   SEVENTH CAUSE OF ACTION – AIDING AND ABETTING FRAUD

72.     Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

73.     AIA Services and/or the Individual Defendants have assisted one another in: covering up fraud, concealing fraud, committing fraud and encouraging the commission of fraud. AIA Services and/or the Individual Defendants' acts and/or omissions as set forth in this complaint and/or proven at the time of trial constitute the aiding and abetting of fraud.

74.     As a direct and/or proximate result of the acts and/or omissions of AIA Services, its attorney Richard Riley, its officer John Taylor, and/or the Individual Defendants, Donna Taylor has been damaged, and, is therefore entitled to judgment and/or relief on this claim in an amount to be proven at or before trial.

## IX.   EIGHT CAUSE OF ACTION – EQUITABLE ESTOPPEL

75.     Donna Taylor re-alleges and incorporates each and every allegation contained in other paragraphs of this Complaint necessary to support this cause of action.

76.     Based on the misrepresentations and omissions of material facts set forth in this complaint, AIA Services and/or the Individual Defendants: (a) made false representations of facts

FIRST AMENDED COMPLAINT - 18

**Exhibit - A**

**FOSTER DEC. EX. 11 pg. 21**

and/or omitted facts pertaining to the purchase of Donna Taylor's Series A Preferred Shares, including the interest rate paid to her and those set forth in the Sixth Cause of Action above; (b) Donna Taylor did not know the truth of the representations and omissions of material fact and they never advised Donna Taylor otherwise nor could she have discovered the truth of such misrepresentations and/or omissions of material fact; (c) the false representations and/or concealments of fact were made with the intent that Donna Taylor rely upon them; and (d) Donna Taylor relied upon the representations and concealments to her prejudice.

77.    As a direct and/or proximate result of AIA Services and/or the Individual Defendants' misrepresentations, acts and/or omissions, they are equitably estopped from asserting the statute of limitations as a defense in this lawsuit, to the extent that such defenses may apply.

## X.    PRAYER FOR RELIEF

WHEREFORE, Donna Taylor prays for the following relief:

1.    For a judgment against AIA Services in an amount to be proven at or before trial, plus prejudgment and post judgment interest;

2.    For a judgment against John Taylor, Connie Taylor, Beck and Cashman, jointly and severally, in an amount to be proven at or before trial, plus prejudgment and post judgment interest (including for the conspiracy to defraud Donna Taylor);

3.    For judgment against AIA Services compelling it to purchase and/or redeem Donna Taylor's remaining Series A Preferred Shares;

4.    For judgment against the Individual Defendants compelling them to purchase Donna Taylor's remaining Series A Preferred Shares;

5.    For a judgment finding that John Taylor, Connie Taylor, Beck and Cashman are the alter-egos of AIA Services, its subsidiaries and/or that their corporate veil should be pierced

FIRST AMENDED COMPLAINT - 19

**Exhibit - A**

requiring John Taylor, Connie Taylor, Beck and Cashman to be personally liable for all sums and

damages owed by AIA Services to Donna Taylor and for judgment to be entered against them in

the amount to be proven at or before trial, plus prejudgment and post judgment interest;

6.    For a judgment barring AIA Services, Beck, Cashman, John Taylor and Connie

Taylor from effectuating a reverse stock split, voiding the termination of the ESOP and voiding

the Amending Articles of Incorporation filed on July 17, 2013;

7.    For a judgment of any other declaratory relief requested and/or contemplated by

the allegations in this Complaint and/or otherwise sought or requested at or before trial based upon

the facts and circumstances of this case;

8.    For a preliminary and permanent injunction against AIA Services, Beck, Cashman,

John Taylor and/or Connie Taylor barring them from effectuating a reverse stock split;

9.    For a preliminary and permanent injunction seeking any temporary relief requested

by Donna Taylor based upon the facts and circumstances of this case;

10.   For any statutory damages and/or relief available under applicable Idaho Code for

any of the claims, acts and/or omissions set forth above and for joint and several liability against

AIA Services and the Individual Defendants for such damages and relief;

11.   For an award of prejudgment interest based upon the statutory rate of 12% because

the Agreements requiring the purchase of Donna Taylor's shares do not specify an interest rate

after the obligations matured;

12.   For an award of compound interest because sums have been intentionally,

vexatiously and maliciously withheld from Donna Taylor;

13.   For an award of attorneys' fees and costs incurred in this action and other actions

pursuant to Idaho Law, including, without limitation, I.C. § 12-120(3), I.C. § 12-121 and/or

FIRST AMENDED COMPLAINT - 20

**Exhibit - A**

**FOSTER DEC. EX. 11 pg. 23**

I.R.C.P. 11 (including based on harassment, delay, improper purposes and no facts or legal basis for the defense of Donna Taylor's claims);

14.     For an award of Donna Taylor's costs and discretionary costs and expenses, including, without limitation, her expert witness fees and costs; and

15.     For such other relief that Donna Taylor may request at or before trial and/or such relief as the Court deems just and equitable.

DATED this _____ day of _____, 2014.

RODERICK BOND LAW OFFICE, PLLC


By:_____
        Roderick C. Bond
        Attorney for Donna J. Taylor


## XI.  **DEMAND FOR JURY TRIAL**

Donna J. Taylor demands a trial by jury of not less than twelve (12) on all claims, issues and damages so triable.

DATED this _____ day of _____, 2014.

RODERICK BOND LAW OFFICE, PLLC


By:_____
        Roderick C. Bond
        Attorneys for Donna J. Taylor


FIRST AMENDED COMPLAINT - 21

**Exhibit - A**