**EXHIBIT 17**

**TO**

**DECLARATION OF ALYSON A. FOSTER**

Case 2:18-cv-00370-BMP-FGS No. 9-18 filed 09/18/18 09/18/18 PageID 699 Page 2
Case 1:10-cv-30404-DCN-CWD Document 440-18 Filed 09/17/18 Page 2 of 15
of 15

RODERICK C. BOND, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
Tel: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| PAUL D. DURANT, an individual; DALE L. MIESEN, an individual; DONNA J. TAYLOR, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>GEMCAP LENDING I, LLC, a Delaware limited liability company; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation and a 100% wholly owned subsidiary of AIA Services Corporation;<br><br>Defendants. | Case No.: CV-14-01444<br><br>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO GEMCAP LENDING I, LLC |

TO: GEMCAP LENDING I, LLC AND ITS ATTORNEYS.

Plaintiffs submit the following Requests for Production of Documents ("Requests" or "Request") to defendant Gemcap Lending I, LLC. Pursuant to the Idaho Rules of Civil Procedure, you are required to provide Responses (and the requested documents) within thirty (30) days from the date of service. Each Request is required to be answered on the basis of your entire knowledge. You must furnish all requested information that is known by you (whether or not in your control

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO GEMCAP - 1

or possession), possessed by you or any other party, available to you, or possessed or available to any of your attorneys, consultants, representatives, experts, or other agents and supplement such information as required under Civil Rules. Each Request for Admission must be answered in accordance with Civil Rules. Type the Admission, Answers and Responses in the spaces provided, adding additional pages if more space is required. Return the original to this office.

1. **DEFINITIONS**

   A. The term "<u>document</u>" or "<u>documents</u>" shall mean and include, without limitation, the original (or any copy when the original is not available) unless otherwise stated, and any non-identical copy (whether different from the original because of notes made on such copy or otherwise) or writings of every kind and description whether inscribed by hand, mechanical, Dictaphone, electronic, magnetic, computer, PDA, cell phone, storage device, flash card, hard drive, microfilm, digital photographs, consulting payments, settlement agreements (and exhibits), judgments, stipulations, orders, term sheets, photographs or other means, as well as other phonic statements, conversations or events and including, but not limited to, any and all: papers, general ledgers, check registers, agreements (including modifications), contracts (including all modifications), letters, flow charts, court orders, court stipulations, e-mails, e-mail attachments, electronic files, PDF files, OCR files, Tiff files, all electronic documents and files (including, without limitation, Microsoft Word, Microsoft Excel, Corel WordPerfect, Microsoft PowerPoint, Microsoft Publisher, and all other files or programs), attorney-client agreements, work product, website pages, website files, check requests, expense reports, reports, wire transfers, checks, canceled checks, deposit slips, cashier's checks, copies of cashier's checks, wire transfer instructions or authorizations, interoffice memos, automatic deposits, automatic withdrawals, client files, memorandums to client files, statements, notes, memoranda, correspondence, telegrams, estimates, books, planners, records, internal messages and memoranda, letters, demand letters, notices, reports, studies, invoices, compilations, studies, tables and tabulations, tallies, maps, telegrams, requests for information, records, diaries, reports, logs, photographs, illustrations, models, time sheets, administrative files, working papers, employee notebooks, letters of transmittal, faxes, fax cover sheets, laboratory data, press releases, bank account statements, drawings, estimates, bids, plaques, diagrams, plans, video tapes or recordings, audio tapes or recordings, plans, summaries, revisions, drafts, compilations, tallies, tables and tabulations, studies, maps, schedules, schedule updates, records, reports (including, without limitation, daily, weekly and monthly reports, diaries, and logs), computer stores or computer-readable data, computer print-outs, documents that support any document or entries in any documents, documents that support the conclusions or opinions of any document, exhibits, journals, messages, emails and email attachments (including, without limitation, all emails, draft emails, emails or electronic attachments and/or files sent or received in an original, carbon copy or blind carbon copy form), electronic calendar entries and notes (e.g., Microsoft Outlook), expert witness reports, pleadings, deposition transcripts, hearing transcripts, administrative documents and transcripts, affidavits, declarations, any and all communications whatsoever, and any other writing of whatever description or form <u>contained in any storage device or in any computer</u>

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO GEMCAP - 2

although not yet printed, including documents stored on computer tape, back-up tapes or drives, computer runs, electronic files, computer cards, PDAs, disks, diskettes, email devices, laptop computers, CD-ROMS, Zip Disks, hard drives, removable storage device, flash drives, tape drives, cell phone, third-party storage or back-up owned and operated by such third-party, removable and/or portable hard drives or storage device of any type, laptop and tablet computers, portable electronic devices, cell phones or any other storage device, carbon copy, photographic copy, preliminary tape, or all versions of any such materials the contents of which differ in any respect from the originals. If a document has been prepared in more than one copy, or if additional copies have been made, and the copies are not identical, or have undergone alteration, each non-identical copy must be produced. If a document has been lost, destroyed, or is otherwise unavailable, please list the document, state the status of the document (e.g., lost or destroyed), state the date the document was created or received, and state the subject matter of the document.

