**EXHIBIT 18**

**TO**

**DECLARATION OF ALYSON A. FOSTER**



FILED
2015 MAR 30 PM 1 44
PATTY O. WEEKS
CLERK OF THE DIST. COURT
DEPUTY

# IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

PAUL D. DURANT, an individual; DALE L. MIESEN, an individual; DONNA J. TAYLOR, an individual,

    Plaintiffs,

v.

GEMCAP LENDING I, LLC, a Delaware LLC; AIA SERVICES CORPORATION, an Idaho Corporation; AIA INSURANCE, INC., an Idaho corporation and a 100% wholly owned Subsidiary of AIA Services Corporation

    Defendants.

CASE NO. CV14-01444

OPINION AND ORDER ON PLAINTIFFS' MOTION TO LIFT STAY AND DEFENDANT GEMCAP'S RENEWED MOTION TO DISMISS

This matter is before the Court on Plaintiff's Motion to Lift Stay and Defendant GemCap Lending's Renewed Motion to Dismiss. Defendants AIA Services Corporation and AIA Insurance, Inc. (collectively "AIA") have joined in Defendant GemCap Lending's Motion to Dismiss. The Court heard oral arguments on the Motions on March 5, 2015. Plaintiffs were represented by attorney Roderick C. Bond. Defendant GemCap Lending ("GemCap") was represented by attorney Alyson A. Foster. Defendants AIA were represented by attorney A. John Taylor. The Court, having read the Motions, affidavits and briefs submitted by the parties,

1

*Durant v. GemCap Lending*
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

**FOSTER DEC. EX. 18 pg. 1**

having heard oral arguments of counsel, and being fully advised in the matter, hereby renders its decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2014, Plaintiff's Paul Durant, Dale Miesen, and Donna Taylor filed the above-entitled action against Defendants GemCap and AIA. Plaintiffs are all shareholders in AIA. Plaintiffs assert the following facts in their Complaint. In November 2011, GemCap entered into a Loan and Security Agreement with CropUSA Insurance Agency, Inc. and CropUSA Insurance Services, LLC (collectively "CropUSA"). Under the agreement, CropUSA could receive up to $10 million in loans from GemCap. The Complaint characterizes CropUSA as a subsidiary of AIA, but distinguishes it as not a wholly owned subsidiary.

In October 2012, GemCap entered into a Security Agreement – Guarantee with AIA relative to the loan to CropUSA. The AIA security agreement was signed by R. John Taylor as President of AIA and makes AIA jointly and severally liable for CropUSA's debt to GemCap.[1] Plaintiffs assert R. John Taylor was without authority to enter into the guarantee agreement and that GemCap knew, or should have known, Taylor lacked the necessary authority.[2] Plaintiffs contend that, at the time AIA entered into the guarantee agreement, its Articles of Incorporation barred AIA from guaranteeing any loan for an entity not a wholly owned subsidiary of AIA and, therefore, because CropUSA was not a wholly owned subsidiary, the agreement was entered in violation of AIA's Articles of Incorporation. Plaintiffs further contend that the violation of AIA's Articles of Incorporation resulted in a violation of Idaho Code §§ 30-1-801(2), 30-1-202(2)(b)(ii)-(iii), and 30-1-302(7), and therefore AIA's guarantee agreement with GemCap is an

---

[1] See Exhibit A to the Complaint.
[2] R. John Taylor is on the Board of Directors of AIA and CropUSA and bears the title of President of both corporations.

2

*Durant v. GemCap Lending*
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

**FOSTER DEC. EX. 18 pg. 2**

illegal and unenforceable contract. Plaintiffs contend authorization to enter into the guarantee agreement was not sought from AIA's shareholders, was not entered into for normal business purposes, and no resolution approving the agreement was entered by AIA's Board. Alternatively, Plaintiffs contend that even if a resolution was entered, the Board members had such a pervasive conflict of interest that they were prevented from entering into the agreement. Plaintiffs contend that AIA will be irreparably harmed if held obligated under the agreement, as it lacks sufficient assets to satisfy the debt currently owed by CropUSA.[3] Therefore, Plaintiffs seek a declaratory judgment that the guarantee agreement is an illegal and unenforceable contract and seek a permanent injunction preventing GemCap from enforcing the contract. Plaintiffs further seek an award for attorney fees and costs pursuant to I.C. §§ 12-120(3) and 12-121.

