**EXHIBIT 24**

**TO**

**DECLARATION OF ALYSON A. FOSTER**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company, | No. 15-55332 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-05504-SJO-MAN |
| and | |
| CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CROPUSA INSURANCE SERVICES LLC, an Idaho limited liability company; AIA INSURANCE, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; R. JOHN TAYLOR, an individual, AKA R. Johnson Taylor, AKA Ray Johnson Taylor, AKA Raymond J. Taylor; REINSURANCE PARTNERS LLC, an Idaho limited liability company; GREEN LEAF REINSURANCE PARTNERS LLC, a Delaware limited liability company; SOUND INSURANCE AGENCY; JOLEE DUCLOS, an individual; HILLCREST AIRCRAFT COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FOSTER DEC. EX. 24 pg. 1

(2 of 10)
Case 2:18-cv-00370-RMP ECF No. 9-26 filed 09/18/18 PageID.1111 Page 3 of 10
Case 2:16-cv-04384-SJO-MRW Document 183 Filed 07/14/18 Page 3 of 11

DONNA J. TAYLOR,

      Intervenor-Appellant.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 9, 2017[**]
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Donna Taylor appeals from the district court's denial of her motion to intervene. The district court ruled that her motion was untimely. We affirm.

1. The district court did not abuse its discretion in ruling that the motion to intervene was untimely.[1] *See United States v. Alisal Water Corp.*, 370 F.3d 915, 918–19 (9th Cir. 2004). It rationally weighed all three considerations for

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Taylor contends that we should review de novo the timeliness issue, relying on *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In that case, however, de novo review was appropriate because the district court denied the appellant's motion to intervene in a one-sentence order that did not specify whether the denial was based on a finding of untimeliness. *Id.* By contrast, the district court here denied the motion in an eight-page order clearly explaining why the district court found Taylor's motion to be untimely. Accordingly, abuse of discretion is the appropriate standard of review.

FOSTER DEC. EX. 24 pg. 2

determining whether a motion to intervene is timely. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) ("In determining whether a motion for intervention is timely, we consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" (citation omitted)). Taylor's decision to delay intervention until after the parties had reached a settlement agreement "weigh[s] heavily against" intervention. *Orange Cty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986); *see also Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984) (affirming the district court's ruling "that intervention on the eve of settlement following several years of litigation was not timely"). It was reasonable for the district court to conclude that prejudice would result if Taylor were permitted to contest the terms of the parties' settlement. *See United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990). Fourteen months elapsed between the start of the lawsuit in July 2013 and the September 2014 settlement, during which time Taylor knew that no one was asserting her illegality defense. An additional four months passed between the settlement and Taylor's January 2015 motion to intervene. It was not an abuse of discretion for the district court to find that Taylor should have moved to intervene sooner.

3

Case 2:18-cv-00372-RMP ECF No. 9-26 filed 08/18/18 PageID.1112 Page 5 of 11
Case: 18-cv-00372-RMP ECF No. 26 filed 09/14/18 PageID.1112 Page 5 of 11
(4 of 10)

That a party or the court can raise the issue of illegality at any stage in the proceedings, *see, e.g., Taylor v. AIA Servs. Corp.*, 261 P.3d 829, 841–42 (Idaho 2011), does not absolve potential interveners of their duty to "act as soon as [they] 'know[] or ha[ve] reason to know that [their] interests might be adversely affected by the outcome of the litigation.'" *Oregon*, 913 F.2d at 589 (citation omitted). Taylor, knowing that this lawsuit potentially affected her interests, was not permitted to wait on the sidelines hoping that another party or the court would step up to the plate for her. *Cf. Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (per curiam) ("The crux of appellants' argument is that they did not know the settlement decree would be to their detriment. But surely they knew the risks. To protect their interests, appellants should have joined the negotiations before the suit was settled."). Taylor's lack of resources to hire a California attorney also does not excuse her failure to intervene sooner. *See Alisal Water Corp.*, 370 F.3d at 923–24 ("An applicant's desire to save costs by waiting to intervene until a late stage in litigation is not a valid justification for delay. To hold otherwise would encourage interested parties to impede litigation by waiting to intervene until the final stages of a case.").

2. We lack jurisdiction to review anything other than the district court's denial of Taylor's motion to intervene. *See Alaniz*, 572 F.2d at 659 ("Inasmuch as

appellants' application for intervention was properly denied, they are without standing to litigate the merits of the decree. Therefore, appellants' other arguments are to no avail." (citation omitted)); *Pellegrino v. Nesbit*, 203 F.2d 463, 468–69 (9th Cir. 1953) (holding that where the original parties to a suit did not appeal, "[o]ur jurisdiction is . . . limited to review of the final order from which appellant appeals, that is, the denial of the motion to intervene"). We therefore decline Taylor's invitation to decide whether the agreements underlying this dispute were illegal and unenforceable.

    **AFFIRMED**.

FOSTER DEC. EX. 24 pg. 5

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    - ▶ A material point of fact or law was overlooked in the decision;
    - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

Post Judgment Form - Rev. 08/2013                                                                                                1

FOSTER DEC. EX. 24 pg. 6

▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
▶ The proceeding involves a question of exceptional importance; or
▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

(9 of 10)
Case 2:18-cv-00370-RMP ECF No. 9-26 filed 09/18/18 PageID.1118 Page 10 of 11
Case 1:16-cv-00363-DCN-CWD Document 240-2 Filed 09/17/18 Page 10 of 11

Form 10. Bill of Costs ...................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[ ] v. [ ]  9th Cir. No. [ ]

The Clerk is requested to tax the following costs against: [ ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED (Each Column Must Be Completed) | | | | ALLOWED (To Be Completed by the Clerk) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other\*\*** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

FOSTER DEC. EX. 24 pg. 9

*Continue to next page*

(10 of 10)
Case 2:18-cv-00370-RMP ECF No. 9-26 filed 09/18/18 PageID.1119 Page 11
Case 1:15-cv-00405-DCN-CWD Document 249-2 filed 09/17/18 page 11 of 11

**Form 10. Bill of Costs -** *Continued*

I, [_____], swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [_____]

("s/" plus attorney's name if submitted electronically)

Date [_____]

Name of Counsel: [_____]

Attorney for: [_____]

---

*(To Be Completed by the Clerk)*

Date [_____]    Costs are taxed in the amount of $ [_____]

Clerk of Court

By: [_____], Deputy Clerk

**FOSTER DEC. EX. 24 pg. 10**