JAMES B. KING, #8723
MARKUS W. LOUVIER, #39319
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendant
jking@ecl-law.com
mlouvier@ecl-law.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE L MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN D. MUNDING and JANE DOE MUNDING, married individuals and the community property comprised thereof; JOHN OR JANE DOES I-III, unknown individuals; MUNDING, P.S., a Washington Professional Services Corporation; AIA SERVICES CORPORATION, an Idaho corporation and a nominal defendant; AIA INSURANCE, INC.; an Idaho corporation and a nominal defendant;<br><br>Defendants. | Case No. 2:18-CV-270<br><br>DEFENDANTS JOHN MUNDING, KAREN MUNDING, MUNDING P.S. AND CRUMB AND MUNDING P.S.'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE<br><br>**February 8, 2019 at 10:00 a.m.** |

RESPONSE MOTION TO STRIKE - 1

## I. INTRODUCTION

Plaintiff Miesen moves to strike materials submitted in support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. The vast majority of the materials submitted are either: (1) documented filed in federal or state courts, or (2) documents authored by Miesen and his attorney, Mr. Bond. Specific evidentiary matters are discussed herein.

## II. AUTHORITIES AND ARGUMENT

### A. Plaintiff Ignores Applicable Precedent Pertaining to 28 U.S.C. § 1746

Plaintiff contends that the Louvier Affidavit (ECF No. 8) fails to comply with 28 U.S.C.A § 1746, and thus should be stricken. ECF No. 22 at 5. It should be noted that Plaintiffs do not state why the affidavit fails to comply with the statute. Further, Plaintiffs contend that the affidavit is not-admissible because it is not notarized, but fails to cite to any law or statute requiring notarization. *Id.*

The statute cited by Miesen indicates that a declaration or affidavit include, in substantial form, the following language:

> **(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".
> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

RESPONSE MOTION TO STRIKE - 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

(Signature)".

While the Louvier Affidavit does not contain the specific language contained in 28 U.S.C § 1746. However, it does state: "Being first duly sworn upon oath deposes and says:"

So long as the purpose of the statute is satisfied, the exact language provided in 28 U.S.C § 1746 is not required. "Strict compliance with the statute recognizing certain unsworn declarations as competent evidence to oppose a motion for summary judgment is not required as long as the unsworn declaration substantially satisfies the statute." *Rogers v. City of Selma*, 178 F. Supp. 3d 1222 (S.D. Ala. 2016), *appeal dismissed* (June 16, 2016), *judgment entered*, No. CV 14-586-CG-M, 2016 WL 1425667 (S.D. Ala. Apr. 8, 2016). In *United States v. Roberts*, 308 F.3d 1147, 1154–55 (11th Cir.2002), a party complied with 1746 through the disclaimer "to the best of the declarant's knowledge, information or belief." In *Schroeder v. McDonald*, 55 F.3d 454, 460 n. 10 (9th Cir.1995), compliance with 28 U.S.C.A § 1746, was established through the statement "the facts stated in….the complaint are true and correct as known to me."

Affidavits using the language "being first duly sworn on oath," have been admitted and allowed by federal courts across numerous jurisdictions. In *Gasal v. CHS Inc.,* 798 F. Supp. 2d 1007, (D.N.D. 2011), the court examined two affidavits

RESPONSE MOTION TO STRIKE - 3

that utilize the language used by Louvier. There is no mention of the affidavits being inadequate or inadmissible. See also *Leisy v. United States*, 102 F. Supp. 789, 791 (D. Minn. 1952); *Cellini v. Moss*, 232 F.2d 371, 371 (D.C. Cir. 1956); *See Also, Lakeview Outlets, Inc. v. Uram*, No. 95-CV-0136, 1996 WL 571520, at 2 (N.D.N.Y. Oct. 2, 1996).

### B. Judicially-filed documents are subject to consideration under Fed. R. Civ. P. 12(b)(6).

In general, when ruling upon a motion to dismiss for failure to state a claim, courts will consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matter about which the court may take judicial notice." *Safari Club Int'l v. Jewell*, 76 F. Supp. 3d 198, 205 (D.D.C. 2014), *rev'd and remanded*, 842 F.3d 1280 (D.C. Cir. 2016) (quoting *Gustave–Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C.2002)). Generally, "Rules require that if the Court does consider 'matters outside the complaint' it must convert the motion into a motion for summary judgment…" *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 281–82 (E.D. Va. 1995) (quoting *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1471 (4th Cir.1991)).

