JAMES B. KING, #8723
MARKUS W. LOUVIER, #39319
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendant
jking@ecl-law.com
mlouvier@ecl-law.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE L MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN D. MUNDING and JANE DOE MUNDING, married individuals and the community property comprised thereof; JOHN OR JANE DOES I-III, unknown individuals; MUNDING, P.S., a Washington Professional Services Corporation; AIA SERVICES CORPORATION, an Idaho corporation and a nominal defendant; AIA INSURANCE, INC.; an Idaho corporation and a nominal defendant;<br><br>Defendants. | Case No. 2:18-CV-270<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JOHN MUNDING, KAREN MUNDING, MUNDING P.S. AND CRUMB AND MUNDING P.S.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>**February 8, 2019 at 10:00 a.m.** |

REPLY RE: MOTION TO DISMISS FAC - 1

## I. INTRODUCTION

Miesen's Response hinges upon loosely pled, conclusory descriptions of conduct without supportive facts. He attributes all acts or omissions to "Defendants" without describing facts which should result in liability on the part of Munding. Miesen – insofar as Munding is concerned – was required to plead facts which show he is plausibly entitled to relief against Munding. Where Miesen has embarked on litigation in several states and made two efforts to submit a viable Complaint in this case, his lawsuit should be dismissed with prejudice.

## II. AUTHORITIES AND ARGUMENTS

**A. Plaintiffs' claims must be dismissed where they failed to submit a legally sufficient pre-litigation demand.**

Miesen claims his derivative demands were "more than sufficient" and labels Munding's arguments "disingenuous," because Munding cited "only a fraction of the demands' content." ECF 23 at pg. 5. It is true that Defendants cited only a small fraction of the content of the letters. Only a small, vague fraction of the content of the letters addressed Munding. Miesen fails to point to *any* section of either demand which states "**facts, not mere general conclusions.**" *McCann v. McCann,* 138 Idaho 228, 61 P.3d 585 (Idaho 2002). Requests to "take action" in connection with a transaction complained of are insufficient. *Id.*

Miesen demanded pursuit of "all possible claims" (i.e. "take action") against

REPLY RE: MOTION TO DISMISS FAC - 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Munding. Miesen argues his demands were sufficient, but for the ostensible sake of brevity does not recite facts or information explaining how such demands were sufficient. While he argues that the AIA Entities did not "request any additional information or clarification" he cites to no authority for this supposed requirement.

Finally, Miesen argues Judge Dale concluded the demands were legally sufficient. Miesen's argument, to use his own word, is "disingenuous" at best, materially misleading at worst. Judge Dale did not rule on the legal sufficiency of the demand letters insofar as Munding is concerned. Munding was not a party to the Idaho litigation and the sufficiency of the derivative demand was not challenged as to claims against Munding.

**B.    Diversity jurisdiction does not exist.**

Miesen can only make derivative claims. *McCann, supra; Tuscano v. Tuscano*, 403 F. Supp. 2d 214, 223 (E.D.N.Y. 2005). Accordingly, unless he demonstrates both AIA Entities are antagonistic to him, the AIA Entities are properly aligned as plaintiffs and defendants, and this action must be dismissed.

Miesen only alleges on a single occasion that the AIA Entities are "antagonistic" to his interests. ECF 10 at 18. He does not explain how or why this is so. In fact, the AIA Entities were not put on notice of the claims Miesen intended to make against Munding. *Section A, supra.* He failed to explain how *each* AIA

REPLY RE: MOTION TO DISMISS FAC - 3

entity was or is antagonistic to his interests as a minority shareholder.

**C.     Plaintiffs' claims are barred by res judicata.**

Miesen argues: (1) Defendants are not "in privity" with the AIA Entities, and (2) there is no "final judgment" in the underlying litigation.

As to "privity," Miesen is incorrect. Miesen cites *Barr v. Day,* 124 Wash.2d 318, 879 P.2d 912 (1994), in which it was made clear that the party ***against whom*** a defense is asserted needs to be a party in the previous action. Miesen argues that "Defendants are not in privity with the AIA entities in any of the lawsuits…" ECF 23. Again, Miesen uses the blanket term "Defendants" without identifying whether it is one or both of the AIA Entities or Munding. The fact of the matter in this case is that the AIA Entities *were* parties to the California litigation. Miesen was aware of the California litigation as was his counsel. Miesen has no personal claims in this lawsuit, they are all derivative. *McCann,* 138 Idaho 228. The AIA Entities were parties to the California litigation and are bound by the final judgment.

Second, Miesen argues that it is "unclear how the Defendants could assert res judicata or collateral estoppel…unless and until there is a final judgment." ECF 23 at pg. 9. Res judicata "bars litigation in a subsequent action of any claims that were raised or ***could have been raised*** in the prior action." *Owens v. Kaiser Found. Health,* 244 F.3d 708, 713 (9th Cir. 2001). Claim splitting is part of res judicata.

REPLY RE: MOTION TO DISMISS FAC - 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*Single Chip v. Intermec IP Corp.,* 495 F.Supp.2d 1052, 1058 (S.D. Cal. 2007).

