FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary, AIA Insurance Inc., <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>JOHN D. MUNDING and KAREN MUNDING, married individuals and the community property comprised thereof; JOHN or JANE DOES 1-111, unknown individuals; MUNDING PS, a Washington professional services corporation; CRUMB & MUNDING PS, a Washington professional services corporation; AIA SERVICES CORPORATION, an Idaho corporation; and AIA INSURANCE INC., an Idaho corporation, <br><br>　　　　　　Defendants. | NO: 2:18-CV-270-RMP <br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE |

1  BEFORE THE COURT is a motion by Defendants John Munding, Karen
2  Munding, Munding P.S., and Crumb and Munding P.S., the latter two Defendants
3  being firms in which Mr. Munding is allegedly a shareholder (collectively the
4  "Munding Defendants"), ECF No. 19. Also before the Court is Plaintiff Dale
5  Miesen's motion to strike certain documents in the record, ECF No. 22. The Court
6  heard oral argument from the parties, at which Roderick Bond appeared for Plaintiff
7  and James King and Markus Louvier appeared for the Munding Defendants, and
8  reviewed all briefing submitted by the parties as well as relevant authority. *See* ECF
9  Nos. 19, 20, 22, 23, 24, 27, 28, and 30. Consequently, the Court is fully informed.

## BACKGROUND

Plaintiff Mr. Miesen is a minority shareholder of AIA Services Corporation ("AIA Services"). ECF No. 10 at 8, 10−11, 20. Defendant Mr. Munding is an attorney based in Spokane, Washington, who represented AIA Services and AIA Insurance, Inc. (collectively the "AIA Entities") in litigation in California. *Id.* at 37−38, 40, 43. Through his amended complaint, Mr. Miesen seeks to sue the Munding Defendants for legal malpractice in a derivative capacity on behalf of AIA Services and in a "double derivative" capacity on behalf of AIA Insurance, which Mr. Miesen alleges is a fully owned subsidiary of AIA Services. *Id.* at 4−5, 7−10; *see also* ECF No. 23 at 10−11. He also names as Defendants John or Jane Does I-III, "individuals, attorneys practicing law in . . . Washington [who] . . . along with

John D. Munding, also provided legal services and/or Crumb & Munding, P.S.[,]" and the AIA Entities. ECF No. 1 at 6−8.

Plaintiff brings the following claims against "Defendants," without excluding any Defendant from the collective: breaches of fiduciary duties (Count 1); fraudulent concealment (Count 2); aiding and abetting in other parties' breaches of fiduciary duties and fraud (Count 3); legal malpractice (Count 4); violations of Washington Consumer Protection Act (Count 5); and declaratory judgment (Count 6). ECF No. 10.

Plaintiff alleges that, prior to Mr. Munding's representation of the AIA Entities, AIA Insurance seated an improperly elected board of directors. ECF No. 10 at 13. Subsequently, the AIA Entities secured lines of credit ultimately totaling $10,000,000.00 from a "hard money" lender, GemCap Lending I, LLC ("GemCap"). *Id.* at 14−15. When the loans went unpaid, GemCap sued the AIA Entities, and the AIA Entities hired Mr. Munding to represent them in that litigation. *See id.* at 17. That litigation resulted in entry of a judgment against AIA Entities "in excess of $12,000,000" pursuant to a settlement agreement. *Id.* at 23. Plaintiff asserts that Mr. Munding, in the course of his representation of the AIA Entities, committed malpractice, acted despite a conflict of interest, and breached fiduciary duties owed to the AIA Entities, including affirmative duties to disclose information to shareholders, and "aided and abetted" AIA Entities officers in breaching fiduciary duties. *Id.* at 5−60.