B. The term "identify" when used with respect to a document, or the description or identification of a document, shall be deemed to include a request for the following information with respect to that document:

1) The nature and substance of the document;

2) The date, if any, which the document bears;

3) The "identity" of the persons to whom the document is addressed;

4) The "identity" of all persons having possession, custody, or control of each

original or legible copy of the document.

C. The term "identity" or "identify," when used with respect to a person or entity or a request for the description or identification of a person or entity, shall be deemed to include a request for the following information with respect to such person:

1) The person's or entity's name;

2) The person's or entity's last known address; and

3) The person's or entity's telephone number.

D. The term "relating to" or "relate in any way" or "relates" or "pertains" or "pertain to" or "pertaining to" as used herein shall mean any document which is relevant in any way to the subject matter, including, without limitation to the foregoing, all documents which contain, record, reflect, summarize, evaluate, comment upon, transmit, or discuss the subject matter of any request, as well as drafts, work papers, work product, or other preparation materials, exhibits shown or circulated at any meeting, the text or notes of any oral or written presentation or conversation.

E. The term "person" shall include the plural as well as the singular and includes any natural person, group of natural persons acting as individuals, or groups of natural persons acting

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO GEMCAP - 3

**FOSTER DEC. EX. 17 pg. 3**

in collegial capacity, agency capacity, corporation, partnership, joint venture and any other incorporated or unincorporated business or social entity.

       F.      The phrase "state with particularity" or the term "describe" means that you shall set forth every aspect of every fact, circumstance, act, omission, or course of conduct known to you, relating in any way to the matter inquired about.

       G.      The term "produce" refers to the request for production of documents contained in these Requests for Production.

       H.      The singular of any word, term or number includes the plural, and the plural includes the singular.

       I.      Words or terms in the masculine gender include the feminine and neuter.

       J.      If you claim privilege or work product protection for any document, identify each such document and, with respect to each document, state the specific basis for the claim of privilege or protection, and provide the following information:

1. The subject matter of each document.
2. The title, heading, or caption of each document, if any.
3. The identifying number(s), letter(s) or combination thereof, if any, and the significance or meaning of such number(s), letter(s) or combination thereof.
4. The date appearing on each document or, if no date appears thereon, the date or approximate date on which the document was prepared.
5. The general nature and description of each document and the number of pages of which it consists.
6. The identity of the person who signed each document and, if it was not signed, the identity of each person who prepared it.
7. The identity of each person to whom each document was addressed and the identity of each person to whom a copy was sent.
8. The identity of each person with custody of a copy of each such document.
9. ANY OBJECTION WHICH IS NOT SO ASSERTED SHALL BE DEEMED WAIVED.

       K.      If you claim privilege or work product protection for any conversation or communication, provide the following information with respect to each such conversation or communication:

1. Date of the conversation or communication.
2. The identity of each participant.
3. The place(s) where the conversation took place.
4. The general nature of the conversation or communication.
5. Specific basis for the claim of privilege or protection.
6. The identity of each document relating to the conversation or communication.
7. If you object to answering only part of any Discovery Request, specify the part to

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO GEMCAP - 4

**FOSTER DEC. EX. 17 pg. 4**

      which you object and answer the remainder.

8. ANY OBJECTION WHICH IS NOT SO ASSERTED SHALL BE DEEMED WAIVED.

2. **REQUESTS ARE CONTINUING / TIME PERIOD**

These Requests are ongoing, and you have a duty to supplement and provide additional information as it becomes available to you. <u>Unless otherwise specified, these Requests cover the time period from 2014 through the date that this lawsuit is concluded.</u>

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents that relates in any way to any and all settlement agreements or other agreements resolving any claims or cause of action (including, without limitation, all schedules, and exhibits attached thereto), together with any subsequent stipulations, orders and judgments resolving any of the claims, causes of action and relief subject to the lawsuit entitled *Gemcap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.*, United States District Court in the Central District of California, Case No. CV 13-05504 SJO (MANx).