On August 21, 2014, Plaintiffs filed a Motion for Partial Summary Judgment. The Motion was set for hearing but was later vacated by Plaintiffs. On September 4, 2014, Defendant GemCap filed a Motion to Dismiss or, Alternatively, to Stay Pending Outcome of Related Litigation. A lawsuit initiated by GemCap against CropUSA and AIA to collect the nearly $10 million debt was pending in California Federal court. GemCap asserted Plaintiffs should seek to intervene in the California litigation rather than be allowed to continue their lawsuit in Idaho. This Court agreed and granted GemCap's Motion to Stay on September 18, 2014. The parties are now back before this Court after the California court denied Plaintiffs' Motion to Intervene. Plaintiffs request this Court lift the Stay, Defendants have objected, and Defendants have renewed their Motion to Dismiss.

---

[3] The Complaint asserts CropUSA's debt to GemCap at the time the Complaint was filed was nearly $9 million.

3

*Durant v. GemCap Lending*
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

**FOSTER DEC. EX. 18 pg. 3**

## STANDARD OF REVIEW

The Court finds, and the parties agree, the decision to enter or lift a stay is within the Court's discretionary authority.

The standard on a motion to dismiss is as follows:

> The standards for reviewing a district court's dismissal under Idaho Rule of Civil Procedure 12(b)(6) and granting summary judgment are similar but not identical. *Young v. City of Ketchum,* 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). As to both, "the non-moving party is entitled to have all inferences ... viewed in his favor." *Id.* However, a 12(b)(6) motion looks only to the complaint to determine whether the plaintiff has stated a claim for relief. *Id.* Where a claim for relief is stated, the complaint survives the motion to dismiss and the plaintiff is entitled to offer evidence in support of its claim. *Orthman v. Idaho Power Co.,* 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

*Independent School Dist. of Boise City v. Harris Family Ltd. Partnership*, 150 Idaho 583, 587, 249 P.3d 382 (2011).

## ANALYSIS

### (A) PLAINTIFFS' MOTION TO LIFT STAY IS GRANTED

Upon entry of the Stay, Plaintiffs attempted to intervene in the California action. However, the motion was denied as untimely. Plaintiffs now ask this Court to lift the Stay entered in the instant matter. Defendants have entered objections to the Motion and have renewed their Motion to Dismiss should the Court lift the Stay.

The Court finds the Stay was entered to encourage Plaintiffs to intervene in the California action. In conformity with that purpose, Plaintiffs attempted to intervene. However, their Motion was denied as untimely. Therefore, the Court finds the Stay should be lift and this matter allowed to move forward.

4

*Durant v. GemCap Lending*
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

## (B) DEFENDANTS' RENEWED MOTION TO DISMISS

Defendants move to have Plaintiffs' lawsuit dismissed pursuant to IRCP 12(b)(1) and 12(b)6, contending Plaintiffs lack standing and have failed to state a claim on which relief may be granted.[4] Defendants contend Plaintiffs are without standing to bring a direct action, as they have failed to allege any individualized or distinct injuries for which they seek relief. The remedy sought by Plaintiffs in their Complaint are equitable remedies that inure to the benefit AIA directly and Plaintiffs only indirectly in their capacity as shareholders. As noted by Defendants in their briefing, Plaintiffs claims are classic derivative claims, not direct claims. The distinction between individual and derivative actions was specifically addressed by the Court in *McCann v. McCann*, 138 Idaho 228, 61 P.3d 585 (2002).

> The distinction between individual and derivative actions has been explained by one treatise as follows:
>
>> [I]t is generally held that a stockholder may maintain an action in his own right for an injury directly affecting him, although the corporation also may have a cause of action growing out of the same wrong, where it appears that the injury to the stockholder resulted from the violation of some special duty owed to the stockholder by the wrongdoer and having its origin in circumstances independent of the plaintiff's status as a shareholder.
>
> 19 AM.JUR.2D *Corporations* § 2249, 151 (1986).
>
>> A stockholder's derivative action is an action brought by one or more stockholders of a corporation to enforce a corporate right or remedy a wrong to the corporation in cases where the corporation, because it is controlled by the wrongdoers or for other reasons fails and refuses to take appropriate action for its own protection....
>>
>> An action brought by a shareholder is derivative if the gravamen of the complaint is the injury to the corporation or to the whole body of its stock

---

[4] Defendants Motion to Dismiss was filed before Plaintiffs motion to intervene in the California action was denied and, therefore, included as a cause for dismissal IRCP 12(b)(8). The Court need not make a determination on that basis as the issue is moot.