The Court can consider additional matters as well: "In reviewing the district court's dismissal of a complaint for failure to state a claim, the Court of Appeals

RESPONSE MOTION TO STRIKE - 4

1  will consider documents incorporated by reference into the complaint and matters
2  of public record." *Lister v. Bank of Am., N.A.*, 790 F.3d 20 (1st Cir. 2015). "We
3  have recognized however, that a document central to the plaintiff's claim and
4  referred to in the complaint may be considered in resolving a motion to dismiss,
5  at least where the document's authenticity is not in dispute." *Hall v. Bellmon*, 935
6  F.2d 1106, 1109 (10th Cir. 1991).

7  "Numerous cases ... have allowed consideration of
8  matters incorporated by reference or integral to the claim, items subject to judicial
9  notice, matters of public record, orders, items appearing in the record of the case,
10 and exhibits attached to the complaint whose authenticity is unquestioned; these
11 items may be considered by the district judge without converting the motion into
12 one for summary judgment." *Dutcher v. Matheson*, 840 F.3d 1183, 1187 (10th Cir.
13 2016) (quoting Charles Alan Wright, et al., 5B Federal Practice & Procedure §
14 1357 (3d ed. database updated Apr. 2016)).

15 In a 12 (b)(6) proceeding, pleadings and orders from a related legal matter
16 may be considered by the court through judicial notice. A court may take judicial
17 notice of or consider "prior pleadings, orders, judgments and other related
18 documents that appear in the court records of prior litigation and that related to the
19 case *sub judice.*" *Ferrari v. Cnty. of Suffolk,* 790 F.Supp.2d 34, 38 n. 4

20 RESPONSE MOTION TO STRIKE - 5

(E.D.N.Y.2011). Plaintiffs apparently agree with this precedent from *Ferrai,* as established by a statement featured in their Motion to Strike. "Courts may take judicial notice of court dockets in other courts." *Porter v. Ollison,* 620 F.3d 952, 954-955) 9th Cir. 2010)." ECF 22 at 3-4.

Plaintiffs brought suit in the United States District Court for the District of Idaho as an attempt to invalidate the judgment entered in GemCap's favor from the prior California litigation. Both the Idaho and California litigation are clearly related to the present situation, as the claims and facts are identical. As such, the prior pleading from both the Idaho and California litigation is admissible through judicial notice as an exhibit for this court to consider in a 12(b)(6) proceeding.

**1. Louvier Affidavit**.

The Louvier Affidavit complies with Section 1746. *See, Section A.*

**Exhibits A-E.** With respect to Exhibits A-E (ECF No. 8-1 – 8-5) the documents are not subject to any reasonable dispute as to authenticity. All of the documents are ***authored by Miesen's counsel.*** While Miesen takes apparent exception as to relevance, each of the emails shows that Bond was acting on behalf of Miesen, had awareness of the California litigation, and threatened claims as early as 2013. *See,* Fed. R. Evid. 801(d)(2).

**Exhibits F-H.** Exhibits F-H are judicial documents which were filed in courts of record. Miesen disingenuously "disputes the authenticity, accuracy and admissibility" of the exhibits only to the extent that Miesen contends there is no final judgment in the California litigation. Miesen can dispute the meaning of the documents, but they are subject to judicial notice. Finally, Miesen argues that the final judgment in the California judgment is hearsay. He cites only to *United States v. Boulware,* 384 F.3d 794, 805-806 (9th Cir. 2004). The *Boulware* court held that the judgment in question *was* admissible under Fed. R. Evid. 803(14). Further, the judgment is offered, at least in part, for matters not relating to the truth of the matters set forth therein: (1) to show that Miesen had notice concerning the finality of the underlying litigation, (2) to show that the litigation was indeed final.

**Exhibits I-L and O-P.** Miesen argues that the Court cannot take judicial notice of the facts contained in these exhibits. They cite to *Agustin v. PNC Financial Services Group, Inc.*, 707 F.Supp.2d 1080 (D. Hawaii 2010). However, the Court in *Augustin* held – in the face of an actual dispute over the dates and times that specific matters occurred – the court could not accept the documents. Miesen has failed to show any actual dispute as to the referenced documents. The documents are not hearsay as they are judicially filed documents.

RESPONSE MOTION TO STRIKE - 7

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Finally, ECF No. 8-11 is signed by Mr. Miesen. *See,* ECF No. 8-11 at pg. 12. It is admissible under Fed. R. Evid. 801(d)(2). It is likewise not hearsay as it is not offered to prove the truth of the matter asserted, but rather, it is offered to prove that Miesen knew of his claims against the AIA Entities because he filed a lawsuit against the AIA Entities in 2014 setting forth those very claims.

### 2. The Declaration of Alyson Foster.

The Foster Declaration and exhibits thereto were for judicial notice.