> The doctrine of claim-splitting is the notion that a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit… The ultimate objective of this rule against claim-splitting is to "protect the Defendant from being harassed by repetitive actions based on the same claim"

*Cook v. C.R. England, Inc.,* No. CV 12-3515-GW CWX, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (internal citations omitted).

Miesen – as a minority shareholder– was aware of the California litigation but did not intervene to assert claims or defenses against GemCap. Miesen subsequently sued GemCap and both AIA Entities. ECF 8-11. Miesen verified the 2014 Complaint. He specifically challenged the guarantee, the financing statement, and sought to void any settlement agreements concerning the same. *Id.*

As to the California Litigation, a final judgment was entered on April 12, 2015. ECF 8-7. While Miesen claims the judgment is not "final," for purposes of res judicata, a stipulated judgment is a judgment on the merits. *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996); *United States v. International Bldg. Co.,* 345 U.S. 502, 505-06, 73 S.Ct. 807, 808-09 (1953). The California litigation is final. Miesen's position is logically untenable: If the judgment is less than final, how can it be said that Miesen or the AIA Entities sustained any injury or damage? Miesen contends AIA has been extensively damaged. ECF 10 pgs. 65-66.

REPLY RE: MOTION TO DISMISS FAC - 5

**D.     California law should apply to Plaintiffs' claims.**

Miesen asserts that California law should not apply because the only "conflict" of law relates to the statute of limitations. Miesen is incorrect. First, there is a conflict as to the relative statutes of limitation. Second, the conflicts of law include Miesen's legal malpractice claims as well as his consumer protection claims – where clear conflicts of law exist.

California's version of Washington's Consumer Protection Act, the CCLRA does not contain any claim which could be asserted against Munding. A conflict between the consumer protection acts adopted by different states is a conflict of law which requires a conflict analysis. *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 550–51 (W.D. Wash. 2008). The CCLRA lists 27 highly-specific categories of "proscribed practices" which is the exhaustive list of claims which can be asserted. Cal. Civ. Code § 1770, 1780. None apply to Munding.

California has never recognized that double derivative lawsuits are permissible. At least one court has held that they are not permissible under California law. *Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998) *as amended* (July 15, 1998), *Gaillard v. Natomas Co.,* 173 Cal.App.3d 410, 419, 219 Cal.Rptr. 74 (1985). To the extent Miesen claims Washington allows such lawsuits, Washington and California are in conflict on that point.

REPLY RE: MOTION TO DISMISS FAC - 6

**E.     Miesen's claims are time barred under California or Washington law.**

Miesen asserts that his claims are timely under California (or Washington) law as a consequence of the "continuous representation" or "discovery rule."

Under either California or Washington law, continuing representation ends when the attorney ceases to represent the client in the matter at issue. *Gonzalez v. Kalu*, 140 Cal. App. 4th 21, 28, 43 Cal. Rptr. 3d 866, 870 (2006); *Hipple v. McFadden*, 161 Wash. App. 550, 558, 255 P.3d 730, 733–34 (2011). "Termination" does ***not*** require formal withdrawal. *Id.* There is no dispute that Munding's representation ended, at the latest, in April of 2015. ECF 20 at 18.

Miesen's next attempts to evade application of the statute of limitations under the discovery rule. Under California and Washington law, a plaintiff asserting the discovery rule must show an absence of knowledge of the factual elements of the claim. Cal. Code of Civ. Proc. Section 340.6; *Winhun v. Moore,* 143 Wn.2d 206, 18 P.3d 576 (2001); *Green v. A.P.C,* 136 Wn.2d 87, 96, 960 P.2d 912 (1998) ([O]ne who has notice of facts sufficient to put him on inquiry is deemed to have notice of all acts which reasonable inquiry would disclose.).

Regardless of knowledge, the statute of limitations under either Washington or California law runs from entry of a judgment. *Laird v. Blacker*, 828 P. 2d 691, 696 (Cal.1992); *Simburg v. Olshan*, 97 Wash. App. 901, 447, 988 P.2d

REPLY RE: MOTION TO DISMISS FAC - 7

467, 473 (1999), 109 Wash. App. 436, 33 P.3d 742 (2000) (Client deemed to possess knowledge of attorney's litigation errors "upon entry of judgment").

Finally, Miesen alleges that "fraudulent concealment" "tolls all statute [sic] of limitations for all claims." Miesen then candidly admits that he cannot say what facts he was deprived of concerning the claims against Munding. ECF 10 at 104. Miesen knew of Munding's representation, that Munding was not asserting the defenses Bond claimed should be asserted, a settlement was reached and a judgment was entered against the AIA Entities. ECF 8-2, 8-3, 8-4, 8-5 ("GemCap should not have lent the money in the first place and it [sic] improper to do so."; "I've been monitoring the California lawsuit and I don't see any pleadings or filings in which you are seeking invalidate AIA's illegal guarantee…All of these acts are in violation of AIA's articles…"; "While my clients are taking action…to have the guarantee declared illegal…my clients will be serving a derivative demand…to assert legal malpractice claims against you.").