Plaintiff characterizes this action as "a classic example of an attorney who placed his interests in earning fees above the interests of two of his clients, the AIA Entities, thereby committing numerous torts and violating numerous Rules of Professional Conduct ('RPC')." ECF No. 23 at 4 (underlining in original). Plaintiff summarizes the factual basis for his claims as follows:

> [T]he Defendants undertook to impermissibly represent the AIA Entities and other defendants when AIA Services and AIA Insurance (collectively herein the 'AIA Entities') had materially adverse interests to those of the Defendants' other clients and with full knowledge that the AIA Entities were being improperly operated. Rather than seeking to extricate the AIA Entities from any indebtedness under their unauthorized and illegal guarantees, the Defendants ignored their duties owed to the AIA Entities and allowed John Taylor to enter into an unauthorized and illegal Settlement Agreement, which was concealed from the AIA Entities and their shareholders.

ECF No. 23 at 4−5 (internal citations to Amended Complaint omitted).

## MOTION TO STRIKE

As a preliminary matter, during oral argument the Court denied as moot Plaintiff's request to strike a declaration and exhibit that Defendants had filed contemporaneously with their motion to dismiss Plaintiff's initial complaint, ECF Nos. 8 and 9. The Court found the issue moot after Plaintiff filed his First Amended Complaint. *See* ECF No. 26. Those documents are not part of the record concerning Defendants' instant motion to dismiss Plaintiff's amended complaint.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 4

Plaintiff also seeks to strike the "Declaration of John Munding," and attached exhibits, submitted by Defendants in support of their motion to dismiss, as well as portions of the motion to dismiss itself. ECF Nos. 19, 20, and 22.

In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court normally confines its review to the complaint and does not consider extrinsic materials such as facts presented in briefs, affidavits, or discovery materials. *In re American Continental Corp./Lincoln Sav. & Loan Securities, Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *reversed on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Under Rule 12(d), subject to two exceptions set forth below, if "matters outside the pleadings are presented to and not excluded by the court," the Court must convert the motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 and give "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

It is proper for a court to consider exhibits submitted with the complaint and documents whose contents are alleged in the complaint when their authenticity is not questioned. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). In addition, a court may take judicial notice under Federal Rule of Evidence 201 of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 689. Court documents already in the public record and

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 5

documents filed in other courts are appropriate subjects of judicial notice. *Anderson v. Holder*, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012). However, a court may not take judicial notice of a fact that is "subject to reasonable dispute." *Lee*, 250 F.3d at 689.

### Declaration of Plaintiff Mr. Munding

Defendants assert that the Court may consider Mr. Munding's declaration, ECF No. 20, in resolving the instant motion to dismiss because the declaration is "integral" to the claims raised by Plaintiff in the amended complaint. ECF No. 27 at 9.

Although Mr. Munding's declaration adds detail and his own perspective regarding events referred to in Plaintiff's amended complaint, the contents of his declaration are not alleged in the amended complaint. In addition, the Court cannot take judicial notice of the statements in the declaration because the accuracy of Mr. Munding's statements cannot be characterized as beyond dispute. Therefore, the Court cannot consider the declaration without converting the motion to dismiss into a motion for summary judgment, which it declines to do. Fed. R. Civ. P. 12(d). Therefore, the declaration is stricken.

### Copy of California docket

Plaintiff objects to the Court taking judicial notice of the portions of the docket that Defendants submitted at Exhibit A, ECF No. 20-1, arguing that the entire docket should be submitted rather than a portion. ECF No. 22 at 10. Plaintiff also

disputes that the docket verifies the issuance of a final judgment in the Central District of California litigation, the purpose for which Defendants submitted it. *Id.*

Defendants maintain that the exhibit is admissible and argue that Plaintiff does not adequately expand upon any assertion that the exhibit is inauthentic, inaccurate, or inadmissible. ECF No. 27 at 10. As provided by Federal Rule of Evidence 106, "[i]f a party introduces all or part of a writing . . . , an adverse party may require the introduction . . . of any other part . . . that in fairness ought to be considered at the same time." The Court agrees that the partial copy of the docket from the Central District of California is inappropriate to consider at this time. Therefore, the Court strikes ECF No. 20-1 from the docket and does not consider it for purposes of resolving Defendants' motion to dismiss.