**RESPONSE:**


      On this ___ day of _____, 2014, the undersigned attorney for Gemcap Lending I, LLC certifies that the above responses and documents produced pertaining thereto are accurate and complete in accordance with the Idaho Rules of Civil Procedure.


      By:_____


VERIFICATION

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO GEMCAP - 5

STATE OF IDAHO        )
                     ) ss.
COUNTY OF ADA         )

_____, the authorized _____ of Gemcap Lending I, LLC has read the above and foregoing, knows the contents thereof, and verifies the same to be true and correct on behalf Gemcap Lending I, LLC.

_____

SUBSCRIBED AND SWORN to before me this \_\_\_ day of _____, 2014.

_____
Print Name:_____
Notary Public in and for the State of
Idaho, residing at:_____
My Commission Expires:_____

DATED this 26th day of September, 2014.

RODERICK BOND LAW OFFICE, PLLC

By:_____
Roderick C. Bond
Attorney for Plaintiffs

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO GEMCAP - 6

## CERTIFICATE OF SERVICE

I, Roderick C. Bond, declare that, on the date indicated below, I served a true and correct copy of the forgoing on the following person(s) via the methods indicated below:

| | |
|---|---|
| R. John Taylor<br>111 Main St.<br>P.O. Box 538<br>Lewiston, ID 83501<br>[Attorney for AIA Services and AIA Insurance] | **Via:**<br>( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>(**X**) Facsimile – 208-799-9172<br>( ) Messenger |
| Alyson A. Foster<br>Thomas A. Banducci<br>Zachary S. Zollinger<br>Andersen Banducci PLLC<br>101 S. Capitol Boulevard, Suite 1600<br>Boise, ID 83702<br>[Attorneys for Gemcap Lending I, LLC] | **Via:**<br>( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile – 208-342-4455<br>(**X**) Email (by Agreement) |

Signed this 26th day of September, 2014, at Bellevue, Washington.

_____
Roderick C. Bond

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO GEMCAP - 7

**FOSTER DEC. EX. 17 pg. 7**

RODERICK C. BOND, ISB No. 8082
RODERICK BOND LAW OFFICE, PLLC
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
Tel: (425) 591-6903
Fax: (425) 321-0343
Email: rod@roderickbond.com
Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| PAUL D. DURANT, an individual; DALE L. MIESEN, an individual; DONNA J. TAYLOR, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>GEMCAP LENDING I, LLC, a Delaware limited liability company; AIA SERVICES CORPORATION, an Idaho corporation; AIA INSURANCE, INC., an Idaho corporation and a 100% wholly owned subsidiary of AIA Services Corporation;<br><br>Defendants. | Case No.: CV-14-01444<br><br>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS AIA SERVICES CORPORATION AND AIA INSURANCE, INC. |

TO: AIA SERVICES CORPORATION AND AIA INSURANCE, INC. AND ITS ATTORNEY.

Plaintiffs submit the following Requests for Production of Documents ("Requests" or "Request") to defendants AIA Services Corporation and AIA Insurance, Inc. Pursuant to the Idaho Rules of Civil Procedure, you are required to provide Responses (and the requested documents) within thirty (30) days from the date of service. Each Request is required to be answered on the

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO AIA - 1

basis of your entire knowledge. You must furnish all requested information that is known by you (whether or not in your control or possession), possessed by you or any other party, available to you, or possessed or available to any of your attorneys, consultants, representatives, experts, or other agents and supplement such information as required under Civil Rules. Each Request for Admission must be answered in accordance with Civil Rules. Type the Admission, Answers and Responses in the spaces provided, adding additional pages if more space is required. Return the original to this office.