5

*Durant v. GemCap Lending*
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

**FOSTER DEC. EX. 18 pg. 5**

> or property and not injury to the plaintiff's individual interest as a stockholder.
>
> 19 AM.JUR.2D Corporations § 2250, 151–52 (1986).

McCann v. McCann, 138 Idaho at 233.

Plaintiffs' Complaint does not allege harm to them directly, nor does it seek a remedy that directly benefits them. Rather, it alleges AIA will be irreparably harmed if the guarantee agreement is enforced and seeks an equitable remedy for the benefit of AIA.[5]

Plaintiffs contend Donna Taylor clearly has a direct action, as she is the sole Series A Preferred shareholder with priority over common shareholders and, therefore, has a distinct injury. Plaintiffs' position is without basis in fact or law. While the law recognizes an exception that will allow a shareholder to bring a direct action, the facts asserted by Plaintiffs fail to bring their claim within the exception.

> A well-recognized exception to the rule that a shareholder must bring a derivative action for claims alleging injury to the corporation is that in a closely held corporation a minority shareholder may bring a direct action, rather than a derivative action, if the shareholder alleges harm to himself distinct from that suffered by other shareholders of the corporation or breach of a special duty owed by the defendant to the shareholder. *Cunningham v. Kartridg Pak Co.,* 332 N.W.2d 881 (Iowa 1983); *see also Thomas v. Dickson,* 250 Ga. 772, 301 S.E.2d 49 (1983); *Russell v. First York Savings Co.,* 218 Neb. 112, 352 N.W.2d 871 (1984), *overruled on other grounds in Van Pelt v. Greathouse,* 219 Neb. 478, 364 N.W.2d 14 (1985); *Crosby v. Beam,* 47 Ohio St.3d 105, 548 N.E.2d 217 (1989); *Horizon House–Microwave, Inc. v. Bazzy,* 21 Mass.App.Ct. 190, 486 N.E.2d 70 (1985).
>
> *Schumacher v. Schumacher,* 469 N.W.2d 793, 798 (N.D.1991); *see also Action in Own Name by Shareholder of Closely Held Corporation,* 10 A.L.R. 6th 293 § 13 (2006).

McCann v. McCann, 152 Idaho 809, 815-816, 275 P.3d 824 (2012).

---

[5] See ¶ 34 of the Complaint.

6

*Durant v. GemCap Lending*
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

**FOSTER DEC. EX. 18 pg. 6**

In the instant matter, Plaintiff Donna Taylor does not assert a direct harm to her distinct from that suffered by other shareholders. Rather, the Complaint alleges harm to the corporation and, to the degree it alleges harm to the Plaintiffs, there is no distinction in the harm to Donna Taylor as the sole Series A Preferred shareholder and the common shareholders, other than she may suffer the harm first.

The Court finds Plaintiffs lack standing to bring a direct action against the Defendants, having not been a party to the guarantee agreement, and they have failed to state a claim on which relief may be granted, having brought their lawsuit as a direct, rather than a derivative action. The Court having found Plaintiffs are without standing to bring a direct action, any determination as to the legality of the guarantee agreement is moot.

## ORDER

Plaintiffs' Motion to Lift Stay is hereby GRANTED.

Defendants' Renewed Motion to Dismiss is hereby GRANTED WITHOUT PREJUDICE.

Dated this ___ day of March 2015.

JEFF M. BRUDIE, District Judge

7

*Durant v. GemCap Lending*
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

**FOSTER DEC. EX. 18 pg. 7**

CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing OPINION & ORDER was:

\_\_\_\_\_ hand delivered via court basket, or faxed

__✓__ mailed, postage prepaid, by the undersigned at Lewiston, Idaho, this 31st day of March, 2015, to:

Roderick Bond
Roderick C. Bond Law Office, PLLC
601 108th Ave NE, Suite 1900
Bellevue, WA 98004

Alyson A. Foster
101 S. Capitol Blvd, Suite 1600
Boise, ID 83702

R. John Taylor
PO Box 538
Lewiston, ID 83501

PATTY O. WEEKS, CLERK

By: _____
Deputy

Durant v. GemCap Lending				8
Opinion & Order on Motion to Lift Stay and
Renewed Motion to Dismiss

**FOSTER DEC. EX. 18 pg. 8**