Miesen feigns confusion over the document, asserting that it is filed "as if it was prepared, signed and actually filed in this lawsuit." ECF No. 22 at pg. 5. Miesen further argues that it is hearsay and the documents attached to it cannot be authenticated. Interestingly, the document was filed on September 17, 2018 in the Idaho Litigation. Neither Mr. Bond nor Mr. Miesen has objected to the Declaration. While they have filed several motions to continue the Motion which it supports, they have not in any manner objected to the contents of the same. Further, Miesen did not object to the Foster Declaration when it was originally filed in this matter in support of Defendants' initial motion to dismiss. Any objection should be deemed waived.

RESPONSE MOTION TO STRIKE - 8

Further, the documents are not hearsay. The documents in question are not offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c)(2). They are offered to prove that the claims in question have been litigated in the past.

While Miesen "expressly disputes the authenticity, accuracy and admissibility" of the documents, he does not provide any basis for such disputes. He does not explain his argument or the basis for his objections.

### 3. The Declaration of John Munding.

First, Miesen argues that Munding's Declaration violates Rule 12(d). As set forth above, Munding's declaration is integral to the claims in the Complaint. Mr. Munding defines his limited role in the underlying litigation. Further, the exhibits are admissible.

Exhibit 1 (ECF No. 20-1) is a copy of the California litigation docket.

Exhibit 2 (ECF No. 20-2) is a copy of a September 6, 2013 letter from Mr. Bond promising to intervene in the California litigation (which is also admissible under Fed. R. Evid. 801(d)(2).

Exhibit 3 (ECF No. 20-3) is a copy of minutes from the California litigation.

Exhibit 4 (ECF No. 20-4) is an August 13, 2014 email from Mr. Bond concerning his pending malpractice claims against Mr. Munding – over four years

RESPONSE MOTION TO STRIKE - 9

before the lawsuit in question was actually filed. Again, this is a statement of a party opponent and is not offered to prove the truth of the matter asserted.

Exhibit 5 (ECF No. 20-5) is yet another email from Mr. Bond which is admissible for the aforementioned reasons.

With respect to all of the foregoing exhibits, Miesen allegedly "disputes" the authenticity, accuracy and admissibility of the same, but does not explain to this Court why he asserts those arguments.

**4. Defendants' Motion and Exhibit O to the Louvier Affidavit.**

First, Plaintiff argues that Defendants' arguments concerning res judicata, equitable claims, and Miesen's aiding and abetting claim should be dismissed because they are not supported by legal authority. Miesen misses the point: the aiding and abetting claim and equitable claims are not legally supportable. The Defendants argument is that he cannot support the claims with Washington law.

Second, Defendants filed pleadings and exhibits which were filed in the Idaho litigation. The purpose of filing such documents was not to weave around LR 7.1, but rather, to express to the Court that if GemCap prevails on its Motion in Idaho, Munding will be entitled to the same relief before this Court. The same analysis applies in terms of res judicata. Miesen, of course, will respond to GemCap's Motion in Idaho (if he has not done so already) and can certainly

RESPONSE MOTION TO STRIKE - 10

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

incorporate his arguments in this litigation. Miesen could likewise have moved to file excess pages if the res judicata argument required significant additional briefing rendering the LR 7.1 limits untenable. If the Court is inclined to grant Plaintiff's Motion to Strike, Defendants would prefer to simply withdraw their res judicata argument until the issue is dealt with in the Idaho litigation.

Plaintiff contends that Defendants, by including a copy of GemCap's Motion for Summary Judgment in the Idaho litigation as an exhibit to the Louvier Affidavit, is in violation of the briefing page limit under LR 7.1(e)(1) and LR 7.1(e)(4). ECF 22 at 11. Essentially, Plaintiff counts the exhibit as part of Defendants' brief. This ignores the document's status within this litigation as an exhibit, and classifies it as writing from the Defendant. In support of their contention, Plaintiffs cites to a footnote in *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556 (4th Cir. 1995). In *Columbus-Am*, the violating parties' written brief went over the number of pages permitted. Plaintiffs attempt to equate such excessive briefing with an exhibit that includes multiple pages. The reality is that Defendants sought to apprise this Court of a related court dealing with the very same issue. Plaintiffs provide no rule or case stating that exhibits will count towards a brief's page limit.

1     DATED this 27th day of November, 2018.

2                                    By     /s/ Markus W. Louvier

MARKUS W. LOUVIER, #39319
JAMES B. KING, #6732
Attorneys for Munding Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
mlouvier@ecl-law.com
jking@ecl-law.com

RESPONSE MOTION TO STRIKE - 12

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# CERTIFICATE OF SERVICE

I hereby certify that on November 27th 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

*Counsel for Plaintiffs*
Roderick C. Bond
Roderick Bond Law Office, PLLC
601 108th Avenue NE, Suite 1900
Bellevue, Washington 98004
rod@roderickbond.com

By /s/ Markus W. Louvier
MARKUS W. LOUVIER, #39319
Attorney for Defendant
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
mlouvier@ecl-law.com