Miesen sued the AIA Entities and GemCap in 2014, asserting the guarantee and settlement agreements should be declared "unlawful, illegal, void, and unenforceable." *Id. at 37*. Bond asserted that he received a copy of the settlement agreement in December of 2015. Id., *Exhibit L, pg. 3*.

REPLY RE: MOTION TO DISMISS FAC - 8

**F.    Plaintiffs' equitable claims must be dismissed.**

Plaintiffs concede that Washington has not adopted the "wrongful act" doctrine underpinning their claim. Absent adoption, it must be dismissed.

**G.    Plaintiffs' "aiding and abetting" is not supported by Washington law.**

Plaintiffs cite Restatement of Torts Section 876. That section makes it clear that a defendant must provide *substantial* affirmative assistance and become a co-conspirator of the primary tort in order to accomplish the same purpose. Plaintiffs fail to allege *facts* attributable to Munding which could be deemed "acting in concert." The cases cited by Plaintiffs show the need to prove a tacit agreement among the defendants to perform a tortious act (*Abbott Labs*) and must be pled with "**the required particularity.**" *Perkumpulan,* 781 F.Supp.2d at 1116.

**H.    Miesen's declaratory judgment action should be dismissed.**

Miesen fails to specific how Munding allegedly violated the rules of professional conduct or how his fee agreement was allegedly illegal. Miesen fails to specify what agreements were entered into and how they allegedly violate the law. Where he has failed to satisfy the requirements of *Twombly,* his claim should be dismissed. Finally, there is no argument that Munding's agreement with the AIA Entities is or could be governed by Washington law.

**I.      Plaintiffs failed to plead fraudulent concealment.**

Miesen vaguely argues that Munding had a duty to "disclose facts." He does not say what facts Munding had a duty to disclose and allegedly failed to disclose. His claim does not give fair notice concerning fraudulent concealment. Indeed, Miesen admits that he cannot prove fraud by Munding. ECF 10 ¶ 104.

**J.      Plaintiffs' Consumer Protection Act claims must be dismissed.**

A CPA plaintiff must assert: (1) an unfair or deceptive act/practice, (2) in trade/commerce, (3) that impacts the public interest, (4) the plaintiff has suffered injury in his or her business or property, and (5) a causal link. *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wn.2d 133, 149, 930 P.2d 288, 296 (1997).

First, Miesen contends that the CPA's scope is not limited to Washington residents. Miesen asserts that "RCW 18.86.920 [sic] has no limitation to Washington residents and asserts just the opposite." ECF 23 at pg. 18. Miesen is incorrect: "'Trade' and 'commerce' shall include the sale of assets or services, and any commerce directly or indirectly affecting the **people of the state of Washington.**" RCW 19.86.010(2). Washington cannot regulate conduct outside its borders. *Am. Fuel & Petrochemical v. O'Keeffe*, 903 F.3d 903, 916–17 (9th Cir. 2018). No salient act of Munding's occurred in the State of Washington.

Second, Miesen contends Munding's acts were "entrepreneurial" and

REPLY RE: MOTION TO DISMISS FAC - 10

therefore, are subject to the CPA. Miesen's characterization of Munding's conduct – without factual support is insufficient to plead a claim.

Third, Miesen contends that the FAC alleges many "examples" of unfair and deceptive acts. Miesen does not explain how *anyone* was misled or deceived by any statement or act of Munding's. Indeed, no act or omission is described by Miesen. Miesen's allegations expose the paradox at the heart of his claims: Miesen and his counsel knew all of the information which was allegedly misleading or deceptive in real time. ECF 20-2 (Dated September 6, 2013 "I do want to reiterate that [the AIA Entities'] guarantees are illegal and unenforceable…We are in the process of retaining California counsel to intervene in the lawsuit."). Bond did not intervene. The settlement occurred a year after his email. ECF 20-3.

Fourth, with respect to the public interest component, Miesen fails to show a "**real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act**" being repeated. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604-05 (2009). Miesen points to precisely what *Michael* prohibits: speculative hypotheticals and possibility. ECF 23 at pg. 19.

Finally, with respect to the statute of limitations, acts or omissions before August 21, 2014 are time barred. Miesen's arguments concerning the discovery rule, fraudulent concealment, and/or continuing representation are refuted, *supra*.

REPLY RE: MOTION TO DISMISS FAC - 11

DATED this 27th day of November, 2018.

By     /s/ Markus W. Louvier
MARKUS W. LOUVIER, #39319
JAMES B. KING, #6732
Attorneys for Munding Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
mlouvier@ecl-law.com
jking@ecl-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 27th 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

*Counsel for Plaintiffs*
Roderick C. Bond
Roderick Bond Law Office, PLLC
601 108th Avenue NE, Suite 1900
Bellevue, Washington 98004
rod@roderickbond.com

By  /s/ Markus W. Louvier
MARKUS W. LOUVIER, #39319
Attorney for Defendant
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
mlouvier@ecl-law.com