<u>Copy of September 6, 2013 email from Plaintiff's counsel Mr. Bond regarding intervention in the California litigation; copy of minutes from California litigation; copy of August 13, 2014 email from Mr. Bond; and copy of January 13, 2016 email from Mr. Bond</u>

With respect to the remaining attachments to Mr. Munding's declaration, ECF Nos. 20-2 through 20-5, Plaintiff disputes the authenticity and/or the admissibility of the documents and maintains that they should not be considered unless the motion to dismiss is converted into a summary judgment motion under Rule 12(d). Defendants argue that the documents are admissible on various grounds and posit that Plaintiff "does not explain to this Court why" he disputes the authenticity,

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 7

accuracy, and admissibility of the attached exhibits. The Court concludes that the appropriate approach, short of converting Defendants' motion to dismiss into a motion for summary judgment, is to strike the exhibits at ECF Nos. 20-2, 20-3, 20-4, and 20-5 for falling outside of the narrow exceptions to Rule 12(d). Therefore, the Court does not consider the exhibits for purposes of resolving Defendants' motion to dismiss.

<u>Portions of Defendants' motion to dismiss</u>

Plaintiff argues that the Court should strike portions of Defendants' briefing that: "(1) is unsupported by authority; (2) exceeds the briefing page limits without having obtained prior approval; and (3) relies upon matters outside of the pleadings." ECF No. 22 at 10. Defendants' motion to dismiss exceeded the allowable page limit by one page. LCivR 7(f); *see* ECF No. 19 (21-page memorandum). The Court has discretion in deciding what it will consider in overlength briefs, and will not strike Defendants' motion to dismiss on the basis of submitting one page over the briefing length.

Plaintiff further argues that the portion of Defendants' motion arguing for application of res judicata should be stricken because Defendants rely on briefing submitted in litigation in the United States District Court, District of Idaho, submitted with Defendants' first motion to dismiss, and, therefore, allegedly "assert an additional 22 pages of briefing." ECF No. 22 at 9 (referring to ECF No. 8-15). The Court also declines to strike any portion of Defendants' motion on this basis.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 8

However, the Court will not consider the exhibit submitted at ECF No. 8-15 as part of the record for the current motion because it was submitted in support of Defendants' first motion to dismiss, which, as discussed above, the Court already denied as moot, so it is not part of the current record. *See* ECF No. 26.

Therefore, the Court grants in part, denies in part, and denies as moot in part Plaintiff's motion to strike as set forth above.

## MOTION TO DISMISS

The Munding Defendants move to dismiss Plaintiff's amended complaint on the grounds that: (1) Plaintiff states insufficient facts alleging antagonism to support aligning the AIA Entities solely as Defendants in this action, thereby failing to establish diversity jurisdiction; (2) the amended complaint includes an inadequate demand under Federal Rule of Civil Procedure 23.1; (3) the doctrine of res judicata precludes the instant lawsuit, based on Plaintiff's alleged failure to timely intervene in the California litigation; (4) the relevant statute of limitations, whether from Idaho, Washington, or California, bars any of Plaintiff's claims stating legal malpractice because Plaintiff instituted this action more than three years after the relevant judgment in the California litigation; and (5) Plaintiff deficiently pleaded his unfair or deceptive act or practice claim under the Washington Consumer Protection Act. ECF Nos. 19 and 28.

/ / /

/ / /

*Legal Standards*

Defendants move to dismiss Plaintiff's amended complaint "pursuant to Fed. R. Civ. P. 12(b)(1), (3), (6), and 23.1[.]" ECF No. 19 at 2. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . . ." Fed. R. Civ. P. 8(a)(2). A derivative complaint must "state with particularity":

> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
> (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b)(3).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