1. **DEFINITIONS**

  A. The term "<u>document</u>" or "<u>documents</u>" shall mean and include, without limitation, the original (or any copy when the original is not available) unless otherwise stated, and any non-identical copy (whether different from the original because of notes made on such copy or otherwise) or writings of every kind and description whether inscribed by hand, mechanical, Dictaphone, electronic, magnetic, computer, PDA, cell phone, storage device, flash card, hard drive, microfilm, digital photographs, consulting payments, settlement agreements (and exhibits), judgments, stipulations, orders, term sheets, photographs or other means, as well as other phonic statements, conversations or events and including, but not limited to, any and all: papers, general ledgers, check registers, agreements (including modifications), contracts (including all modifications), letters, flow charts, court orders, court stipulations, e-mails, e-mail attachments, electronic files, PDF files, OCR files, Tiff files, all electronic documents and files (including, without limitation, Microsoft Word, Microsoft Excel, Corel WordPerfect, Microsoft PowerPoint, Microsoft Publisher, and all other files or programs), attorney-client agreements, work product, website pages, website files, check requests, expense reports, reports, wire transfers, checks, canceled checks, deposit slips, cashier's checks, copies of cashier's checks, wire transfer instructions or authorizations, interoffice memos, automatic deposits, automatic withdrawals, client files, memorandums to client files, statements, notes, memoranda, correspondence, telegrams, estimates, books, planners, records, internal messages and memoranda, letters, demand letters, notices, reports, studies, invoices, compilations, studies, tables and tabulations, tallies, maps, telegrams, requests for information, records, diaries, reports, logs, photographs, illustrations, models, time sheets, administrative files, working papers, employee notebooks, letters of transmittal, faxes, fax cover sheets, laboratory data, press releases, bank account statements, drawings, estimates, bids, plaques, diagrams, plans, video tapes or recordings, audio tapes or recordings, plans, summaries, revisions, drafts, compilations, tallies, tables and tabulations, studies, maps, schedules, schedule updates, records, reports (including, without limitation, daily, weekly and monthly reports, diaries, and logs), computer stores or computer-readable data, computer print-outs, documents that support any document or entries in any documents, documents that support the conclusions or opinions of any document, exhibits, journals, messages, emails and email attachments (including, without limitation, all emails, draft emails, emails or electronic attachments and/or files sent or received in an original, carbon copy

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO AIA - 2

or blind carbon copy form), electronic calendar entries and notes (e.g., Microsoft Outlook), expert witness reports, pleadings, deposition transcripts, hearing transcripts, administrative documents and transcripts, affidavits, declarations, any and all communications whatsoever, and any other writing of whatever description or form <u>contained in any storage device or in any computer although not yet printed</u>, including documents stored on computer tape, back-up tapes or drives, computer runs, electronic files, computer cards, PDAs, disks, diskettes, email devices, laptop computers, CD-ROMS, Zip Disks, hard drives, removable storage device, flash drives, tape drives, cell phone, third-party storage or back-up owned and operated by such third-party, removable and/or portable hard drives or storage device of any type, laptop and tablet computers, portable electronic devices, cell phones or any other storage device, carbon copy, photographic copy, preliminary tape, or all versions of any such materials the contents of which differ in any respect from the originals. If a document has been prepared in more than one copy, or if additional copies have been made, and the copies are not identical, or have undergone alteration, each non-identical copy must be produced. If a document has been lost, destroyed, or is otherwise unavailable, please list the document, state the status of the document (e.g., lost or destroyed), state the date the document was created or received, and state the subject matter of the document.

  B. The term "<u>identify</u>" when used with respect to a document, or the description or identification of a document, shall be deemed to include a request for the following information with respect to that document:

   1) The nature and substance of the document;

   2) The date, if any, which the document bears;

   3) The "identity" of the persons to whom the document is addressed;

   4) The "identity" of all persons having possession, custody, or control of each original or legible copy of the document.

  C. The term "<u>identity</u>" or "<u>identify</u>," when used with respect to a person or entity or a request for the description or identification of a person or entity, shall be deemed to include a request for the following information with respect to such person:

   1) The person's or entity's name;

   2) The person's or entity's last known address; and

   3) The person's or entity's telephone number.

  D. The term "<u>relating to</u>" or "<u>relate in any way</u>" or "<u>relates</u>" or "<u>pertains</u>" or "<u>pertain to</u>" or "<u>pertaining to</u>" as used herein shall mean any document which is relevant in any way to the subject matter, including, without limitation to the foregoing, all documents which contain, record, reflect, summarize, evaluate, comment upon, transmit, or discuss the subject matter of any request,

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO AIA - 3

as well as drafts, work papers, work product, or other preparation materials, exhibits shown or circulated at any meeting, the text or notes of any oral or written presentation or conversation.

   E. The term "<u>person</u>" shall include the plural as well as the singular and includes any natural person, group of natural persons acting as individuals, or groups of natural persons acting in collegial capacity, agency capacity, corporation, partnership, joint venture and any other incorporated or unincorporated business or social entity.

   F. The phrase "<u>state with particularity</u>" or the term "<u>describe</u>" means that you shall set forth every aspect of every fact, circumstance, act, omission, or course of conduct known to you, relating in any way to the matter inquired about.