"All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and need not be accepted as true. *Iqbal*, 556 U.S. at 679 ("Rule 8 marks a notable and generous departure from the hypertechnical code-pleading regime of a

prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations through either a "facial" or "factual" attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6), accepting plaintiff's allegations as true and drawing reasonable inferences in plaintiff's favor, to determine whether plaintiff's allegations are sufficient as a matter of law to establish jurisdiction. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). When a defendant instead raises a factual attack, contesting the truth of plaintiff's allegations, the court often looks to evidence outside of the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039. In any case, the party asserting subject matter jurisdiction bears the burden of proving its existence. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

### *Rule 23.1 Notice*

Rule 23.1 provides the pleading standard for derivative actions in federal court, requiring "any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members" to be stated with particularity. *See Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008). However, the substantive rules for determining whether a plaintiff has satisfied that standard, and whether a pre-litigation demand should be excused

for futility, are a matter of state law. *Rosenbloom v. Pyott*, 765 F.3d 1137, 1148 (9th Cir. 2014); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). District courts must follow the substantive law, including choice-of-law rules, of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Washington State, "[s]hareholder claims involving a corporation's internal affairs are governed by the law of the state in which the corporation was incorporated." *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 718 (Wash. Ct. App., Div. 1, 2008). Consequently, this Court must follow Idaho law, because the AIA Entities are incorporated under Idaho law according to the amended complaint. ECF No. 10 at 7−8.

Idaho law does not recognize a futility exception to the demand requirement. *Kugler v. Nelson*, 160 Idaho 408, 415 (Idaho 2016). Rather "[n]o shareholder may commence a derivative proceeding until":

> (1) A written demand has been made upon the corporation to take suitable action; and
> (2) Ninety (90) days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the ninety (90) day period.

Idaho Code § 30-29-742.

Plaintiff's amended complaint recites that Plaintiff provided a "comprehensive written demand" to the "purported boards of directors of AIA Services and AIA Insurance" that the AIA Entities:

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 12

> [p]ursue all possible claims and defenses, and seek the maximum damages, against . . . any other party or entity named in this derivative demand, including, without limitation, all possible tort claims (including, without limitation, aiding and abetting in the commission of torts against AIA), contract claims, declaratory relief, injunctive relief, and punitive damages based on all acts, omissions, concealments, and failure to disclose through the date of this letter and for the foregoing which continues past the date of this letter. Without limiting the foregoing and so there is no confusion (even though you are well aware of the facts, lawsuits and legal issues as having full access to information at AIA and the [sic] most of the Combined Defendants), more specific examples are included below and demand is hereby made to take action against those parties and any of the other Combined Defendants to recover damages based on any of such specific examples.
>
> . . .
>
> [p]ursue all possible claims against . . . any other persons or entities named in this derivative demand requiring them to disclose any and all agreements, deeds, deeds of trust, mortgages, settlements, settlement agreements and/or other instruments, whether oral or written, with GemCap or any of its agents or assigns, including, without limitation, any agreements and instruments relating in any way to any sums and/or property owed, borrowed, transferred and/or pledged or promised to GemCap[.]
>
> . . .
>
> [p]ursue all possible claims against . . . any other responsible party for all damages relating to all payments made directly or indirectly from AIA to the attorneys and law firm[] of . . . Crumb & Munding . . . and any other law firm (including for declaratory relief that no further sums are owed by AIA to any of the foregoing and that any fee agreements or conflict waivers are void), as such payments should never have been made, were never authorized by AIA, were not properly incurred or necessary for AIA, were never authorized by AIA's shareholders after full disclosure was made, and involved the attorneys and law firms taking action or performing work not in the best interests of AIA and/or in violation of the duty of loyalty owed to AIA. Demand is further made to pursue all possible claims, including, without limitation, for the disgorgement of all fees, costs and expenses paid or discharge of any debts allegedly owed, to any of the foregoing attorneys, law firms, and/or attorneys working at such law firms to the extent that they represented AIA based on conflicts of interest, breached fiduciary

duties (including the duty of loyalty), and malpractice. . . . In addition, demand is made to assert all possible claims against the foregoing parties for participating and/or allowing AIA to be improperly utilized to fund the defense and prosecution of lawsuits which were not in AIA's best interests, but were instead pursued based on the interests of the Controlling AIA Defendants.