   G. The term "<u>produce</u>" refers to the request for production of documents contained in these Requests for Production.

   H. The singular of any word, term or number includes the plural, and the plural includes the singular.

   I. Words or terms in the masculine gender include the feminine and neuter.

   J. If you claim privilege or work product protection for any document, identify each such document and, with respect to each document, state the specific basis for the claim of privilege or protection, and provide the following information:

1. The subject matter of each document.
2. The title, heading, or caption of each document, if any.
3. The identifying number(s), letter(s) or combination thereof, if any, and the significance or meaning of such number(s), letter(s) or combination thereof.
4. The date appearing on each document or, if no date appears thereon, the date or approximate date on which the document was prepared.
5. The general nature and description of each document and the number of pages of which it consists.
6. The identity of the person who signed each document and, if it was not signed, the identity of each person who prepared it.
7. The identity of each person to whom each document was addressed and the identity of each person to whom a copy was sent.
8. The identity of each person with custody of a copy of each such document.
9. ANY OBJECTION WHICH IS NOT SO ASSERTED SHALL BE DEEMED WAIVED.

   K. If you claim privilege or work product protection for any conversation or communication, provide the following information with respect to each such conversation or communication:

1. Date of the conversation or communication.
2. The identity of each participant.

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO AIA - 4

    3. The place(s) where the conversation took place.
    4. The general nature of the conversation or communication.
    5. Specific basis for the claim of privilege or protection.
    6. The identity of each document relating to the conversation or communication.
    7. If you object to answering only part of any Discovery Request, specify the part to which you object and answer the remainder.
    8. ANY OBJECTION WHICH IS NOT SO ASSERTED SHALL BE DEEMED WAIVED.

2. **REQUESTS ARE CONTINUING / TIME PERIOD**

These Requests are ongoing, and you have a duty to supplement and provide additional information as it becomes available to you. <u>Unless otherwise specified, these Requests cover the time period from 2014 through the date that this lawsuit is concluded.</u>

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents that relates in any way to any and all settlement agreements or other agreements resolving any claims or cause of action (including, without limitation, all schedules, and exhibits attached thereto), together with any subsequent stipulations, orders and judgments resolving any of the claims, causes of action and relief subject to the lawsuit entitled *Gemcap Lending I, LLC v. CropUSA Insurance Agency, Inc., et al.*, United States District Court in the Central District of California, Case No. CV 13-05504 SJO (MANx).

**RESPONSE:**

    On this ___ day of _____, 2014, the undersigned attorney for AIA Services Corporation and AIA Insurance, Inc., certifies that the above responses and documents produced pertaining thereto are accurate and complete in accordance with the Idaho Rules of Civil Procedure.

                                                            By:_____

## VERIFICATION

STATE OF IDAHO                )
                                          ) ss.
COUNTY OF NEZ PERCE      )

_____, the authorized _____ of AIA Services Corporation and AIA Insurance, Inc., has read the above and foregoing, knows the contents thereof, and verifies the same to be true and correct on behalf AIA Services Corporation and AIA Insurance, Inc.

_____

SUBSCRIBED AND SWORN to before me this \_\_\_ day of _____, 2014.

_____
Print Name:_____
Notary Public in and for the State of
Idaho, residing at:_____
My Commission Expires:_____

DATED this 26th day of September, 2014.

                                      RODERICK BOND LAW OFFICE, PLLC

                                      By:_____
                                            Roderick C. Bond
                                            Attorney for Plaintiffs

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO AIA - 6

## CERTIFICATE OF SERVICE

I, Roderick C. Bond, declare that, on the date indicated below, I served a true and correct copy of the forgoing on the following person(s) via the methods indicated below:

| | |
|---|---|
| R. John Taylor<br>111 Main St.<br>P.O. Box 538<br>Lewiston, ID 83501<br>[Attorney for AIA Services and AIA Insurance] | **Via:**<br>( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>(**X**) Facsimile – 208-799-9172<br>( ) Messenger |
| Alyson A. Foster<br>Thomas A. Banducci<br>Zachary S. Zollinger<br>Andersen Banducci PLLC<br>101 S. Capitol Boulevard, Suite 1600<br>Boise, ID 83702<br>[Attorneys for Gemcap Lending I, LLC] | **Via:**<br>( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile – 208-342-4455<br>(**X**) Email (by Agreement) |

Signed this 26th day of September, 2014, at Bellevue, Washington.

_____
Roderick C. Bond

PLAINTIFFS' 1st REQUESTS FOR PRODUCTION TO AIA - 7