. . .

[p]ursue all possible claims against John Munding and Crumb & Munding (or such other firm Mr. Munding is operating through) for malpractice, breach of fiduciary duties and to disgorge all attorneys' fees, costs and expenses paid to them directly or indirectly by AIA for the California Lawsuit as Mr. Munding intentionally violated his duties owed to AIA, including, without limitation, his duties of loyalty owed to AIA and by taking direction and action benefitting other defendants (including John's) and placing their interests in front of AIA and by representing CropUSA, AIA and other parties when there were conflicts of interest in doing so and Mr. Munding knew that he could not properly represent AIA's interests and when he had no intention of doing so. Demand is further made to pursue all possible claims against Mr. Munding and Crumb & Munding for improperly failing to assert that the guarantees and settlement agreements entered into by AIA were not authorized and were thus illegal or ultra-vires and by allowing AIA to enter into them in the first place. Mr. Munding places his interests in earning fees ahead of AIA's interests.

. . .

[p]ursue all possible claims against . . . any other parties identified above to recover any attorneys' fees and costs incurred in any lawsuit or litigation directly or indirectly involving AIA.

. . .

[t]o the extent that the conduct and claims discussed above continues after this derivative demand, to pursue all possible claims based on all future action based upon the same or similar acts, omissions, conduct, claims and damages.

*Id.* at 42−43.

and, in a second demand:

> [p]ursue all possible claims against . . . any and all of the parties listed above [(including John Munding, Crumb & Munding, or any law firm Mr. Munding may be operating through)] for concealing from AIA the facts, conflicts and failing to disclose all necessary facts and claims.

*Id.* at 44.

Defendants argue that it "is impossible to tell what legal claims are contemplated by the demand letter." ECF No. 19 at 7. The Court agrees that Plaintiff's derivative demands, as replicated in Plaintiff's amended complaint, do not sufficiently describe the "suitable action" to satisfy notice under Idaho Code § 30-29-742, that Plaintiff demanded that the AIA Entities take action on their own behalf. Each and every passage of the demand letters that Plaintiff included in his amended complaint, ostensibly to show statutory standing under Rule 23.1, states claims in terms of "all possible claims" or similarly generic, conclusory, language, rather than describing with particularity the claims for relief sought and the factual bases for those claims as required by Rule 23.1's pleading requirements. *See Shenk v. Karmazin*, 867 F.Supp.2d 379, 382 (S.D.N.Y. 2011) (interpreting Delaware law and Rule 23.1(b) to require a plaintiff to "state with particularity how he has identified the wrongdoers, wrongful acts, and harms on which he bases his demand for action."). Plaintiff argues that United States Magistrate Judge Candy Dale in the District of Idaho found "the same demand letters" to be sufficient. ECF No. 23 at 8. However, there are insufficient allegations before this Court to understand the

context of what that lawsuit entailed in comparison to the lawsuit here, and whether Judge Dale addressed the same demand language as is at issue here.

Accordingly, Plaintiff's amended complaint fails to provide specific information from which the Court can conclude that Plaintiff has established statutory standing under Rule 23.1.

*Alignment*

Subject matter jurisdiction may be challenged "at any time," either by the parties or by the court sua sponte. Fed. R. Civ. P. 12(h)(3). For purposes of determining whether diversity of citizenship exists in a shareholder derivative lawsuit, the general rule is that a corporation is "properly realigned as a plaintiff since it is the real party in interest" and stands to benefit from the suit. *Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987) (citing *Koster v. (American) Lumbermans Mut. Casualty Co.*, 330 U.S. 518, 522−23 (1947)); *see also Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008).

However, a well-settled exception to the general rule applies when a corporation is "in antagonistic hands." *Koster*, 330 U.S. at 523 (citing *Doctor v. Harrington*, 196 U.S. 579 (1905)). The Supreme Court has recognized that antagonism is present "whenever the management is aligned against the stockholder and defends a course of conduct which [the stockholder] attacks." *Smith v. Sperling*, 354 U.S. 91, 95 (1957). "The [complaint] and answer normally determine whether the management is antagonistic to the stockholder." *Id.* at 96. To qualify as

"antagonistic" the corporation must do more than decline the remedies that the shareholder has demanded through his derivative demand. *See Diversity of citizenship, for purposes of federal jurisdiction, in stockholders' derivative action*, 68 A.L.R.2d 824 at *9a (West Group 2005).

Just as Plaintiff's Rule 23.1 demand was insufficiently pleaded, Plaintiff's jurisdictional allegations also fall short on the basis that they are conclusory and fail to offer "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Plaintiff alleges only that the "purported boards of directors" of the AIA Entities "refused to take action" as demanded in Plaintiff's derivative demand letters. ECF No. 10 at 45. Plaintiff failed to point the Court to any authority supporting that declining to take the demanded action, alone, is enough to establish the corporation as antagonistic. The extensive authority reviewed by the Court supports otherwise. *See* 68 A.L.R.2d 824 at *9a (collecting cases). The Court finds that Plaintiff has not alleged sufficient factual matter to elucidate whether "'management is aligned against the stockholder and defends a course of conduct which he attacks,' *Smith*, 354 U.S. at 95, or merely where 'management—for good reasons or for bad—is definitely and distinctly opposed to the institution of [the derivative] litigation,' *Swanson [v. Traer* 354 U.S. 114, 116 (1957)]." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d at 1235.

Plaintiff argues that diversity exists in this matter regardless of how the corporation is aligned. *See* ECF No. 23 at 10. However, a complaint that does not

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 17

allege with sufficient specificity information to determine proper alignment is untenable. *See Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute.") (internal quotation omitted). Therefore, the Court finds that Plaintiff's allegations are insufficient to determine proper alignment as a matter of law and to establish jurisdiction. *Pride*, 719 F.3d at 1133.

Subject matter jurisdiction is a threshold issue. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (observing that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Although the Court has serious concerns going to the merits of Plaintiff's claims, particularly whether the legal malpractice claim can survive the challenge of an expired statute of limitation or whether the legal malpractice claim is subject to the Washington Consumer Protection Act, the Court does not reach the numerous other arguments raised by Defendants in their motion to dismiss because Plaintiff has not established subject matter jurisdiction.

At this stage, having determined that subject matter jurisdiction has not been established, dismissal without prejudice is appropriate. If this case is refiled, the Court encourages the parties to submit any future dispositive motions in a summary

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 18

judgment posture unless the parties intend for the Court's examination to rely solely on the complaint. *See* Fed. R. Civ. P. 56 and LCivR 56. In addition, the parties are instructed to refile any documents that they want the Court to consider in connection with any newly filed motion and not refer the Court to documents filed with dispositive motions that the Court previously resolved.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Strike, **ECF No. 22**, is **GRANTED IN PART, DENIED IN PART,** and **DENIED AS MOOT IN REMAINING PART**. The Court strikes and does not consider the declaration and exhibits that the Munding Defendants submitted in support of the motion to dismiss. ECF No. 20. However, the Court does not find a basis to strike portions of Defendant's motion to dismiss. ECF No. 19. The remaining documents that Plaintiff seeks to strike were submitted in response to Defendants' first motion to dismiss Plaintiff's original complaint, which the Court denied as moot after Plaintiff filed the amended complaint, and therefore are not part of the current record. *See* ECF Nos. 8, 9, and 26.

2. Although the Court is not striking any portions of Defendants' motion to dismiss for failing to abide by the Local Rules, all counsel are directed to adhere to the mandates of the Local Civil Rules and the Federal Rules of Civil Procedure.

3. The Munding Defendants' Motion to Dismiss, **ECF No. 19**, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims are **dismissed**

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE ~ 19

**without prejudice** for insufficient pleading regarding federal jurisdiction and statutory standing to raise derivative claims.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel, and **close this case**.

**DATED** March 28, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
